1   HAROLD M. BRODY State Bar No. 84927
    hbrody@proskauer.com
2   JEREMY M. MITTMAN, State Bar No. 248854
    jmittman@proskauer.com (N.D. Cal. admission pending)
3   PROSKAUER ROSE LLP
    2049 Century Park East, 32nd Floor
4   Los Angeles, CA 90067-3206
    Telephone:   (310) 557-2900
5   Facsimile:   (310) 557-2193

6   PROSKAUER ROSE LLP
    BETTINA B. PLEVAN (Pro Hac Vice Pending)
7   JOSHUA F. ALLOY (Pro Hac Vice Pending)
    1585 Broadway
8   New York, NY 10036-8299
    (212) 969-3000
9   (212) 969-2900 (fax)

10
    Attorneys for Defendants,
11  BRISTOL-MYERS SQUIBB COMPANY;
    E.R. SQUIBB & SONS, LLC
12
                    UNITED STATES DISTRICT COURT
13
                  NORTHERN DISTRICT OF CALIFORNIA
14

15  KIN FUNG, on behalf of himself and others   )   Case No.
    similarly situated,                         )
16                                              )
                        Plaintiffs,             )   **NOTICE OF REMOVAL OF CIVIL**
17                                              )   **ACTION FROM THE SUPERIOR**
                   v.                           )   **COURT OF THE STATE OF**
18                                              )   **CALIFORNIA FOR THE COUNTY OF**
    BRISTOL-MYERS SQUIBB COMPANY;               )   **ALAMEDA; DECLARATION OF**
19  E.R. SQUIBB & SONS, LLC; and DOES 1 to 50,  )   **HAROLD M. BRODY IN SUPPORT**
    Inclusive,                                  )   **THEREOF**
20                                              )
                        Defendants.             )   (Alameda County Superior Court Case No.
21                                              )   RG07333147)
                                                )
22                                              )
                                                )
23                                              )

24

25

26

27

28

─────────────────────────────────────────────

REMOVAL OF CIVIL ACTION FROM THE SUPERIOR COURT OF THE STATE OF
CALIFORNIA FOR THE COUNTY OF ALAMEDA

1    TO THE CLERK OF THE ABOVE-ENTITLED COURT:

2          PLEASE TAKE NOTICE that defendants BRISTOL-MYERS SQUIBB COMPANY and

3    E.R. SQUIBB & SONS, LLC; ("Defendants") hereby remove to this Court the state court action

4    described below:

5          1.      On June 28, 2007, an action was commenced in the Superior Court of California,

6    County of Alameda, entitled *Kin Fung, on behalf of himself and others similarly situated,*

7    *Plaintiffs v. Bristol-Myers Squibb Company, E.R. Squibb & Sons, LLC; and Does 1 to 50,*

8    *Inclusive, Defendants*, Case No. RG07333147. (Brody Decl., ¶ 2.)

9          2.      On July 20, 2007, service of the Summons and Complaint was effected via service

10   on Defendants' registered agent.  True and correct copies of the Summons and Complaint are

11   attached as Exhibit A.  (Brody Decl. ¶ 3, Ex. A.)

12         3.      This Notice of Removal is being filed within 30 days of the date the Complaint

13   was properly served on Defendants, July 20, 2007.  Thus, it is timely filed pursuant to 28 U.S.C.

14   § 1446(b).  (Brody Decl., ¶ 4, Ex. A.)

15         4.      On August 8, 2007, Defendants filed an Answer to the Complaint in the Alameda

16   County Superior Court.  A true and correct copy of the Answer is attached as Exhibit B.  (Brody

17   Decl., ¶ 5, Ex. B.)

18         5.      Notice of this removal is being given both to the adverse party and to the state

19   court pursuant to 28 U.S.C. § 1446(d) .  A true and correct copy of the Notice to Adverse Party is

20   attached hereto as Exhibit C.  (Brody Decl., ¶ 6, Ex. C.)  A true and correct copy of the Notice to

21   State Court is attached hereto as Exhibit D.  (*Id.* at ¶ 6, Ex. D.)

22

23              **FIRST GROUND FOR REMOVAL:  DIVERSITY JURISDICTION**

24                   **(28 U.S.C. §§ 1332, 1441, 1446, 1367)**

25         6.      This is a civil action over which this Court has original jurisdiction under 28

26   U.S.C. § 1332, and one which may be removed to this Court pursuant to the provisions of 28

27   U.S.C. §1446(b).

28

                                    - 1 -

6289/14011-056
Current/9890239v7

1    7.    This Court has original jurisdiction under 28 U.S.C. § 1332 because Plaintiff and

2    Defendants are citizens of different states, and because the amount in controversy threshold is

3    met as follows:

4    8.    Diversity jurisdiction is met on the face of the Complaint. As alleged in the

5    Complaint, Plaintiff is a resident and citizen of the State of California. As correctly alleged in

6    the Complaint, Defendant Bristol-Myers Squibb Company was at the time of the filing of this

7    action, and still is, a Delaware corporation with its principal place of business in New York.

