EXHIBIT "A"

06/28/2007   09:59     8189902903          LAW OFFICES   7/20/07 2 28PM   PAGE  01/01

# SUMMONS
## (CITACION JUDICIAL)

SUM-100

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

BRISTOL-MYERS SQUIBB COMPANY;
E.R. SQUIBB & SONS, LLC;
and DOES 1 to 50, Inclusive

| FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
| --- |
| **FILED BY FAX**<br>**ALAMEDA COUNTY**<br>June 28, 2007<br>**CLERK OF**<br>**THE SUPERIOR COURT**<br>By Robbi McIntosh, Deputy |

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

KIN FUNG, on behalf of himself and
others similarly situated

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* | CASE NUMBER:<br>*(Número del Caso):* RG07333147 |
| --- | --- |

SUPERIOR COURT, COUNTY OF ALAMEDA-UNLIMITED
1225 FALLON ST.
P.O. Box 958
OAKLAND, CA 94612-4293
RENE C. DAVIDSON COURTHOUSE

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
KINGSLEY & KINGSLEY, APC
GEORGE R. KINGSLEY, ESQ. SBN-38022                    (818) 990-8300  fax (818) 990-2903
ERIC B. KINGSLEY, ESQ. SBN-185123
16133 VENTURA BL., SUITE 1200, ENCINO, CA 91436

| DATE:   June 28, 2007 | Clerk, by | Robbie McIntosh | , Deputy |
| --- | --- | --- | --- |
| *(Fecha)* | *(Secretario)* | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):* BRISTOL-MYERS SQUIBB COMPANY

under: ☐ CCP 416.10 (corporation)            ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
       ☐ other *(specify):*
4. ☐ by personal delivery on *(date):* 7/20/07

[SEAL] SUPERIOR COURT OF CALIFORNIA · COUNTY OF ALAMEDA

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Legal Solutions Plus

Code of Civil Procedure §§ 412.20, 465

1  KINGSLEY & KINGSLEY, APC
   GEORGE R. KINGSLEY, ESQ. SBN-38022
2  ERIC B. KINGSLEY, ESQ.  SBN-185123
   eric@kingsleykingsley.com
3  DARREN M. COHEN, ESQ.   SBN-221938
   16133 VENTURA BL., SUITE 1200
   ENCINO, CA 91436
4  (818) 990-8300, FAX (818) 990-2903

5  SPIRO MOSS BARNESS
   IRA SPIRO, ESQ. SBN-67641
6  ira@spiromoss.com
   GREGORY N. KARASIK, ESQ. SBN-115834
7  11377 W. OLYMPIC BL., 5TH FLOOR
   LOS ANGELES, CA 90064
8  (310) 235-2468; FAX (310) 235-2456

9  DAVID W. SANFORD (PRO HAC VICE PENDING)
   dsanford@nydclaw.com
10 MEENOO CHAHBAZI, CA BAR NO. 233985
   MCHAHBAZI@NYDCLAW.COM
11 SANFORD, WITTELS & HEISLER, LLP
   1666 CONNECTICUT AVE., NW, SUITE 310
12 WASHINGTON, D.C. 20009
   (202) 742-7777; FAX (202) 742-7776

13 GRANT MORRIS (PRO HAC VICE PENDING)
   GRANTEMORRIS@GMAIL.COM
14 LAW OFFICES OF GRANT MORRIS
   1666 CONNECTICUT AVE., NW, SUITE 310
15 WASHINGTON, D.C. 20009
   (202) 742-7783; FAX (202) 742-7776

16 Attorneys for Plaintiffs

17

18                SUPERIOR COURT OF THE STATE OF CALIFORNIA

19                     FOR THE COUNTY OF ALAMEDA

20 KIN FUNG, on behalf of himself    )   CASE NO.:
   and others similarly situated,    )
21                                    )   CLASS ACTION COMPLAINT FOR:
              Plaintiffs,             )
22                                    )   1. Failure to Pay Overtime
        v.                            )   2. Violation of Labor Code
23                                    )      §226(a)
   BRISTOL-MYERS SQUIBB COMPANY;      )   3. Penalties Pursuant to
24 E.R. SQUIBB & SONS, LLC;           )      Labor Code §203
   and DOES 1 to 50, Inclusive,       )   4. Violation of Business &
25                                    )      Professions Code §17200
                                      )      (Overtime)
26            Defendants.             )   5. Violation of Business &
                                      )      Professions Code §17200
27 _____    )      (Meal)
                                      )   6. Violation of Business &
28                                        Professions Code §17200
                                          (Rest)

