# EXHIBIT "1"

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| KINGSLEY & KINGSLEY, APC<br>GEORGE R. KINGSLEY, ESQ. SBN-38022<br>ERIC B. KINGSLEY, ESQ. SBN-185123<br>16133 VENTURA BL., SUITE 1200<br>ENCINO, CA 91436 | |

TELEPHONE NO.: (818) 990-8300   FAX NO.: (818) 990-2903
ATTORNEY FOR *(Name):* Plaintiff, KIN FUNG

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
STREET ADDRESS: 1225 FALLON ST.
MAILING ADDRESS: P.O. Box 958
CITY AND ZIP CODE: OAKLAND, CA 94612-4293
BRANCH NAME: RENE C. DAVIDSON COURTHOUSE

CASE NAME: FUNG v. BRISTOL-MYERS SQUIBB COMPANY; et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [X] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br>DEPT: |

*Items 1-5 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[X] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation**
(Cal. Rules of Court, rules 3.400-3.403)
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [X] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [X] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [X] Substantial amount of documentary evidence
   d. [X] Large number of witnesses
   e. [X] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [X] Substantial postjudgment judicial supervision
3. Type of remedies sought *(check all that apply):*
   a. [X] monetary   b. [X] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action *(specify):* SIX
5. This case [X] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: JUNE 28, 2007

ERIC B. KINGSLEY
(TYPE OR PRINT NAME)

KINGSLEY & KINGSLEY, APC
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2007]

**CIVIL CASE COVER SHEET**

Legal Solutions Plus

Cal. Rules of Court, rules 3.220, 3.400–3.403;
Standards of Judicial Administration, § 19

CM-010

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*
KINGSLEY & KINGSLEY, APC
GEORGE R. KINGSLEY, ESQ. SBN-38022
ERIC B. KINGSLEY, ESQ. SBN-185123
16133 VENTURA BL., SUITE 1200
ENCINO, CA 91436
TELEPHONE NO.: (818) 990-8300  FAX NO.: (818) 990-2903
**ATTORNEY FOR** *(Name):* Plaintiff, KIN FUNG
SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
STREET ADDRESS: 1225 FALLON ST.
MAILING ADDRESS: P.O. Box 958
CITY AND ZIP CODE: OAKLAND, CA 94612-4293
BRANCH NAME: RENE C. DAVIDSON COURTHOUSE

**FOR COURT USE ONLY**

FILED BY FAX
ALAMEDA COUNTY
June 28, 2007
CLERK OF
THE SUPERIOR COURT
By Robbi McIntosh, Deputy
**CASE NUMBER:**
RG07333147

CASE NAME: FUNG v. BRISTOL-MYERS SQUIBB COMPANY; et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: DEPT: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[X] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts issues that will be time-consuming to resolve   in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision
3. Type of remedies sought *(check all that apply):*
   a. [X] monetary   b. [X] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action *(specify):* SIX
5. This case [X] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: JUNE 26, 2007
ERIC B. KINGSLEY
(TYPE OR PRINT NAME)    KINGSLEY & KINGSLEY, APC
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2007]
CIVIL CASE COVER SHEET
Legal Solutions Plus
Cal. Rules of Court, rules 3.220, 3.400-3.403;
Standards of Judicial Administration, § 19

Short Title: FUNG v. BRISTOL-MYERS SQUIBB COMPANY; et al.     Case Number:

## CIVIL CASE COVER SHEET ADDENDUM

THIS FORM IS REQUIRED IN ALL NEW UNLIMITED CIVIL CASE FILINGS IN THE
SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

[X] Oakland, Rene C. Davidson Alameda County Courthouse (446)

[ ] Hayward Hall of Justice (447)

