KINGSLEY & KINGSLEY, APC
GEORGE R. KINGSLEY, ESQ. SBN-38022
ERIC B. KINGSLEY, ESQ.   SBN-185123
eric@kingsleykingsley.com
DARREN M. COHEN, ESQ.    SBN-221938
GREGORY E. GIVENS, ESQ.  SBN-212348
16133 VENTURA BL., SUITE 1200
ENCINO, CA 91436
(818) 990-8300, FAX (818) 990-2903

SPIRO MOSS BARNESS
IRA SPIRO, ESQ. SBN-67641
ira@spiromoss.com
GREGORY N. KARASIK, ESQ. SBN-115834
11377 W. OLYMPIC BL., 5TH FLOOR
LOS ANGELES, CA 90064
(310) 235-2468; FAX (310) 235-2456

DAVID W. SANFORD (PRO HAC VICE PENDING)
dsanford@nydclaw.com
MEENOO CHAHBAZI, CA BAR NO. 233985
MCHAHBAZI@NYDCLAW.COM
SANFORD, WITTELS & HEISLER, LLP
1666 CONNECTICUT AVE., NW, SUITE 310
WASHINGTON, D.C. 20009
(202) 742-7777; FAX (202) 742-7776

GRANT MORRIS (PRO HAC VICE PENDING)
GRANTEMORRIS@GMAIL.COM
LAW OFFICES OF GRANT MORRIS
1666 CONNECTICUT AVE., NW, SUITE 310
WASHINGTON, D.C. 20009
(202) 742-7783; FAX (202) 742-7776

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIN FUNG, on behalf of himself and others similarly situated,<br><br>                    Plaintiffs,<br><br>     v.<br><br>BRISTOL-MYERS SQUIBB COMPANY; E.R. SQUIBB & SONS, LLC; and DOES 1 to 50, Inclusive,<br><br>                    Defendants.<br>_____ | CASE NO.: C07-04109 WHA<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT FOR:**<br><br>1. Failure to Pay Overtime<br>2. Violation of Labor Code §226(a)<br>3. Penalties Pursuant to Labor Code §203<br>4. Violation of Business & Professions Code §17200 (Overtime)<br>5. Violation of Business & Professions Code §17200 (Meal)<br>6. Violation of Business & Professions Code §17200 (Rest)<br>7. Penalties Pursuant To Labor Code §2699 |

1

Plaintiff **KIN FUNG,** on behalf of himself and all others similarly situated, complains of defendants, and each of them, as follows:

I

## INTRODUCTION

1.    This is a Class Action, pursuant to Federal Rule of Civil Procedure 23, on behalf of plaintiff and a Proposed Class.  The Class consists of all Senior Territory Business Managers and/or "Pharmaceutical Sales Representatives" and/or similar positions, employed by defendant BRISTOL-MYERS SQUIBB COMPANY and E.R. SQUIBB & SONS, LLC. (hereinafter referred to as "BRISTOL") and any subsidiaries or affiliated companies doing business in the State of California.

2.    For at least four (4) years prior to the filing of this action and through to the present, defendants have had a consistent policy of failing to pay overtime to Senior Territory Business Managers in violation of California state wage and hour laws. Plaintiff and others were required to work more than eight (8) hours per day and/or forty (40) hours per week without receiving the proper overtime compensation.

3.    For at least four (4) years prior to the filing of this action and through to the present, defendants have had a consistent policy of failing to provide Senior Territory Business Managers accurate itemized wage statements in violation of California state wage and hour laws.

4.    Plaintiff, on behalf of himself and all Class Members, brings this action pursuant to Labor Code §§201, 202, 203, 226, 510, 558, 1194, 1197, and 1199, and California Code of Regulations,

2

Title 8, Section 11010 seeking unpaid overtime, missed meal period compensation, missed rest period compensation, penalties, injunctive and other equitable relief, and reasonable attorneys' fees and costs.

5.    Plaintiff, on behalf of himself and all Class Members, pursuant to Labor Code §2699, seeks penalties for defendants' failure to provide for overtime, meal breaks, and rest breaks.

6.    Plaintiff, on behalf of himself and all Class Members, pursuant to Business & Professions Code §§17200-17208, also seeks injunctive relief, restitution, and disgorgement of all benefits defendants enjoyed from their failure to pay overtime and rest and meal period compensation.