8    Defendant Bristol-Myers Squibb Company is therefore a citizen of Delaware and New York for

9    purposes of determining diversity jurisdiction. 28 U.S.C. § 1332(c)(1). Defendant E.R. Squibb &

10    Sons, LLC was at the time of the filing of this action, and still is, a duly formed limited liability

11    company that is wholly owned by Bristol-Myers Squibb Company. Defendant E.R. Squibb &

12    Sons, LLC is therefore a citizen of Delaware and New Jersey for purposes of determining

13    diversity jurisdiction. 28 U.S.C. § 1332(c)(1).

14    9.    As a result, Defendants are not now, nor were at the time of the filing of the

15    Complaint, citizens of the State of California within the meaning of the Acts of Congress relating

16    to the removal of cases.

17    10.    Plaintiffs also have named as defendants "Does 1 through Doe 50, inclusive."

18    Thus far, to Defendants' knowledge, none of the Doe defendants has been served. Regardless,

19    the citizenship of defendants sued under fictitious names is to be disregarded for the purposes of

20    determining diversity. *See* 28 U.S.C. § 1441(a).

21    11.    Although Plaintiff has not specified the precise amount of damages sought, the

22    nature of the claims he attempts to plead in the Complaint, including claims for failure to pay

23    wages, failure to pay overtime, failure to furnish wage statements, waiting time penalties

24    pursuant to California Labor Code § 203, failure to provide rest breaks and meal periods, and

25    violations of California Business and Professions Code § 17200, reveals that the amount in

26    controversy more likely than not exceeds the jurisdictional minimum of $75,000. *Abrego Abrego*

27    *v. Dow Chem. Co.*, 443 F.3d 676, 683 (9th Cir. 2006) (*citing Sanchez v. Monumental Life Ins.*

28

- 2 -

REMOVAL OF CIVIL ACTION FROM THE SUPERIOR COURT OF THE STATE OF
CALIFORNIA FOR THE COUNTY OF ALAMEDA

1   *Co.*, 102 F.3d 398, 403 (9th Cir. 1996)).

2        12.    Further, the various types of damages Plaintiff seeks, including compensatory

3   damages, attorneys' fees, interest, costs, waiting time penalties, and additional penalties pursuant

4   to the California Labor Code, demonstrate there is ample reason to conclude that the damages

5   sought are in excess of the jurisdictional minimum. *See Galt G/S v. JSS Scandinavia,* 142 F.3d

6   1150, 1156 (9th Cir. 1998) ("where an underlying statute authorizes an award of attorneys' fees,

7   either with mandatory or discretionary language, such fees may be included in the amount in

8   controversy"); *Goldberg v. CPC Int'l, Inc.*, 678 F.2d 1365, 1367 (9th Cir. 1982) (in determining

9   whether a complaint meets the $75,000 amount in controversy threshold, a court properly may

10  consider the value of claims for attorneys' fees as well as damages); *Bell v. Preferred Life*

11  *Assurance Soc'y*, 320 U.S. 238, 241 (1943) (amount in controversy requirement met if plaintiff

12  "might recover" award of compensatory and punitive damages in excess of amount in

13  controversy requirement); *Jackson v. Am. Bankers Ins. Co. of Fla.*, 976 F. Supp. 1450, 1453

14  (S.D. Ala. 1997) (appropriate measure of amount in controversy is the litigation value—

15  assuming all allegations of complaint are true and jury returns verdict for plaintiffs on all claims

16  made in the complaint).