                              1

                    CLASS ACTION COMPLAINT

FILED BY FAX
ALAMEDA COUNTY
June 28, 2007
CLERK OF
THE SUPERIOR COURT
By Robbi McIntosh, Deputy

CASE NUMBER:
RG07333147

1  Plaintiff **KIN FUNG** on behalf of himself and all others
2  similarly situated, complain of defendants, and each of them, as
3  follows:

4  I

5  INTRODUCTION

6  1.  This is a Class Action, pursuant to  Code of Civil
7  Procedure §382, on behalf of plaintiff and a Proposed Class.  The
8  Class consists of all Senior Territory Business Managers, or similar
9  positions, employed by defendant BRISTOL-MYERS SQUIBB COMPANY and
10  E.R. SQUIBB & SONS, LLC. (hereinafter referred to as "BRISTOL") and
11  any subsidiaries or affiliated companies doing business in the State
12  of California.

13  2.  For at least four (4) years prior to the filing of this
14  action and through to the present, defendants have had a consistent
15  policy of failing to pay overtime to Senior Territory Business
16  Managers in violation of California state wage and hour laws.
17  Plaintiff and others were required to work more than eight (8) hours
18  per day and/or forty (40) hours per week without receiving the
19  proper overtime compensation.

20  3.  For at least four (4) years prior to the filing of this
21  action and through to the present, defendants have had a consistent
22  policy of failing to provide Senior Territory Business Managers an
23  accurate itemized wage statement in violation of California state
24  wage and hour laws.

25  4.  Plaintiffs, on behalf of themselves and all Class Members,
26  bring this action pursuant to Labor Code §§201, 202, 203, 226,
27  226.7, 510, 558, 1194, 1197, and 1199, and California Code of
28  Regulations, Title 8, Section 11010 seeking unpaid overtime,

2

penalties, injunctive and other equitable relief, and reasonable attorneys' fees and costs.

5.    Plaintiffs, on behalf of themselves and all Class Members, pursuant to Business & Professions Code §§17200-17208, also seek injunctive relief, restitution, and disgorgement of all benefits defendants enjoyed from their failure to pay overtime and rest and meal period compensation.

## II

## PARTIES

### A.    Plaintiffs

6.    Venue as to each defendant is proper in this judicial district, pursuant to Code of Civil Procedure §395. Defendants operate in the state of California under the names BRISTOL-MYERS SQUIBB COMPANY and E.R. SQUIBB & SONS, LLC.  Many of these employees are located in Alameda County, California. The unlawful acts alleged herein have a direct effect on plaintiff and those similarly situated within the State of California and within Alameda County. Defendants employ numerous Class Members in Alameda County.

7.    Plaintiff KIN FUNG is a resident of California.

8.    As an Senior Business Territory Manager, plaintiff was regularly required to:

(1)    Work in excess of eight (8) hours in a workday and/or forty (40) hours in a workweek without compensation at the rate of time and one-half (1 1/2) of the regular rate of pay;

(2)    Work without being provided a minimum ten (10) minute rest period for every four (4) hours or major fraction thereof worked and not being compensated one (1) hour of pay at his regular rate of compensation for each workday that a rest period was not

3

1  provided;

2       (3)  Work in excess of five (5) hours per day without

3  being provided a meal period and not being compensated one (1) hour

4  of pay at the regular rate of compensation for each workday that a

5  meal period was not provided or provided after five (5) hours, all

6  in violation of California labor laws, regulations, and Industrial

7  Welfare Commission Wage Orders; and

8       (4)  Work without being provided an accurate itemized wage

9  statement as required by California Labor Code and Wage Orders.