[ ] Pleasanton, Gale-Schenone Hall of Justice (448)

| Auto Tort | Auto tort (22) | | 34 | Auto tort (G) |
| | | | | Is this an uninsured motorist case ? [ ] yes [ ] no |
| Other PI /PD / WD Tort | Asbestos (04) | | 75 | Asbestos (D) |
| | Product liability (24) | | 89 | Product liability (not asbestos or toxic tort/environmental) (G) |
| | Medical malpractice (45) | | 97 | Medical malpractice (G) |
| | Other PI/PD/WD tort (23) | | 33 | Other PI/PD/WD tort (G) |
| Non- PI /PD / WD Tort | Bus tort / unfair bus. practice (07) | | 79 | Bus tort / unfair bus. practice (G) |
| | Civil rights (08) | | 80 | Civil rights (G) |
| | Defamation (13) | | 84 | Defamation (G) |
| | Fraud (16) | | 24 | Fraud (G) |
| | Intellectual property (19) | | 87 | Intellectual property (G) |
| | Professional negligence (25) | | 59 | Professional negligence - non-medical (G) |
| | Other non-PI/PD/WD tort (35) | | 03 | Other non-PI/PD/WD tort (G) |
| Employment | Wrongful termination (36) | | 38 | Wrongful termination (G) |
| | Other employment (15) | [X] | 85 | Other employment (G) |
| | | | 53 | Labor comm award confirmation |
| | | | 54 | Notice of appeal - L.C.A. |
| Contract | Breach contract / Wrnty (06) | | 04 | Breach contract / Wmty (G) |
| | Collections (09) | | 81 | Collections (G) |
| | Insurance coverage (18) | | 86 | Ins. coverage - non-complex (G) |
| | Other contract (37) | | 98 | Other contract (G) |
| Real Property | Eminent domain / Inv Cdm (14) | | 18 | Eminent domain / Inv Cdm (G) |
| | Wrongful eviction (33) | | 17 | Wrongful eviction (G) |
| | Other real property (26) | | 36 | Other real property (G) |
| Unlawful Detainer | Commercial (31) | | 94 | Unlawful Detainer - commercial |
| | Residential (32) | | 47 | Unlawful Detainer - residential |
| | Drugs (38) | | 21 | Unlawful detainer - drugs |
| Judicial Review | Asset forfeiture (05) | | 41 | Asset forfeiture |
| | Petition re: arbitration award (11) | | 62 | Pet. re: arbitration award |
| | Writ of Mandate (02) | | 49 | Writ of mandate |
| | | | | Is this a CEQA action (Publ.Res.Code section 21000 et seq) [ ] Yes [ ] No |
| | Other judicial review (39) | | 64 | Other judicial review |
| Provisionally Complex | Antitrust / Trade regulation (03) | | 77 | Antitrust / Trade regulation |
| | Construction defect (10) | | 82 | Construction defect |
| | Claims involving mass tort (40) | | 78 | Claims involving mass tort |
| | Securities litigation (28) | | 91 | Securities litigation |
| | Toxic tort / Environmental (30) | | 93 | Toxic tort / Environmental |
| | Ins covrg from cmplx case type (41) | | 95 | Ins covrg from complex case type |
| Enforcement of Judgment | Enforcement of judgment (20) | | 19 | Enforcement of judgment |
| | | | 08 | Confession of judgment |
| Misc. Complaint | RICO (27) | | 90 | RICO (G) |
| | Partnership / Corp. governance (21) | | 88 | Partnership / Corp. governance (G) |
| | Other complaint (42) | | 68 | All other complaints (G) |
| Misc. Civil Petition | Other petition (43) | | 05 | Change of name |
| | | | 69 | Other petition |

Is the deft. in possession of the property? [ ] Yes [ ] No

202-19 (5/1/00)

AL20216

# EXHIBIT "B"

1   PROSKAUER ROSE LLP
    HAROLD M. BRODY, State Bar No. 84927
2   hbrody@proskauer.com
    JEREMY M. MITTMAN, State Bar. No. 248854
3   jmittman@proskauer.com
    2049 Century Park East, 32nd Floor
4   Los Angeles, CA 90067-3206
    Telephone:    (310) 557-2900
5   Facsimile:    (310) 557-2193