## II

## PARTIES

### A.    Plaintiff

7.    Venue as to each defendant is proper in this judicial district, pursuant to Code of Civil Procedure §395. Defendants operate in the state of California under the names BRISTOL-MYERS SQUIBB COMPANY and E.R. SQUIBB & SONS, LLC.    Many of these employees are located in Alameda County, California. The unlawful acts alleged herein have a direct effect on plaintiff and those similarly situated within the State of California and specifically within Alameda County.    Defendants employ numerous Class Members in Alameda County.

8.    Plaintiff KIN FUNG is a resident of California.

9.    As an Senior Business Territory Manager, plaintiff was regularly required to:

(1)    Work in excess of eight (8) hours in a workday

3

and/or forty (40) hours in a workweek without compensation at the rate of time and one-half (1 1/2) of the regular rate of pay;

(2)    Work without being provided a minimum ten (10) minute rest period for every four (4) hours or major fraction thereof worked and not being compensated one (1) hour of pay at his regular rate of compensation for each workday that a rest period was not provided;

(3)    Work in excess of five (5) hours per day without being provided a meal period and not being compensated one (1) hour of pay at the regular rate of compensation for each workday that a meal period was not provided or provided after five (5) hours, all in violation of California labor laws, regulations, and Industrial Welfare Commission Wage Orders; and

(4)    Work without being provided an accurate itemized wage statement as required by California Labor Code and Wage Orders.

B.    **Defendants**

10.    Defendant BRISTOL-MYERS SQUIBB COMPANY is a Delaware corporation with its principal place of business in New York. Defendant E.R. SQUIBB & SONS, LLC is a Delaware corporation, with its principal place of business in New Jersey. Defendants employed plaintiff and similarly situated persons as Senior Territory Business Managers within California and Alameda County.

11.    The true names and capacities, whether individual, corporate, associate, or otherwise, of defendants sued herein as DOES 1 through 50, inclusive, are currently unknown to plaintiff, who therefore sues defendants by such fictitious names under Federal Rules of Civil Procedure Rule 19. Plaintiff is informed and

FIRST AMENDED CLASS ACTION COMPLAINT

believes, and based thereon alleges, that each of the defendants designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein. Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the defendants designated hereinafter as DOES when such identities become known.

12. Plaintiff is informed and believes, and based thereon alleges, that each defendant acted in all respects pertinent to this action as the agent of the other defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each defendant are legally attributable to the other defendants. Furthermore, defendants in all respects acted as the employer and/or joint employer of plaintiff and the Class.

## III

### FACTUAL BACKGROUND

13. Plaintiff and other Senior Business Territory Managers work in "exempt positions" and have not been paid, during the relevant liability period, the legal overtime rate of pay pursuant to Labor Code §510, Industrial Welfare Commission Wage Order 4-2001 and other applicable Wage Orders. They were improperly classified as exempt due to their title.

14. Plaintiff and Class, and at all times pertinent hereto, have been non-exempt employees within the meaning of the California Labor Code, and the implementing rules and regulations of the IWC California Wage Orders.

15. During the hourly and overtime liability period, plaintiff and members of the Class were employed by defendants and

5

erroneously paid on a salary basis despite working more than eight (8) hours per day and/or forty (40) hours per week.

16.    During the rest and meal period liability period, plaintiff and the members of the Class were regularly required to work in excess of three and one-half hours (3 1/2) without being provided a rest period and were regularly required to work in excess of five (5) hours per day, without being provided a meal period.

17.    Defendants did not fully compensate plaintiff and the Class for overtime wages during the overtime liability period and did not compensate them for defendants' failure to provide rest periods and meal periods during the rest and meal period liability period.

18.    Defendants' requirement that plaintiff and the Class work through meal and rest periods without paying legal compensation or failure to provide rest or meal period during the liability periods was willful and deliberate.

19.    Defendants willfully failed to pay one hours wages in lieu of rest and meal period, when each employee quit or was discharged.

20.    Defendants willfully failed to pay overtime wages to plaintiff and for the Class at the time when each employee quit or was discharged.

21.    Defendants have failed to comply with Industrial Welfare Commission ("IWC") Wage Order 4-2001(7) by failing to maintain time records showing when the employee begins and ends each work period, meal periods, and total daily hours worked by itemizing in wage statements all deductions from payment of wages and accurately reporting total hours worked by plaintiff and the members of the

6

proposed Class.