17       13.    Although Defendants vigorously deny Plaintiff's factual allegations or that he or

18  the class that he purports to represent is entitled to relief of any type whatsoever, based on

19  Plaintiff's allegations and certain assumptions that Defendants anticipate that Plaintiff will argue

20  based on his claims stated in the Complaint, Plaintiff's damages exceed $75,000:

21            a.    Plaintiff claims that he is entitled to unpaid overtime pursuant to California

22  Labor Code § 510, Industrial Welfare Commission Wage Order 1-2001 and other applicable

23  Wage Orders. (Compl. ¶¶ 27(1), 32-34.) Defendants expect that Plaintiff will claim that his total

24  compensation for 2006 was approximately $133,000 and that therefore his "regular rate of pay"

25  is approximately $64/hour and his "premium" (or overtime or "time and a half") rate of pay is

26  approximately $96/hr. For purposes of this removal, Defendants assume that Plaintiff will claim

27  at least one hour of overtime per day, for a total of five days per week. Therefore, Defendants

28

REMOVAL OF CIVIL ACTION FROM THE SUPERIOR COURT OF THE STATE OF
CALIFORNIA FOR THE COUNTY OF ALAMEDA

1    expect that Plaintiff will argue that he is entitled to a minimum $480/week in unpaid overtime

2    ($96/hr x 5 hours = $480/week).  Multiplied by the approximately 72 weeks of his employment,

3    his alleged unpaid overtime would be approximately $34,560 (again, assuming only *one* hour of

4    overtime per day).

5            b.        Plaintiff claims that Defendants are liable for failing to furnish accurate

6    wage statements in violation of California Labor Code § 226(e), which provides for an initial

7    penalty of $50 and $100 for each subsequent violation. (Compl. ¶¶ 35-43.)  As wage statements

8    were furnished bi-weekly, Defendants expect that Plaintiff will argue that he is entitled to (($50

9    x1) + ($100 x 35)) = $3550 as a penalty for Defendants' alleged failure to furnish accurate wage

10    statements.

11            c.        Plaintiff also claims that he is entitled to "waiting time" penalties under

12    § 203 of the California Labor Code and is therefore entitled to a penalty in the amount of his

13    daily wage rate multiplied by 30 days.  (Compl. ¶¶ 44-47.)  Thus, Defendants anticipate that

14    Plaintiff will argue that he is entitled to $15,360 ($64/hr x 8 hours x 30 days) in waiting time

15    penalties.

16            d.        Plaintiff also claims that he is entitled to a one-hour penalty for rest period

17    violations and a one-hour penalty for meal period violations for each day.  (Compl., ¶¶ 58 -61).

18    Thus, Defendants expect Plaintiff to argue that he is entitled to: ($64/hr x 360 weekdays (5

19    weekdays days x 72 weeks of work) x 2) = $46,080.

20            e.        Therefore, Defendants anticipate that Plaintiff will argue that his individual

21    claims exceed $99,550, exclusive of attorneys' fees, costs, and interest.

22        14.      Consequently, if Plaintiff prevails on his claims in the Complaint, he will more

23    likely than not recover more than $75,000.  *See Jackson v. Am. Bankers Ins. Co. of Fla.*, *supra*,

24    976 F. Supp. at 1453.  This demonstrates that Plaintiff has placed in controversy an amount

25    exceeding the jurisdictional minimum.

26        15.      Therefore, the Court has original jurisdiction over the Complaint, and each alleged

27    cause of action contained therein, under 28 U.S.C. § 1332. The Complaint and the state court

28

- 4 -

REMOVAL OF CIVIL ACTION FROM THE SUPERIOR COURT OF THE STATE OF
CALIFORNIA FOR THE COUNTY OF ALAMEDA

1    action, therefore, may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441.

2    16.    Furthermore, under 28 U.S.C. § 1367, the court may exercise supplemental

3    jurisdiction over all of the putative class members' claims regardless of whether all plaintiffs

4    meet the amount in controversy requirement under diversity jurisdiction, so long as original

5    jurisdiction exists over at least one of the plaintiffs. *Exxon Mobil Corp v. Allapattah Services,*

6    *Inc.*, 545 U.S. 546, 558-59 (2005). Here, original jurisdiction exists over the named plaintiff, and

7    therefore the court may exercise supplemental jurisdiction over the claims of the putative class.

8

9    ## SECOND GROUND FOR REMOVAL:  CLASS ACTION REMOVAL ACT

10   ## (28 U.S.C. §§ 1332, 1441, 1446, 1453)

11

12   17.    This action also is removable under the Class Action Fairness Act, 28 U.S.C. §

13   1453(b), as one over which the Court has original jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)

14   because (i) it is a civil action, (ii) in which the matter in controversy exceeds the sum or value of

15   $5,000,000, exclusive of interest and costs, and (iii) is a class action in which any member of the

16   class of plaintiffs is a citizen of a State different from any defendant. 28 U.S.C. § 1332(d)(2)(A).