10  B.   **Defendants**

11      9.  Defendant BRISTOL-MYERS SQUIBB COMPANY is a Delaware

12  corporation with its principal place of business in New York.

13  Defendant E.R. SQUIBB & SONS, LLC is a Delaware corporation, with

14  its principal place of business in New Jersey. Defendants employed

15  plaintiff and similarly situated persons as Senior Territory

16  Business Managers within California and Alameda County.

17      10.  The true names and capacities, whether individual,

18  corporate, associate, or otherwise, of defendants sued herein as

19  DOES 1 through 50, inclusive, are currently unknown to plaintiff,

20  who therefore sues defendants by such fictitious names under Code

21  of Civil Procedure §474.  Plaintiff is informed and believes, and

22  based thereon allege, that each of the defendants designated herein

23  as a DOE is legally responsible in some manner for the unlawful acts

24  referred to herein.  Plaintiff will seek leave of court to amend

25  this Complaint to reflect the true names and capacities of the

26  defendants designated hereinafter as DOES when such identities

27  become known.

28  ///

4

CLASS ACTION COMPLAINT

11.  Plaintiff is informed and believes, and based thereon allege, that each defendant acted in all respects pertinent to this action as the agent of the other defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each defendant are legally attributable to the other defendants.  Furthermore, defendants in all respects acted as the employer and/or joint employer of plaintiff and the Class.

III

FACTUAL BACKGROUND

12.  Plaintiff and other Senior Business Territory Managers work in "exempt positions" and have not been paid, during the relevant liability, the legal overtime rate of pay pursuant to Labor Code §510, Industrial Welfare Commission Wage Order 1-2001 and other applicable Wage Orders.  They were improperly classified as exempt due to their title.

13.  Plaintiff and Class, and at all times pertinent hereto, have been non-exempt employees within the meaning of the California Labor Code, and the implementing rules and regulations of the IWC California Wage Orders.

14.  During the hourly and overtime liability period, the named plaintiff and members of the Class were employed by defendants and erroneously paid on a salary basis despite working more than eight (8) hours per day and/or forty (40) hours per week.

15.  During the rest and meal period liability period, plaintiff and the members of the Class were regularly required to work in excess of three and one-half hours (3 1/2) without being provided a rest period and were regularly required to work in excess of five (5) hours per day, without being provided a meal period.

5

CLASS ACTION COMPLAINT

16.   Defendants did not fully compensate plaintiff and the Class for overtime wages during the overtime liability period and did not compensate for the failure to provide rest periods and meal periods during the rest and meal period liability period.

17.   Defendants' requirement that plaintiff and the Class work all hours at the regular rate, work through meal and rest periods without paying legal compensation for failure to provide rest or meal periods during the liability periods was willful and deliberate.

18.   Defendants willfully failed to pay one hours wages in lieu of rest and meal periods, when each employee quit or was discharged.

19.   Defendants willfully failed to pay overtime wages to plaintiff and for the Class at the time he/they quit or were discharged.

20.   Defendants have failed to comply with Industrial Welfare Commission ("IWC") Wage Order 1-2001(7) by failing to maintain time records showing when the employee begins and ends each work period, meal periods, and total daily hours worked by itemizing in wage statements all deductions from payment of wages and accurately reporting total hours worked by plaintiff and the members of the proposed Class.

21.   Plaintiff and the Class are covered by California Industrial Welfare Commission Occupational Wage Order Nos. 1-2001, 1-2000, 1-1998, California Industrial Welfare Commission in No. 1 (Title 8 Cal. Code of Reg. §§11010).

///

///

///

6

06/28/2007  08:18    8189902903          LAW OFFICES                           PAGE  08/20

## IV

## CLASS ACTION ALLEGATIONS

22.  Plaintiff brings this action on behalf of himself and all others similarly situated as a Class Action pursuant to §382 of the Code of Civil Procedure.  Plaintiff seeks to represent a class composed of and defined as follows:

> All persons who are employed or have been employed by defendants in the State of California who, within four (4) years of the filing of this action, have worked as an Senior Business Territory Manager.