6   Attorneys for Defendants,
    BRISTOL-MYERS SQUIBB COMPANY;
7   E.R. SQUIBB & SONS, LLC

8

                    ENDORSED
                     FILED
                 ALAMEDA COUNTY

                   AUG 8 – 2007

    CLERK OF THE SUPERIOR COURT
    By MARGARET J. DOWNE
                          Deputy

                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                      FOR THE COUNTY OF ALAMEDA

10

11  KIN FUNG, ON BEHALF OF HIMSELF AND
    OTHERS SIMILARLY SITUATED,

12                  Plaintiffs,

13          v.

14  BRISTOL-MYERS SQUIBB COMPANY;
    E.R. SQUIBB & SONS, LLC; and DOES 1 to 50,
15  Inclusive,

16                  Defendants.

17

18

19

20

21

22

23

24

25

26

27

28

            (Case No. RG07333147)


    ANSWER OF DEFENDANTS
    BRISTOL-MYERS SQUIBB
    COMPANY AND E.R. SQUIBB &
    SONS, LLC TO PLAINTIFF'S
    COMPLAINT

    Complaint Filed: June 28, 2007

    ANSWER OF DEFENDANTS BRISTOL-MYERS SQUIBB COMPANY
              AND E.R. SQUIBB & SONS, LLC

1     Defendants BRISTOL-MYERS SQUIBB COMPANY and E.R. SQUIBB & SONS, LLC

2   ("Defendants"), hereby answer the unverified complaint ("Complaint") of Plaintiff Kin Fung

3   ("Plaintiff") (on behalf of himself and others similarly situated) as follows:

4

5                              **GENERAL DENIAL**

6           Pursuant to the provisions of Section 431.30(d) of the California Code of Civil Procedure,

7   Defendants deny, generally and specifically, each and every allegation of the Complaint and

8   further deny generally and specifically, that Plaintiff and/or the putative class members are entitled

9   to damages or to any other relief whatsoever by any act or omission on the part of Defendants.

10                          **FIRST AFFIRMATIVE DEFENSE**

11                        **(Failure To State A Cause Of Action)**

12          1.      The Complaint and each cause of action alleged therein fails to state facts sufficient

13   to constitute a cause of action.

14                          **SECOND AFFIRMATIVE DEFENSE**

15                   **(Compliance with California Wage and Hour Laws)**

16          2.      Plaintiff's claims are barred, in whole or in part, because at all relevant times,

17   Plaintiff and the putative members of the purported class action as defined in the Complaint were

18   exempt from any entitlement to overtime compensation and other rights and benefits identified in

19   the Complaint based on, without limitation, the outside sales exemption, the administrative

20   exemption and/or other exemptions available to overtime and other requirements of the California

21   Labor Code, Code of Regulations and applicable Industrial Welfare Commission Wage Orders.

22                          **THIRD AFFIRMATIVE DEFENSE**

23                            **(Statute Of Limitations)**

24          3.      The Complaint and each cause of action alleged therein is barred by the applicable

25   statutes of limitations, including but not limited to those set forth in California Labor Code

26   sections 200 *et. seq.*, California Code of Civil Procedure sections 338(a) and 340(1), and

27   California Business and Professions Code section 17208.

28

6289/14011-056
Current/9890246v3

ANSWER OF DEFENDANTS BRISTOL-MYERS SQUIBB COMPANY
AND E.R. SQUIBB & SONS, LLC

## FOURTH AFFIRMATIVE DEFENSE

### (Estoppel)

4.    The conduct of Defendants that is alleged to be unlawful was taken as a result of the conduct of Plaintiff and/or the putative class members, and they are thus estopped to assert any cause of action against Defendants.

## FIFTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

5.    Plaintiff and/or the putative class members are barred from maintaining the Complaint and each cause of action alleged therein as a result of their unclean hands with respect to the events upon which the Complaint and purported causes of action allegedly are based.