22.  Plaintiff and the Class are covered by California Industrial Welfare Commission Occupational Wage Order Nos. 4-2001, 4-2000, 4-1998, California Industrial Welfare Commission in No. 1 (Title 8 Cal. Code of Reg. §§11040).

IV

**CLASS ACTION ALLEGATIONS**

23.  Plaintiff brings this action on behalf of himself and all others similarly situated as a Class Action pursuant to Federal Rules of Civil Procedure Rule 23.  Plaintiff seeks to represent a class composed of and defined as follows:

> All persons who are employed or have been employed by defendants in the State of California who, within four (4) years of the filing of this action, have worked as an Senior Business Territory Manager and/or Pharmaceutical Sales Representative.

24.  Plaintiff reserves the right under Rule 23(c)(4) of the Federal Rules of Civil Procedure, to amend or modify the Class description with greater specificity, by further division into subclasses, by limitation to particular issues.

25.  This action has been brought and may properly be maintained as a class action under the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable.

A.  **Numerosity**

26.  The potential members of the Class as defined are so numerous that joinder of all the members of the Class is impracticable.  While the precise number of Class Members has not

7

been determined at this time, plaintiff is informed and believes that defendants currently employ, and during the relevant time periods employed, as many as **250** Senior Business Territory Managers.

27.   Accounting for employee turnover during the relevant periods necessarily increases this number substantially. Plaintiff alleges defendants' employment records would provide information as to the number and location of all Class Members.   Joinder of all members of the proposed Class is not practicable.

B.   **Commonality**

28.   There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class Members.   These common questions of law and fact include, without limitation:

(1)   Whether defendants violated Labor Code §§510, 1194, 1197, and 1199, and Industrial Welfare Commission Wage Order 4-2001 and/or other applicable IWC Wage Orders, by requiring plaintiff and the Class to work in excess of eight (8) hours in a workday and/or forty (40) hours in a workweek without compensating such employee at the rate of time and one-half (1 1/2) of such employee's regular rate of pay;

(2)   Whether defendants violated Business & Professions Code §17200, et. seq., and Wage Order 4-2001 or other applicable IWC Wage Orders, and Cal. Code Regs., Title 8, Section 11040 by failing to provide daily rest periods to plaintiff and the Class for every three and one-half (3 1/2) hours or major fraction thereof worked and failing to compensate said employees one hours wages in lieu of rest periods;

8

1    (3)    Whether defendants violated Business & Professions

2    Code §17200, et. seq., IWC Wage Order 4-2001 or other applicable

3    IWC Wage Orders, and Cal. Code Regs., Title 8, Section 11040 by

4    failing to provide meal periods to plaintiff and the Class on days

5    they worked in excess of five (5) hours or if waived meal period

6    between five and six hours but worked over six hours with no meal

7    period, and failing to compensate said employees one hours wages in

8    lieu of meal periods;

9    (4)    Whether defendants violated §226(a) of the Labor

10   Code by failing to provide plaintiff and members of the class

11   accurate itemized wage statements;

12   (5)    Whether defendants violated §§201-203 of the Labor

13   Code by failing to pay overtime wages and/or compensation for

14   denied rest periods and meal periods due and owing at the time that

15   any Class member's employment with defendants terminated;

16   (6)    Whether defendants violated §17200 et. seq. of the

17   Business & Professions Code by failing to pay legal overtime wages

18   for assistant managers and/or failing to provide rest and meal

19   periods without compensation to assistant managers or hourly

20   restaurant employees;

21   (7)    Whether plaintiff and the members of the Class are

22   entitled to equitable relief pursuant to Business & Professions

23   Code §17200, et. seq.; and

24   (8)    Whether defendants violated §2699 et. seq. of the

25   Labor Code by engaging in the acts previously alleged.

26   C.    **Typicality**

27   29.    The claims of the named plaintiff are typical of the

28   claims of the Class.    Plaintiff and all members of the Class

9

1  sustained injuries and damages arising out of and caused by

2  defendants' common course of conduct in violation of laws,

3  regulations that have the force and effect of law, and statutes as

4  alleged herein.

5      **D.    Adequacy of Representation**

6      30.  Plaintiff will fairly and adequately represent and protect

7  the interests of the members of the Class.  Counsel who represents

8  Plaintiffs is competent and experienced in litigating large

9  employment class actions.