17   18.    Diversity jurisdiction is met on the face of the Complaint. As alleged in the

18   Complaint, Plaintiff is a resident and citizen of the State of California. As correctly alleged in

19   the Complaint, Defendant Bristol-Myers Squibb Company was at the time of the filing of this

20   action, and still is, a Delaware corporation with its principal place of business in New York, and

21   Defendant E.R. Squibb & Sons, LLC was at the time of the filing of this action, and still is, a

22   Delaware incorporated limited liability company with its principal place of business in New

23   Jersey.

24   19.    Plaintiffs also have named as defendants "Does 1 through Doe 50, inclusive."

25   Thus far, to Defendants' knowledge, none of the Doe defendants has been served. Regardless,

26   the citizenship of defendants sued under fictitious names is to be disregarded for the purposes of

27   determining diversity. *See* 28 U.S.C. § 1441(a).

28

- 5 -

REMOVAL OF CIVIL ACTION FROM THE SUPERIOR COURT OF THE STATE OF
CALIFORNIA FOR THE COUNTY OF ALAMEDA

1       20.     The amount in controversy exceeds $5,000,000 exclusive of interest and costs

2  because:

3       a)     Plaintiff's Complaint pleads no specific amount of damages.  Under

4  California law, it is thus presumed to be pled as an unlimited civil case for which the amount in

5  controversy exceeds $25,000. *Abrego Abrego, supra,* 443 F.3d at 682-83, 687 (citing, among

6  others, Cal. Civ. Proc. Code § 422.30(b)) ("In a limited civil case, the caption shall state that the

7  case is a limited civil case . . . .")  Although Plaintiff does not plead specific damages on behalf of

8  himself or the class members, the only plausible reading of the Complaint is that the damages

9  alleged on behalf of each putative member of the class exceeds $25,000.  Plaintiff alleges that the

10  class he seeks to represent consists of "as many as 250" employees and that "[a]ccounting for

11  employee turnover during the relevant periods necessarily increases the number substantially."

12  (Compl. ¶¶ 25-26.)  As Plaintiff pleads that his claims are identical in substance to the other class

13  members he seeks to represent, the only plausible reading of the Complaint is that Plaintiff alleges

14  that the damages sustained by each class member exceed the amount in controversy needed to

15  maintain an unlimited civil action, and consequently, the amount in controversy is at least

16  $6,250,000 ($25,000 x 250).

17       b)     Plaintiff alleges, *inter alia,* that for at least four years before he filed suit

18  Defendants failed to pay and/or provide him and the class he seeks to represent overtime

19  compensation, meal periods and rest periods, as required by the California Labor Code and Wage

20  Orders promulgated by the California Industrial Welfare Commission; Defendants failed to pay

21  employees who no longer work for Defendants all the wages to which they were entitled at the

22  time of the termination of their employment and that such failure was "willful" under California

23  Labor Code § 203; and Defendants failed to provide accurate wage statements in violation of

24  Labor Code § 226. (Compl. ¶¶ 27, 32-47, 58-61.)  Accordingly, Plaintiff, on behalf of himself and

25  each member of the class he seeks to represent, has made claims for: overtime damages for each

26  hour worked beyond eight hours in a day and/or forty hours in a week; one hour's pay for each

27  missed meal period and one hour's pay for each missed rest period; an award of 30 days' wages

28

- 6 -

6289/14011-056
Current/9890239v7

1  for each former employee who allegedly was not paid his or her full wages upon termination;

2  penalties up to $4,000 per employee; and attorneys' fees.

3       21.    From the above, and given that Defendants anticipate that Plaintiff will argue that

4  his annual compensation and hours worked are typical of the class and that his individual claims

5  exceed $99,550, exclusive of attorneys' fees, costs, and interest, it is more likely than not that the

6  amount in controversy requirement has been met, and the value of Plaintiff's claims on behalf of

7  the class he seeks to represent for lost wages, meal and rest period violations, waiting time

8  penalties, damages for failure to provide accurate wage statements, unfair business practices in

9  violation of the Business & Professions Code § 17200, and attorneys' fees, exceeds $5,000,000.