23.  Plaintiff reserves the right under Rule 1855(b), California Rules of Court, to amend or modify the Class description with greater specificity or further division into subclasses or limitation to particular issues.

24.  This action has been brought and may properly be maintained as a class action under the provisions of §382 of the Code of Civil Procedure because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable.

**A.    Numerosity**

25.  The potential members of the Class as defined are so numerous that joinder of all the members of the Class is impracticable.  While the precise number of Class Members has not been determined at this time, plaintiff is informed and believes that defendants currently employ, and during the relevant time periods employed, as many as 250 Senior Business Territory Managers.

26.  Accounting for employee turnover during the relevant periods necessarily increases this number substantially.  Plaintiff alleges defendants' employment records would provide information as

7

1   to the number and location of all Class Members.   Joinder of all

2   members of the proposed Class is not practicable.

3       B.   Commonality

4       27.   There are questions of law and fact common to the Class

5   that predominate over any questions affecting only individual Class

6   Members.   These common questions of law and fact include, without

7   limitation:

8           (1)   Whether defendants violated Labor Code §§510, 1194,

9   1197, and 1199, and Industrial Welfare Commission Wage Order 1-2001

10  and/or other applicable IWC Wage Order, by requiring plaintiff and

11  the Class to work in excess of eight (8) hours in a workday and/or

12  forty (40) hours in a workweek without compensating such employee

13  at the rate of time and one-half (1 1/2) of such employee's regular

14  rate of pay;

15          (2)   Whether defendants violated Labor Code §§226.7 and

16  512, Wage Order 1-2001 or other applicable IWC Wage Orders, and Cal.

17  Code Regs., Title 8, Section 11010 by failing to provide daily rest

18  periods to plaintiff and the Class for every three and one-half

19  (3 1/2) hours or major fraction thereof worked and failing to

20  compensate said employees one hours wages in lieu of rest periods;

21          (3)   Whether defendants violated Labor Code §§226.7 and

22  512, IWC Wage Order 1-2001 or other applicable IWC Wage Orders, and

23  Cal. Code Regs., Title 8, Section 11010 by failing to provide meal

24  periods to plaintiff and the Class on days they worked in excess of

25  five (5) hours or if waived meal period between five and six hours

26  but worked over six hours with no meal period, and failing to

27  compensate said employees one hours wages in lieu of meal periods;

28  ///

8

1     (4)    Whether defendants violated §226(a) of the Labor Code

2  by failing to provide plaintiff and members of the class an accurate

3  itemized wage statement;

4     (5)    Whether defendants violated §§201-203 of the Labor

5  Code by failing to pay overtime wages and/or compensation for denied

6  rest periods and meal periods due and owing at the time that any

7  Class member's employment with defendants terminated;

8     (6)    Whether defendants violated §17200 et seq. of the

9  Business & Professions Code by failing to pay legal overtime wages

10  for assistant managers and/or failing to provide rest and meal

11  periods without compensation to assistant managers or hourly

12  restaurant employees;

13     (7)    Whether plaintiff and the members of the Class are

14  entitled to equitable relief pursuant to Business & Professions Code

15  §17200, et. seq;

16    C.   **Typicality**

17    28.   The claims of the named plaintiff are typical of the

18  claims of the Class.   Plaintiff and all members of the Class

19  sustained injuries and damages arising out of and caused by

20  defendants' common course of conduct in violation of laws,

21  regulations that have the force and effect of law and statutes as

22  alleged herein.

23    D.   **Adequacy of Representation**

24    29.   Plaintiff will fairly and adequately represent and protect

25  the interests of the members of the Class.   Counsel who represents

26  Plaintiffs is competent and experienced in litigating large

27  employment class actions.

28  ///

CLASS ACTION COMPLAINT

E.    Superiority of Class Action

30.    A class action is superior to other available means for the fair and efficient adjudication of this controversy.  Individual joinder of all Class Members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class.  Each member of the Class has been damaged and is entitled to recovery by reason of Defendants' illegal policy and/or practice of failing to compensate Class Members at the legal overtime rates, denying Class Members rest and meal periods without legal compensation.