## SIXTH AFFIRMATIVE DEFENSE

### (Waiver)

6.    Plaintiff and/or the putative class members have waived whatever rights they may have had to assert the purported claims contained in the Complaint and each cause of action alleged thereof against Defendants.

## SEVENTH AFFIRMATIVE DEFENSE

### (Laches)

7.    Plaintiff and/or the putative class members knew the work they allegedly performed for Defendants and how much time they spent performing it.

With this knowledge, they did not assert their claims in a manner designed to quickly bring the matter to the attention of Defendants.

Instead, Plaintiff and/or the putative class members allowed potential liability and penalties to accrue and multiply by the alleged and other acts or omissions to Defendants' prejudice.  Therefore, Plaintiff and/or the putative class members' claims are barred by the doctrine of laches.

## EIGHTH AFFIRMATIVE DEFENSE

### (Consent)

8.    The alleged conduct by Defendants complained of in the Complaint was approved,

3

ANSWER OF DEFENDANTS BRISTOL-MYERS SQUIBB COMPANY
AND E.R. SQUIBB & SONS, LLC

1   consented to, authorized, and/or ratified by Plaintiff and/or the putative class members through
2   their actions, omissions and course of conduct.  Accordingly, the Complaint and each cause of
3   action alleged therein, are barred.

### NINTH AFFIRMATIVE DEFENSE

**(No Unjust Enrichment)**

9.   The Complaint and each cause of action alleged therein is barred because
Defendants were not unjustly enriched.

### TENTH AFFIRMATIVE DEFENSE

**(Non-Certifiable Class)**

10.   The Complaint does not state facts sufficient to certify a class pursuant to
California Code of Civil Procedure § 382, such that this action is not properly brought as a class
action.

### ELEVENTH AFFIRMATIVE DEFENSE

**(Inadequacy Of Class Representatives)**

11.   Plaintiff is not an adequate representatives of the putative class.

### TWELFTH AFFIRMATIVE DEFENSE

**(Class Is Not Numerous)**

12.   The putative class is not so numerous as to make individual joinder of all members
impracticable.

### THIRTEENTH AFFIRMATIVE DEFENSE

**(No Well-Defined Community Of Interest)**

13.   A class action is not appropriate because individual issues and/or remedies
predominate over the asserted class-wide grievance and/or declaratory or injunctive relief.

### FOURTEENTH AFFIRMATIVE DEFENSE

**(No Commonality Of Claims)**

14.   Plaintiff's claims are not representative of the proposed/putative class.

4

ANSWER OF DEFENDANTS BRISTOL-MYERS SQUIBB COMPANY
AND E.R. SQUIBB & SONS, LLC

1
2

### FIFTEENTH AFFIRMATIVE DEFENSE

#### (Reasonableness and Good Faith)

3      15.     Defendants and their agents acted in good faith and had reasonable grounds for
4  believing that the acts or omissions giving rise to this action were not a violation of any provision
5  of the California Labor Code, or an order of the Industrial Welfare Commission.  Accordingly,
6  Plaintiff and/or the putative class members are barred from any recovery, penalties, and/or
7  liquidated damages in this action.

8
9

### SIXTEENTH AFFIRMATIVE DEFENSE

#### (No Willful Conduct)

10      16.     The acts or omissions giving rise to this action were not a willful or knowing and
11  intentional violation of any provision of the California Labor Code, or an order of the Industrial
12  Welfare Commission.  Accordingly, Plaintiff and/or the putative class members are barred from
13  any recovery, penalties and/or liquidated damages in this action.

14
15

### SEVENTEENTH AFFIRMATIVE DEFENSE

#### (No Unlawful Conduct)

16      17.     The Complaint is barred in whole or in part because the conduct of Defendants as
17  alleged in the Complaint is not "unlawful" as defined under the California Business & Professions
18  Code.