10      **E.    Superiority of Class Action**

11      31.  A class action is superior to other available means for

12  the fair and efficient adjudication of this controversy.

13  Individual joinder of all Class Members is not practicable, and

14  questions of law and fact common to the Class predominate over any

15  questions affecting only individual members of the Class.  Each

16  member of the Class has been damaged and is entitled to recovery by

17  reason of Defendants' illegal policy and/or practice of failing to

18  compensate Class Members at the legal overtime rates and denying

19  Class Members rest and meal periods without legal compensation.

20      32.  Class action treatment will allow those similarly situated

21  persons to litigate their claims in the manner that is most

22  efficient and economical for the parties and the judicial system.

23  Plaintiff is unaware of any difficulties that are likely to be

24  encountered in the management of this action that would preclude

25  its maintenance as a class action.

26  ///

27  ///

28  ///

10

V

## FIRST CAUSE OF ACTION

### FAILURE TO PAY OVERTIME WAGES (Labor Code §§1194, 1199)

33.   Plaintiff, on behalf of himself and all others similarly situated, incorporates paragraphs 1 through 32 as though fully set forth herein.

34.   By their policy of requiring Senior Business Territory Managers to work in excess of eight (8) hours in a workday and/or forty (40) hours in a workweek without compensating such employees at the premium overtime rates, defendants willfully violated the provisions of Labor Code §§510 and 1194.

35.   As a result of the unlawful acts of defendants, plaintiff and the Class have been deprived of wages and overtime in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, pursuant to Labor Code §§510 and 1194.

VI

## SECOND CAUSE OF ACTION

### FAILURE TO FURNISH WAGE STATEMENTS

### In violation of California Labor Code §226(e)

36.   Plaintiff, on behalf of himself and all others similarly situated, incorporates paragraphs 1 through 35 as though fully set forth herein.

37.   California Labor Code §226(a) requires an employer, either semi-monthly or at the time of each payment of wages, to furnish each employee with a statement that accurately reflects, among other things, the total number of hours worked and the applicable hourly rates.

11

38.   Accordingly, pursuant to Labor Code §226(a), a California employer is required to maintain accurate records reflecting, among other things, the total hours worked and the applicable rates of each employee.

39.   Defendants, as a pattern and practice, knowingly and intentionally failed and continue to fail to furnish Plaintiff and members of the Wage Statements Class with timely, itemized statements that accurately reflect, among other things, the total number of hours worked and the applicable rate, in violation of Labor Code §226(a).

40.   Defendants, as a pattern and practice, knowingly and intentionally failed and continue to fail to maintain accurate records reflecting, among other things, the total hours worked and the applicable rates of Plaintiff and the Wage Statements Class, in violation of Labor Code §226(a).

41.   Plaintiff and the Wage Statements Class Members suffered injuries as a result of Defendants' failure to maintain records in that, without itemized statement showing all requisite information, they were misled by Defendants as to the correct information regarding various items including, but not limited to the total hours worked by the employee, new wages earned, and all applicable hourly rates in effect.

42.   Pursuant to Labor Code §226(g), plaintiff and currently-employed members of the Wage Statements Class are entitled to injunctive relief to ensure Defendants' compliance with Labor Code §226.

///

///

FIRST AMENDED CLASS ACTION COMPLAINT

43.   Pursuant to Labor Code §226(e), Plaintiff and the Wage Statements Class are entitled to the greater of all actual damages or fifty dollars ($50) for the initial violation and one hundred dollars ($100) for each subsequent violation, up to four thousand dollars ($4,000) per person.

44.   Pursuant to Labor Code §§226(e) and (g), Plaintiff and the Wage Statements Class are entitled to attorney's fees and costs.

VII

### THIRD CAUSE OF ACTION

### WAITING TIME PENALTIES UNDER LABOR CODE §203

45.   Plaintiff, on behalf of himself and all others similarly situated, incorporates paragraphs 1 through 44 as though fully set forth herein.

46.   Numerous members of the Class are no longer employed by defendants.  They were either fired or quit defendants employ.

47.   Defendants' failure to pay wages, as alleged above was willful in that defendants and each of them knew wages to be due but failed to pay them, thus entitling plaintiff and the Class to penalties under Labor Code §203, which provides that an employee's wages shall continue as a penalty until paid for a period of up to thirty (30) days from the time they were due.