10  *See Abrego*, 443 F.3d at 683 (quoting *Sanchez v. Monumental Life Ins. Co., supra*, 102 F.3d at

11  404); *see also Bell v. Preferred Life Assurance Soc'y, supra*, 320 U.S. at 241 (amount in

12  controversy requirement met if plaintiff "might recover" award of compensatory and punitive

13  damages in excess of amount in controversy requirement); *Jackson v. Am. Bankers Ins. Co.,*

14  *supra*, 976 F. Supp. at 1453 (appropriate measures of amount in controversy is the litigation

15  value — assuming all allegations of complaint are true and jury returns verdict for plaintiffs on

16  all claims made in the complaint). And "[o]nce the proponent of jurisdiction has set out the

17  amount in controversy, only a 'legal certainty' that the judgment will be less forecloses federal

18  jurisdiction." *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 448-49 (7th Cir. 2005)

19  (citations omitted). "This standard applies to removed cases no less than to those initially filed in

20  federal court." *Id.* at 449. Thus, Plaintiff has placed in controversy an amount exceeding

21  $5,000,000, exclusive of interest and costs.

22       22.    Because this is a civil action in which the matter in controversy exceeds the sum

23  or value of $5,000,000 and is a class action in which any member of the class of plaintiffs is a

24  citizen of a State different from any defendant, the requirements for removal under 28 U.S.C.

25  §§ 1332(d)(2) and 1453(b) are satisfied.

26       23.    Therefore, the Court has original jurisdiction over the Complaint, and each alleged

27  cause of action contained therein, under 28 U.S.C. § 1332. The Complaint and the state court

28

- 7 -

REMOVAL OF CIVIL ACTION FROM THE SUPERIOR COURT OF THE STATE OF
CALIFORNIA FOR THE COUNTY OF ALAMEDA

1   action, therefore, may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1453.

2        24.    In the event this Court should have any questions about the propriety of removal

3   or may be inclined to remand this action, Defendants respectfully request that the Court issue an

4   order to show cause why the case should not be remanded, affording the parties an opportunity to

5   provide the Court with full briefing and argument.

6

7

8   DATED: August 9, 2007                     BETTINA B. PLEVAN
                                              HAROLD M. BRODY
9                                             JOSHUA F. ALLOY
                                              JEREMY M. MITTMAN
10
                                              PROSKAUER ROSE LLP
11

12
                                              Harold M. Brody
13
                                                   Attorneys for Defendants,
14                                            BRISTOL-MYERS SQUIBB COMPANY and
                                              E.R. SQUIBB & SONS, LLC
15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 8 -
REMOVAL OF CIVIL ACTION FROM THE SUPERIOR COURT OF THE STATE OF
CALIFORNIA FOR THE COUNTY OF ALAMEDA

**Declaration of Harold M. Brody**

### DECLARATION OF HAROLD M. BRODY

I, Harold M. Brody, declare as follows:

     1.    I am a partner in the law firm Proskauer Rose LLP, attorneys of record for Defendants BRISTOL-MYERS SQUIBB COMPANY and E.R. SQUIBB & SONS, LLC  in the above-captioned action.  I am admitted to practice in the State of California, and am also admitted to practice in the Northern District of California.  I am one of the attorneys responsible for the defense in this case.  Except as may be expressly noted below, I have first-hand knowledge of the facts set forth herein.

     2.    On June 28, 2007, an action was commenced in the Superior Court of California, County of Alameda, entitled *Kin Fung, on behalf of himself and others similarly situated, Plaintiffs v. Bristol-Myers Squibb Company, E.R. Squibb & Sons, LLC;  and Does 1 to 50, Inclusive, Defendants*, Case No. RG07333147.

     3.    On July 20, 2007, service of the Summons and Complaint was effected via service on Defendants' registered agent.  True and correct copies of the Summons and Complaint are attached as Exhibit A.

     4.    This Notice of Removal is being filed within 30 days of the date the Complaint was properly served on Defendants, July 20, 2007.  Thus, it is timely filed pursuant to 28 U.S.C. § 1446(b).

     5.    On August 8, 2007, Defendants filed an Answer to the Complaint in the Alameda County Superior Court.  A true and correct copy of the Answer is attached as Exhibit B.

     6.    Notice of this removal is being given both to the adverse party and to the state court pursuant to 28 U.S.C. § 1446(d).  A true and correct copy of the Notice to Adverse Party is attached hereto as Exhibit C.  A true and correct copy of the Notice to State Court is attached hereto as Exhibit D.

///

///

///

///

-9-

1    I declare under penalty of perjury under the laws of the United States of America that the

2    foregoing is true and correct to the best of my knowledge and belief and that this declaration was

3    executed this 9th day of August, 2007 at Los Angeles, California.

4

5

6

7    _____

8    Harold M. Brody

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 10 -

6289/14011-056
Current/9890239v7