31.    Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.  Plaintiffs are unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

V

**FIRST CAUSE OF ACTION**

**FAILURE TO PAY OVERTIME WAGES (Labor Code §§1194, 1199)**

32.    Plaintiff, on behalf of himself and all others similarly situated, repeats and realleges each and every allegation set forth in all of the foregoing paragraphs as if fully set forth herein.

33.    By their policy of requiring Senior Business Territory Managers to work in excess of eight (8) hours in a workday and/or forty (40) hours in a workweek without compensating such employee at the rate of time and one-half (1 1/2), as alleged above, defendants willfully violated the provisions of Labor Code §1194.
///

10

CLASS ACTION COMPLAINT

34. As a result of the unlawful acts of defendants, plaintiff and the Class been deprived of overtime in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, pursuant to Labor Code §1194.

## VI

### SECOND CAUSE OF ACTION

### FAILURE TO FURNISH WAGE STATEMENTS

### In violation of California Labor Code §226(e)

35. Plaintiff, on behalf of himself and all others similarly situated, repeats and realleges each and every allegation set forth in all of the foregoing paragraphs as if fully set forth herein.

36. California Labor Code §226(a) requires an employer, either semi-monthly or at the time of each payment of wages, furnish each employee with a statement that accurately reflects, among other things, the total number of hours worked and the applicable hourly rates.

37. Accordingly, pursuant to Labor Code §226(a), a California employer is required to maintain accurate records reflecting, among other things, the total hours worked and the applicable rates of each employee.

38. Defendants, as a pattern and practice, knowingly and intentionally failed and continue to fail to furnish Plaintiff and members of the Wage Statements Class with timely, itemized statements that accurately reflect, among other things, the total number of hours worked and the applicable rate, in violation of Labor Code §226(a).

///

11

39.  Defendants, as a pattern and practice, knowingly and intentionally failed and continue to fail to maintain accurate records reflecting, among other things, the total hours worked and the applicable rates of Plaintiff and the Wage Statement Class, in violation of Labor Code §226(a).

40.  Plaintiff and the Wage Statement Class Members suffered injuries as a result of Defendants' failure to maintain records in that, without itemized statement showing all requisite information, they were misled by Defendants as to the correct information regarding various items including, but not limited to the total hours worked by the employee, new wages earned, and all applicable hourly rates in effect.

41.  Pursuant to Labor Code §226(g), Plaintiff and the currently-employed members of the Wage Statements Class are entitled to injunctive relief to ensure Defendants' compliance with Labor Code §226.

42.  Pursuant to Labor Code §226(e), Plaintiff and the Wage Statements Class are entitled to the greater of all actual damages or fifty dollars ($50) for the initial violation and one hundred dollars ($100) for each subsequent violation, up to four thousand dollars ($4,000) per person.

43.  Pursuant to Labor Code §§226(e) and (g), Plaintiff and the Wage Statements Class are entitled to attorney's fees and costs.

VII

### THIRD CAUSE OF ACTION

### WAITING TIME PENALTIES UNDER LABOR CODE §203

44.  Plaintiff, on behalf of himself and all others similarly situated, repeats and realleges each and every allegation set forth

12

1   in all of the foregoing paragraphs as if fully set forth herein.

2       45.  Numerous members of the Class are no longer employed by
3   defendants.  They were either fired or quit defendants employ.

4       46.  The defendant's failure to pay wages, as alleged above was
5   willful in that defendants and each of them knew wages to be due but
6   failed to pay them, thus entitling plaintiff and the Class to
7   penalties under Labor Code §203, which provides that an employee's
8   wages shall continue as a penalty until paid for a period of up to
9   thirty (30) days from the time they were due.

10       47.  Defendants have failed to pay plaintiff and others a sum
11   certain at the time of termination or within seventy-two (72) hours
12   of their resignation, and have failed to pay those sums for thirty
13   (30) days thereafter.  Pursuant to the provisions of Labor Code
14   §203, plaintiff and the Class are entitled to a penalty in the
15   amount of their daily wage multiplied by thirty (30) days.