19
20

### EIGHTEENTH AFFIRMATIVE DEFENSE

#### (No Unfair Conduct)

21      18.     The Complaint is barred in whole or in part because the conduct of Defendants as
22  alleged in the Complaint is not "unfair" as defined under the California Business & Professions
23  Code.

24
25

### NINETEENTH AFFIRMATIVE DEFENSE

#### (No Fraudulent Conduct)

26      19.     The Complaint is barred in whole or in part because the conduct of Defendants as
27  alleged in the Complaint is not "fraudulent" as defined under the California Business &
28  Professions Code.

5

6289/14011-056
Current/9890246v3

1

## TWENTIETH AFFIRMATIVE DEFENSE

2

### (Release)

3       20.    Plaintiff and/or the putative class members have released some or all of the claims

4    they attempt to raise in the Complaint herein, and therefore they are barred from bringing this

5    action.

6

## TWENTY-FIRST AFFIRMATIVE DEFENSE

7

### (Attorney Fees and Costs Unwarranted)

8       21.    The Complaint fails to state facts sufficient to support an award of attorneys' fees

9    or costs.

10

## TWENTY-SECOND AFFIRMATIVE DEFENSE

11

### (Standing)

12       22.    Plaintiff and/or the putative class members lack standing to assert some or all of the

13    claims in their Complaint.

14

## TWENTY-THIRD AFFIRMATIVE DEFENSE

15

### (Not Proper Defendants)

16       23.    To the extent Defendants are not Plaintiff's or putative class members' employer,

17    they are not proper defendants herein.

18

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

19

### (Penalties)

20       24.    The Complaint fails to allege facts sufficient to establish a claim for penalties.

21

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

22

### (Failure To Exhaust Administrative Remedies)

23       25.    The Complaint and each purported cause of action alleged therein are barred, in

24    whole or in part, because Plaintiff has failed to exhaust the administrative remedies available to

25    him under California law.

26

27

28

6289/14011-056
Current/9890246v3

ANSWER OF DEFENDANTS BRISTOL-MYERS SQUIBB COMPANY
AND E.R. SQUIBB & SONS, LLC

1

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

2

### (Failure to Comply with Realistic Expectations and Requirements of Defendants)

3        26.        Plaintiff's Complaint, and each cause of action alleged therein, is barred to the

4   extent Plaintiff may have spent more time performing non-exempt duties and thus failed to

5   comply with the reasonable and lawful expectations and requirements of Defendants with respect

6   to his job duties.

7

8

### RESERVATION OF RIGHTS

9        Defendants hereby give notice that they intend to rely upon such other and further

10  affirmative defenses as may become available during discovery in this action and reserve the right

11  to amend its Answer to assert any such defenses.

12

### PRAYER FOR RELIEF

13        WHEREFORE, Defendants seek judgment against Plaintiff and/or the putative class

14  members as follows:

15        1.        That Plaintiff take nothing by virtue of the Complaint;

16        2.        That the Complaint be dismissed;

17        3.        That judgment be entered in favor of Defendants against Plaintiffs;

18        4.        That Defendants recover their costs of suit incurred herein, including

19                  attorneys' fees; and

20        5.        For such other and further relief as the Court may deem just and proper.

21

22  DATED: August 8, 2007              PROSKAUER ROSE LLP
                                       HAROLD M. BRODY
23                                     JEREMY M. MITTMAN

24
                                       By:  _____
25                                              Harold M. Brody
26                                     Attorneys for Defendants
                                       BRISTOL-MYERS SQUIBB COMPANY and
27                                     E.R. SQUIBB & SONS, LLC

28

6289/14011-056
Current/9890246v3

ANSWER OF DEFENDANTS BRISTOL-MYERS SQUIBB COMPANY
AND E.R. SQUIBB & SONS, LLC

1

## PROOF OF SERVICE

2  STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3  I declare that: I am employed in the county of Los Angeles, California. I am over the age of
eighteen years and not a party to the within cause; my business address is 2049 Century Park East,
4  Suite 3200, Los Angeles, California 90067-3206.