48.   Defendants have failed to pay plaintiff and others a sum certain at the time of termination or within seventy-two (72) hours of their resignation, and have failed to pay those sums for thirty (30) days thereafter.  Pursuant to the provisions of Labor Code §203, plaintiff and the Class are entitled to a penalty in the amount of their daily wage multiplied by thirty (30) days.

///

13

VIII

**FOURTH CAUSE OF ACTION**

**UNFAIR COMPETITION PURSUANT TO**

**BUSINESS & PROFESSIONS CODE §17200 (OVERTIME)**

49.  Plaintiff, on behalf of himself and all others similarly situated, incorporates paragraphs 1 through 48 as though fully set forth herein.

50.  This is a Representative Private Attorney General Action and Class Action for Unfair Business Practices.  **KIN FUNG** on his own behalf and on behalf of the general public, and on behalf of others similarly situated, brings this claim pursuant to Business & Professions Code §17200, et. seq.  The conduct of all defendants as alleged in this Complaint has been and continues to be unfair, unlawful, and harmful to plaintiff, the general public, and the Class. Plaintiff seeks to enforce important rights affecting the public interest within the meaning of    Code of Civil Procedure §1021.5.

51.  Plaintiff is a "person" within the meaning of Business & Professions Code §17204, and therefore has standing to bring this cause of action for injunctive relief, restitution, and other appropriate equitable relief.

52.  Business & Profession Code §17200, et. seq. prohibits unlawful and unfair business practices.

53.  Wage and hour laws express fundamental public policies. Providing employees with overtime is a fundamental public policy of this State and of the United States. Labor Code §90.5(a) articulates the public policies of this State to enforce vigorously minimum labor standards, to ensure that employees are not required

14

or permitted to work under substandard and unlawful conditions, and to protect law-abiding employers and their employees from competitors who lower their costs by failing to comply with minimum labor standards.

54. Defendants have violated statutes and public policies. Through the conduct alleged in this Complaint, defendants, and each of them, have acted contrary to these public policies, have violated specific provisions of the Labor Code, and have engaged in other unlawful and unfair business practices in violation of Business & Profession Code §17200, et. seq., depriving plaintiff, and all persons similarly situated, and all interested persons of rights, benefits, and privileges guaranteed to all employees under law.

55. Defendants' conduct, as alleged hereinabove, constitutes unfair competition in violation of §17200, et. seq. of the Business & Professions Code.

56. Defendants, by engaging in the conduct herein alleged, either knew or in the exercise of reasonable care should have known that the conduct was unlawful. As such it is a violation of §17200, et. seq. of the Business & Professions Code.

57. As a proximate result of the above mentioned acts of defendants, plaintiff and others similarly situated have been damaged in a sum as may be proven.

58. Unless restrained by this Court, defendants will continue to engage in the unlawful conduct as alleged above. Pursuant to the Business & Professions Code, this Court should make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by defendants, their

15

agents or employees of any unlawful or deceptive practice prohibited by the Business & Professions Code, and/or, including but not limited to, disgorgement of profits which may be necessary to restore plaintiff and the Class Members to the money defendants have unlawfully failed to pay.

IX

### FIFTH CAUSE OF ACTION

### UNFAIR COMPETITION PURSUANT TO

### BUSINESS & PROFESSIONS CODE §17200 (MEAL)

59.    Plaintiff, on behalf of himself and all others similarly situated, incorporates paragraphs 1 through 58 as though fully set forth herein.

60.    Defendants by engaging in the conduct herein alleged, by not providing proper meal breaks, either knew or in the exercise of reasonable care should have known that the conduct was unlawful. As such it is a violation of Business & Professions Code §17200, et. seq.

X

### SIXTH CAUSE OF ACTION

### UNFAIR COMPETITION PURSUANT TO

### BUSINESS & PROFESSIONS CODE §17200 (REST)

61.    Plaintiff, on behalf of himself and all others similarly situated, incorporates paragraphs 1 through 60 as though fully set forth herein.

62.    Defendants by engaging in the conduct herein alleged, by not providing proper rest breaks, either knew or in the exercise of reasonable care should have known that the conduct was unlawful. As such it is a violation of §17200 of the Business & Professions

16

1  Code, et. seq.

2                                    XI

3                      SEVENTH CAUSE OF ACTION

4              PENALTIES PURSUANT TO LABOR CODE §2699

5      63.  Plaintiff, on behalf of himself and all others similarly

6  situated, incorporates paragraphs 1 through 62 as though fully set

7  forth herein.