16   VIII

17   FOURTH CAUSE OF ACTION

18   UNFAIR COMPETITION PURSUANT TO

19   BUSINESS & PROFESSIONS CODE §17200 (OVERTIME)

20       48.  Plaintiff, on behalf of himself and all others similarly
21   situated, repeats and realleges each and every allegation set forth
22   in all of the foregoing paragraphs as if fully set forth herein.

23       49.  This is a Representative Private Attorney General Action
24   and Class Action for Unfair Business Practices.  KIN FUNG on his own
25   behalf and on behalf of the general public, and on behalf of others
26   similarly situated, bring this claim pursuant to Business &
27   Professions Code §17200, et seq. The conduct of all defendants as
28   alleged in this Complaint has been and continues to be unfair, un-

13

1   lawful, and harmful to plaintiff, the general public, and the Class.

2   Plaintiff seeks to enforce important rights affecting the public

3   interest within the meaning of Code of Civil Procedure §1021.5.

4       50.   Plaintiff is a "person" within the meaning of Business &

5   Professions Code §17204, and therefore has standing to bring this

6   cause of action for injunctive relief, restitution, and other

7   appropriate equitable relief.

8       51.   Business & Profession Code §17200, et seq. prohibits

9   unlawful and unfair business practices.

10      52.   Wage and hour laws express fundamental public policies.

11  Providing employees with overtime is a fundamental public policy of

12  this State and of the United States. Labor Code §90.5(a) articulates

13  the public policies of this State to enforce vigorously minimum

14  labor standards, to ensure that employees are not required or

15  permitted to work under substandard and unlawful conditions, and to

16  protect law-abiding employers and their employees from competitors

17  who lower their costs by failing to comply with minimum labor

18  standards.

19      53.   Defendants have violated statutes and public policies.

20  Through the conduct alleged in this Complaint, defendants, and each

21  of them, have acted contrary to these public policies, have violated

22  specific provisions of the Labor Code, and have engaged in other

23  unlawful and unfair business practices in violation of Business &

24  Profession Code §17200, et seq., depriving plaintiff, and all

25  persons similarly situated, and all interested persons of rights,

26  benefits, and privileges guarantees to all employees under law.

27  ///

28  ///

14

CLASS ACTION COMPLAINT

54.   Defendants' conduct, as alleged hereinabove, constitutes unfair competition in violation of §17200 of the Business & Professions Code.

55.   Defendants by engaging in the conduct herein alleged, by not paying proper overtime compensation either knew or in the exercise of reasonable care should have known that the conduct was unlawful.  As such it is a violation of §17200 of the Business & Professions Code.

56.   As a proximate result of the above mentioned acts of defendants, plaintiff and others similarly situated have been damaged in a sum as may be proven.

57.   Unless restrained by this Court, defendants will continue to engage in the unlawful conduct as alleged above.  Pursuant to Business & Professions Code this Court should make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment, by defendants, their agents or employees, of any unlawful or deceptive practice prohibited by the Business & Professions Code, and/or, including but not limited to, disgorgement of profits which may be necessary to restore plaintiff and the Class Members to the money defendants have unlawfully failed to pay.

IX

**FIFTH CAUSE OF ACTION**

**UNFAIR COMPETITION PURSUANT TO**

**BUSINESS & PROFESSIONS CODE §17200  (MEAL)**

58.   Plaintiff, on behalf of himself and all others similarly situated, repeats and realleges each and every allegation set forth in all of the foregoing paragraphs as if fully set forth herein.

15

59.  Defendants by engaging in the conduct herein alleged, by not providing proper meal breaks, either knew or in the exercise of reasonable care should have known that the conduct was unlawful. As such it is a violation of Business & Professions Code §17200.

**X**

### SIXTH CAUSE OF ACTION

### UNFAIR COMPETITION PURSUANT TO

### BUSINESS & PROFESSIONS CODE §17200 (REST)

60.  Plaintiff, on behalf of himself and all others similarly situated, repeats and realleges each and every allegation set forth in all of the foregoing paragraphs as if fully set forth herein.

61.  Defendants by engaging in the conduct herein alleged, by not providing proper rest breaks, either knew or in the exercise of reasonable care should have known that the conduct was unlawful. As such it is a violation of §17200 of the Business & Professions Code.