5  On August 8, 2007, I served the forgoing document, described as:

6  **ANSWER OF DEFENDANTS BRISTOL-MYERS SQUIBB COMPANY
AND E.R. SQUIBB & SONS, LLC TO PLAINTIFF'S COMPLAINT**

7

8  ☒    by placing ☐ the original ☒ a true copy thereof enclosed in sealed envelopes
addressed as follows:

9  Kingsley & Kingsley, APC                     Sanford, Wittles & Heisler, LLP
George R. Kingsley, Esq.                       David W. Sanford, Esq.
10  Eric B. Kingsley, Esq.                        Meenoo Chahbazi, Esq.
16133 Ventura Blvd., Ste. 1200                1666 Connecticut Ave., NW, Ste. 310
11  Encino, CA 91436                              Washington, DC 20009

12  Spiro, Moss, Barness                          Law Offices of Grant Morris
Ira Spiro, Esq.                               Grant Morris, Esq.
13  Gregory N. Karasik, Esq.                      1666 Connecticut Ave., NW, Ste. 310
11377 W. Olympic Blvd., 5th Floor             Washington, DC 20009
14  Los Angeles, CA 90064

15  ☒    (By Mail) I am "readily familiar" with the Firm's practice of collection and
processing correspondence for mailing.  Under that practice, it would be deposited
16  with U.S. postal service on that same day with postage thereon fully prepaid at Los
Angeles, California, in the ordinary course of business.  I am aware that on motion
17  of the party served, service is presumed invalid if postal cancellation date or
postage meter date is more than one day after date of deposit for mailing in
18  affidavit.

19  ☐    By causing such envelope to be delivered by the office of the addressee by
OVERNIGHT DELIVERY via Federal Express or by other similar overnight
20  delivery service.

21  ☒    (State) I declare under penalty of perjury under the laws of the State of California
that the above is true and correct.

22

23  ☐    (Federal) I declare that I am employed in the office of a member of the bar of this
court at whose direction the service was made.

24  Executed on August 8, 2007 at Los Angeles, California.

25  _____            _____
Lisa Furman                                      Signature
26  Type or Print Name

27

28

EXHIBIT "C"

1  HAROLD M. BRODY, State Bar No. 84927
   hbrody@proskauer.com
2  JEREMY M. MITTMAN, State Bar. No. 248854
   jmittman@proskauer.com
3  PROSKAUER ROSE LLP
   2049 Century Park East, 32nd Floor
4  Los Angeles, CA 90067-3206
   Telephone:    (310) 557-2900
5  Facsimile:    (310) 557-2193

6  Attorneys for Defendant,
   BRISTOL-MYERS SQUIBB COMPANY;
7  E.R. SQUIBB & SONS, LLC

8

9

10                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                          FOR THE COUNTY OF ALAMEDA

12   KIN FUNG, ON BEHALF OF HIMSELF AND          )  (Case No. RG07333147)
     OTHERS SIMILARLY SITUATED,                  )
13                                               )
                    Plaintiffs,                  )  Department 20
14                                               )
                    v.                           )  **NOTICE TO ADVERSE PARTY OF**
15                                               )  **REMOVAL OF CIVIL ACTION TO**
     BRISTOL-MYERS SQUIBB COMPANY;               )  **THE UNITED STATES DISTRICT**
16   E.R. SQUIBB & SONS, LLC; and DOES 1 to 50,  )  **COURT**
     Inclusive                                   )
17                                               )
                    Defendants.                  )  Complaint Filed:  June 28, 2007
18                                               )

19

20

21

22

23

24

25

26

27

28

NOTICE TO ADVERSE PARTY OF REMOVAL OF CIVIL ACTION TO THE UNITED
STATES DISTRICT COURT

1  TO PLAINTIFF KIN FUNG AND HIS ATTORNEYS OF RECORD:

2      PLEASE TAKE NOTICE THAT a Notice of Removal of this action was filed in the

3  United States District Court for the Northern District of California on August 9, 2007, bearing

4  Case _____, by Defendants BRISTOL-MYERS SQUIBB

5  COMPANY and E.R. SQUIBB & SONS, LLC.

6

7      A true and correct copy of the Notice of Removal is attached to this Notice as Exhibit "A"

8  and is served and filed herewith.