8      64.  As a result of the acts alleged above, plaintiff seeks

9  penalties under Labor Code §§2698 and 2699 because of defendants'

10 violation of Labor Code §§201, 202, 203, 226(a), 226.7, 510, 512,

11 1194, 1197, and 1199, which call for civil penalties.

12     65.  For each such violation, plaintiff and the proposed class

13 are entitled to penalties in the amount to be shown at the time of

14 trial subject to the following formula:

15          a.    For $100 for the initial violation per employee per

16                pay period.

17          b.    For $200 for each subsequent violation per employee

18                per pay period.

19     66.  These penalties shall be allocated 75% to the Labor

20 Workforce Development Agency and 25% to the affected employees.

21     67.  Plaintiff sent a certified letter to the LWDA and

22 defendants as prescribed by the Code on June 28, 2007.  On August

23 2, 2007, plaintiff received a letter from the LWDA stating the LWDA

24 does not intend to investigate the allegations and that plaintiffs

25 may proceed and file a complaint.  Therefore, plaintiff may proceed

26 and file a complaint for penalties pursuant to Labor Code §2699.

27 ///

28 ///

                                    17

## RELIEF REQUESTED

**WHEREFORE,** plaintiff prays for the following relief:

1.    For compensatory damages in the amount of plaintiff's and each Class Members' unpaid overtime.

2.    For penalties pursuant to Labor Code §226(a) for all employees who were not provided an accurate itemized wage statement as required by the California Labor Code;

3.    For penalties pursuant to Labor Code §203 for all employees who quit or were fired equal to their daily wage times thirty (30) days;

4.    An award of prejudgment and post judgment interest;

5.    An order enjoining defendants and their agents, servants, and employees, and all persons acting under, in concert with, or for them to provide plaintiff and the proposed class with overtime compensation and proper meal and rest breaks pursuant to Labor Code §512 and IWC 1-2001.

6.    For restitution for unfair competition pursuant to Business & Professions Code §17200, including disgorgement of profits, in an amount as may be proven;

7.    For penalties and other relief pursuant to Labor Code §2699;

8.    An award providing for payment of costs of suit;

9.    An award of attorneys' fees; and

10    Such other and further relief as this Court may deem proper and just.

///

///

///

FIRST AMENDED CLASS ACTION COMPLAINT

1

## DEMAND FOR JURY TRIAL

2          Plaintiff and the class hereby demand trial of their claims by

3  jury to the extent authorized by law.

4

5  DATED: September 20, 2007                KINGSLEY & KINGSLEY, APC

6

7                                           By: _____

8                                               GREGORY E. GIVENS
                                                ATTORNEY FOR PLAINTIFFS

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FIRST AMENDED CLASS ACTION COMPLAINT

## PROOF OF SERVICE
### [C.C.P. §1013(A)(3)]

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to the within action. My business address is 16133 Ventura Boulevard, Suite 1200, Encino, California 91436.

On September 20, 2007, I served all interested parties in this action the following documents described as <u>FIRST AMENDED CLASS ACTION COMPLAINT</u> by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

PROSKAUER ROSE
Joshua Alloy
2049 Century Park East
32nd Floor
Los Angeles, CA 90067-3206

DAVID W. SANFORD
MEENOO CHAHBAZI
SANFORD, WITTELS & HEISLER, LLP
1666 CONNECTICUT AVE., NW,
SUITE 310
WASHINGTON, D.C. 20009

SPIRO MOSS BARNESS
IRA SPIRO, ESQ.
GREGORY N. KARASIK, ESQ.
11377 W. OLYMPIC BL.,
5TH FLOOR
LOS ANGELES, CA 90064

GRANT MORRIS
LAW OFFICES OF GRANT MORRIS
1666 CONNECTICUT AVE., NW,
SUITE 310
WASHINGTON, D.C. 20009

[XX]    (BY MAIL)  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on that same day with postage fully prepaid at Encino, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[  ]    **(BY PERSONAL SERVICE)**   I caused such envelope to be delivered by hand to the offices of the addressee.

[XX]    (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on September 20, 2007, at Encino, California.

_____
J. HALL