### RELIEF REQUESTED

WHEREFORE, plaintiff prays for the following relief:

1.  For compensatory damages in the amount of plaintiff's and each Class Members' unpaid overtime.

2.  For penalties pursuant to Labor Code §226(a) for all employees who were not provided an accurate itemized wage statement as required by the California Labor Code;

3.  For penalties pursuant to Labor Code §203 for all employees who quit or were fired equal to their daily wage times thirty (30) days;

16

1      4.    An award of prejudgment and post judgment interest;

2      5.    An order enjoining defendant and its agents, servants, and

3  employees, and all persons acting under, in concert with, or for it

4  from providing plaintiffs with overtime compensation and proper meal

5  and rest breaks pursuant to Labor Code §512 and IWC 1-2001.

6      6.    For restitution for unfair competition pursuant to

7  Business & Professions Code §17200, including disgorgement or

8  profits, in an amount as may be proven;

9      7.    An award providing for payment of costs of suit;

10      8.    An award of attorneys' fees; and

11      9.    Such other and further relief as this Court may deem

12  proper and just.

13

14                     __DEMAND FOR JURY TRIAL__

15      Plaintiff hereby demands trial of their claims by jury to the

16  extent authorized by law.

17

18  DATED: June 26, 2007               KINGSLEY & KINGSLEY, APC

19

20                         By:

21                           ERIC B. KINGSLEY
                            ATTORNEY FOR PLAINTIFFS

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT

Fax Server          6/28/2007 4:38:39 PM    PAGE    1/001    Fax Server

06/28/2007  14:06    6189902903              LAW OFFICES                          PAGE  05/05

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| KINGSLEY & KINGSLEY, APC<br>GEORGE R. KINGSLEY, ESQ. SBN-38022<br>ERIC B. KINGSLEY, ESQ. SBN-185123<br>16133 VENTURA BL., SUITE 1200<br>ENCINO, CA 91436<br>TELEPHONE NO: (818) 990-8300  FAX NO: (818) 990-2903<br>ATTORNEY FOR *(Name)*: Plaintiff, KIN FUNG | **FILED BY FAX**<br>ALAMEDA COUNTY<br><br>June 28, 2007<br><br>CLERK OF<br>THE SUPERIOR COURT<br>By Rosanne Case, Deputy<br><br>CASE NUMBER:<br>RG07333147 |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
STREET ADDRESS: 1225 FALLON ST.
MAILING ADDRESS: P.O. Box 958
CITY AND ZIP CODE: OAKLAND, CA 94612-4293
BRANCH NAME: RENE C. DAVIDSON COURTHOUSE

CASE NAME: FUNG v. BRISTOL-MYERS SQUIBB COMPANY; et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [X] Unlimited<br>(Amount demanded exceeds $25,000) | [ ] Limited<br>(Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br><br>DEPT: |

*Items 1-5 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | *(Cal. Rules of Court, rules 3.400-3.403)* |
| [ ] Uninsured motorist (46) | [ ] Collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Insurance coverage (18) | [ ] Construction defect (10) |
| **Damage/Wrongful Death) Tort** | [ ] Other contract (37) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | **Real Property** | [ ] Securities litigation (28) |
| [ ] Product liability (24) | [ ] Eminent domain/Inverse | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | condemnation (14) | [ ] Insurance coverage claims arising from the |
| [ ] Other PI/PD/WD (23) | [ ] Wrongful eviction (33) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | [ ] Other real property (26) | types (41) |
| [ ] Business tort/unfair business practice (07) | **Unlawful Detainer** | **Enforcement of Judgment** |
| [ ] Civil rights (08) | [ ] Commercial (31) | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Residential (32) | **Miscellaneous Civil Complaint** |
| [ ] Fraud (16) | [ ] Drugs (38) | [ ] RICO (27) |
| [ ] Intellectual property (19) | **Judicial Review** | [ ] Other complaint *(not specified above)* (42) |
| [ ] Professional negligence (25) | [ ] Asset forfeiture (05) | **Miscellaneous Civil Petition** |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Petition re: arbitration award (11) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Writ of mandate (02) | [ ] Other petition *(not specified above)* (43) |
| [ ] Wrongful termination (36) | [ ] Other judicial review (39) | |
| [X] Other employment (15) | | |