9  Dated: August 9, 2007                    PROSKAUER ROSE LLP
                                            HAROLD M. BRODY
10                                          JEREMY M. MITTMAN

11                                          _____
                                                    Harold M. Brody
12                                              Attorneys for Defendants
                                                BRISTOL-MYERS SQUIBB
13                                          COMPANY; E.R. SQUIBB & SONS, LLC

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                      - 1 -

NOTICE TO ADVERSE PARTY OF REMOVAL OF CIVIL ACTION TO THE UNITED
                    STATES DISTRICT COURT

1  TO PLAINTIFF KIN FUNG AND HIS ATTORNEYS OF RECORD:

2          PLEASE TAKE NOTICE THAT a Notice of Removal of this action was filed in the

3  United States District Court for the Northern District of California on August 9, 2007, bearing

4  Case _____, by Defendants BRISTOL-MYERS SQUIBB

5  COMPANY and E.R. SQUIBB & SONS, LLC.

6

7          A true and correct copy of the Notice of Removal is attached to this Notice as Exhibit "A"

8  and is served and filed herewith.

9  Dated: August 9, 2007                    PROSKAUER ROSE LLP
                                            HAROLD M. BRODY
10                                          JEREMY M. MITTMAN

11                                          _____
                                                    Harold M. Brody
12                                              Attorneys for Defendants
                                              BRISTOL-MYERS SQUIBB
13                                          COMPANY; E.R. SQUIBB & SONS, LLC

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                  - 1 -
_____
NOTICE TO ADVERSE PARTY OF REMOVAL OF CIVIL ACTION TO THE UNITED
STATES DISTRICT COURT

1  HAROLD M. BRODY, State Bar No. 84927
   hbrody@proskauer.com
2  JEREMY M. MITTMAN, State Bar. No. 248854
   jmittman@proskauer.com
3  PROSKAUER ROSE LLP
   2049 Century Park East, 32nd Floor
4  Los Angeles, CA  90067-3206
   Telephone:    (310) 557-2900
5  Facsimile:    (310) 557-2193

6  Attorneys for Defendants,
   BRISTOL-MYERS SQUIBB COMPANY;
7  E.R. SQUIBB & SONS, LLC

8

9

              SUPERIOR COURT OF THE STATE OF CALIFORNIA
10
                   FOR THE COUNTY OF ALAMEDA
11

12  KIN FUNG, ON BEHALF OF HIMSELF AND          )  (Case No. RG07333147)
    OTHERS SIMILARLY SITUATED,                  )
13                                              )  Dept. 20
                     Plaintiffs,                )
14                                              )  **NOTICE TO STATE COURT OF**
                     v.                         )  **DEFENDANTS' FILING OF**
15                                              )  **NOTICE OF REMOVAL TO THE**
    BRISTOL-MYERS SQUIBB COMPANY;               )  **UNITED STATES DISTRICT**
16  E.R. SQUIBB & SONS, LLC; and DOES 1 to 50,  )  **COURT FOR THE NORTHERN**
    Inclusive                                   )  **DISTRICT OF CALIFORNIA**
17                                              )
                     Defendants.                )
18                                              )  Complaint Filed:  June 28, 2007
                                                )

19

20

21

22

23

24

25

26

27

28

TO THE CLERK OF THE SUPERIOR COURT OF THE STATE OF CALIFORNIA, FOR THE COUNTY OF ALAMEDA:

     PLEASE TAKE NOTICE that on August 9, 2007, a Notice of Removal of the above-entitled action was filed in the United States District Court for the Northern District of California, bearing Case No. _____. A true and correct copy of the Notice of Removal and accompanying documents filed with the United States District Court for the Northern District of California is attached hereto as Exhibit "A." Pursuant to 28 U.S.C. ¶ 1446(d), this Court "shall proceed no further unless and until the case is remanded."