2. This case [X] is  [ ] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [X] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [X] Large number of witnesses
   e. [X] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [X] Substantial postjudgment judicial supervision

3. Type of remedies sought *(check all that apply)*:
   a. [X] monetary  b. [X] nonmonetary; declaratory or injunctive relief  c. [ ] punitive

4. Number of causes of action *(specify)*: SIX

5. This case [X] is  [ ] is not  a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: JUNE 28, 2007

ERIC B. KINGSLEY                                KINGSLEY & KINGSLEY, APC
_____         _____
(TYPE OR PRINT NAME)                            (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use        CIVIL CASE COVER SHEET        Legal        Cal. Rules of Court, rules 2.220, 3.400-3.403;
Judicial Council of California                                      Solutions     Standards of Judicial Administration, § 19
CM-010 [Rev. January 1, 2007]                                      Plus

1   KINGSLEY & KINGSLEY, APC
    GEORGE R. KINGSLEY, ESQ. SBN-38022
2   ERIC B. KINGSLEY, ESQ.   SBN-185123
    eric@kingsleykingsley.com
3   DARREN M. COHEN, ESQ.    SBN-221938
    16133 VENTURA BL., SUITE 1200
4   ENCINO, CA 91436
    (818) 990-8300, FAX (818) 990-2903

5   SPIRO MOSS BARNESS
    IRA SPIRO, ESQ. SBN-67641
6   ira@spiromoss.com
    GREGORY N. KARASIK, ESQ. SBN-115834
7   11377 W. OLYMPIC BL., 5TH FLOOR
    LOS ANGELES, CA 90064
8   (310) 235-2468; FAX (310) 235-2456

9   DAVID W. SANFORD (PRO HAC VICE PENDING)
    dsanford@nydclaw.com
10  MEENOO CHAHBAZI, CA BAR NO. 233985
    MCHAHBAZI@NYDCLAW.COM
11  SANFORD, WITTELS & HEISLER, LLP
    1666 CONNECTICUT AVE., NW, SUITE 310
12  WASHINGTON, D.C. 20009
    (202) 742-7777; FAX (202) 742-7776

13  GRANT MORRIS (PRO HAC VICE PENDING)
    GRANTEMORRIS@GMAIL.COM
14  LAW OFFICES OF GRANT MORRIS
    1666 CONNECTICUT AVE., NW, SUITE 310
15  WASHINGTON, D.C. 20009
    (202) 742-7783; FAX (202) 742-7776

16  Attorneys for Plaintiffs

17

18

19              SUPERIOR COURT OF THE STATE OF CALIFORNIA

20                     FOR THE COUNTY OF ALAMEDA

21

22  KIN FUNG, on behalf of himself   )   CASE NO.: RG 07333147
    and others similarly situated,   )
23                                    )   NOTICE OF ERRATA RE: FILING
                   Plaintiffs,        )   AMENDED CIVIL CASE COVER SHEET
24                                    )
           v.                         )
25                                    )
    BRISTOL-MYERS SQUIBB COMPANY;     )
26  et al.,                           )
                                      )
27                 Defendants.        )
    _____ )

28

1    TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

2        PLEASE TAKE NOTICE that on June 28, 2007, plaintiffs submitted

3    the Summons, Complaint, Civil Case Cover Sheet and Addendum, and

4    inadvertently checked the box on the Civil Case Cover Sheet

5    indicating NOT COMPLEX, when in fact it should have indicated IS

6    COMPLEX.

7        Therefore, attached hereto as Exhibit "1" is the correct Civil

8    Case Cover Sheet, indicating the case IS COMPLEX.

9

10   DATED: June 28, 2007              KINGSLEY & KINGSLEY, APC

11                                     By: _____

12                                         ERIC B. KINGSLEY
                                           Attorneys for Plaintiffs

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF ERRATA RE FILING AMENDED CIVIL CASE COVER SHEET