Dated: August 9, 2007

                                 PROSKAUER ROSE LLP
                                 HAROLD M. BRODY
                                 JEREMY M. MITTMAN

                                      Harold M. Brody
                                 Attorneys for Defendants
                                 BRISTOL-MYERS SQUIBB
                                 COMPANY; E.R. SQUIBB & SONS, LLC

1  HAROLD M. BRODY State Bar No. 84927
   hbrody@proskauer.com
2  JEREMY M. MITTMAN, State Bar No. 248854
   jmittman@proskauer.com (N.D. Cal. admission pending)
3  PROSKAUER ROSE LLP
   2049 Century Park East, 32nd Floor
4  Los Angeles, CA  90067-3206
   Telephone:    (310) 557-2900
5  Facsimile:     (310) 557-2193

6  PROSKAUER ROSE LLP
   Bettina B. Plevan (Pro Hac Vice Pending)
7  Joshua F. Alloy (Pro Hac Vice Pending)
   1585 Broadway
8  New York, NY 10036-8299
   (212) 969-3000
9  (212) 969-2900 (fax)

10

   Attorneys for Defendants,
11 BRISTOL-MYERS SQUIBB COMPANY;
   E.R. SQUIBB & SONS, LLC
12
                    UNITED STATES DISTRICT COURT
13
                    NORTHERN DISTRICT OF CALIFORNIA
14

15 KIN FUNG, ON BEHALF OF HIMSELF AND    )  Case No.
   OTHERS SIMILARLY SITUATED,            )
16                                       )
                Plaintiffs,              )  **PROOF OF SERVICE**
17                                       )
                  v.                     )  (Alameda County Superior Court Case No.
18                                       )  RG07333147)
   BRISTOL-MYERS SQUIBB COMPANY;         )
19 E.R. SQUIBB & SONS, LLC; and DOES 1 to 50, )  Action Filed June 28, 2007
   Inclusive                             )
20                                       )
                Defendants.              )
21                                       )
                                         )
22                                       )
                                         )
23 ──────────────────────────────────────

24

25

26

27

28

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I declare that: I am employed in the county of Los Angeles, California. I am over the age of eighteen years and not a party to the within cause; my business address is 2049 Century Park East, Suite 3200, Los Angeles, California 90067-3206.

On August 9, 2007, I served the forgoing document, described as:

**NOTICE OF REMOVAL OF CIVIL ACTION FROM THE SUPERIOR COURT OF THE STATE OF CALIFORNIA FOR THE COUNTY OF ALAMEDA; DECLARATION OF HAROLD M. BRODY IN SUPPORT THEREOF**

☒    by placing ☐ the original ☒ a true copy thereof enclosed in sealed envelopes addressed as follows:

Kingsley & Kingsley, APC
George R. Kingsley, Esq.
Eric B. Kingsley, Esq.
16133 Ventura Blvd., Ste. 1200
Encino, CA 91436

Spiro, Moss, Barness
Ira Spiro, Esq.
Gregory N. Karasik, Esq.
11377 W. Olympic Blvd., 5th Floor
Los Angeles, CA 90064

Sanford, Wittles & Heisler, LLP
David W. Sanford, Esq.
Meenoo Chahbazi, Esq.
1666 Connecticut Ave., NW, Ste. 310
Washington, DC 20009

Law Offices of Grant Morris
Grant Morris, Esq.
1666 Connecticut Ave., NW, Ste. 310
Washington, DC 20009

☒    (By Mail) I am "readily familiar" with the Firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒    (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on August 9, 2007 at Los Angeles, California.

| Lisa Furman | | |
|---|---|---|
| Type or Print Name | | Signature |

3/14011-056
rent/9946956v1

-1-