HAROLD M. BRODY, State Bar No. 84927
hbrody@proskauer.com
PROSKAUER ROSE LLP
2049 Century Park East, 32nd Floor
Los Angeles, CA  90067-3206
Telephone:     (310) 557-2900
Facsimile:     (310) 557-2193

PROSKAUER ROSE LLP
BETTINA B. PLEVAN *(Pro Hac Vice)*
bplevan@proskauer.com
JOSHUA F. ALLOY *(Pro Hac Vice)*
jalloy@proskauer.com
1585 Broadway
New York, NY 10036-8299
(212) 969-3000
(212) 969-2900 (fax)

Attorneys for Defendants,
BRISTOL-MYERS SQUIBB COMPANY;
E.R. SQUIBB & SONS, LLC

Ira Spiro, State Bar No. 67641
ira@spiromoss.com
Gregory Karasik, State Bar No. 115839
greg@spiromoss.com
Spiro Moss Barness LLP
11377 W. Olympic Blvd., 5th Floor
Los Angeles, CA 90064
Telephone:    310-235-2468
Fax:          310-235-2456

George R. Kingsley, State Bar No. 38022
Eric. B. Kingsley, State Bar No. 185123
eric@kingsleykingsley.com
Darren M. Cohen, State Bar No. 221938
Gregory E. Givens, State Bar No. 212348
KINGSLEY & KINGSLEY
16133 Ventura Blvd., Suite 1200
Encino, CA 91436
Telephone:    818-990-8300
Fax:          818-990-2903

Attorneys for Plaintiff

[SEE SIGNATURE PAGE FOR ADDITIONAL COUNSEL]

- 1 -

**JOINT CASE MANAGEMENT STATEMENT**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIN FUNG, on behalf of himself and others similarly situated,<br><br>                Plaintiffs,<br><br>        v.<br><br>BRISTOL-MYERS SQUIBB COMPANY; E.R. SQUIBB & SONS, LLC; and DOES 1 to 50, Inclusive,<br><br>                Defendants. | Case No. 3:07-cv-04109-WHA<br><br>**JOINT CASE MANAGEMENT STATEMENT AND**<br>**FED. R. CIV. P. 26(F) REPORT**<br><br>Date: November 15, 2007<br>Time: 11:00 a.m.<br>Judge: Hon. William H. Alsup |

Pursuant to Federal Rule Civil Procedure 26(f) and Local Rules 16-8 and 16-9, Plaintiff Kin Fung ("Plaintiff") and Defendants Bristol-Myers Squibb Company ("BMS") and E.R. Squibb & Sons, LLC ( collectively "Defendants"), respectfully submit their Joint Case Management Conference Statement and Rule 26(f) Report.

**1.    Jurisdiction and Service**:

The Court has jurisdiction over Plaintiff's claims under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. 1332(d), and because there is complete diversity of citizenship between Plaintiff and Defendants. Jurisdiction is not contested. The parties are unaware of any service of process, personal jurisdiction, subject matter jurisdiction, or venue issues at this time.

**2.    Description of the Case**

Defendant BMS is a pharmaceutical company incorporated in Delaware with its principal place of business in New York. Defendant E.R. Squibb & Sons, LLC is a duly formed limited liability company. Defendants state that Defendant E.R. Squibb & Sons, LLC is wholly owned by BMS. Plaintiff worked for BMS from in or about April 2005 to in or about August 2006 as a Senior Territory Business Manager ("Senior TBM") for the Los Angeles territory. Defendants

point out that Plaintiff worked in Virology. Plaintiff asserts this is not a fact relevant to the issues. Defendants classified Plaintiff as exempt from overtime pay. Defendants state that Plaintiff was paid an annual salary of $102,900 with no additional overtime pay, but with periodic incentive compensation.

Plaintiff filed this class action lawsuit on or about June 28, 2007 in the Superior Court of California, County of Alameda, Case No. RG07333147, and served it upon Defendants on July 20, 2007. On August 8, 2007, Defendants filed an Answer to the Complaint in Alameda Superior Court, generally denying all of Plaintiff's allegations. On August 9, 2007, Defendants removed the action to the Northern District of California. On September 20, 2007, Plaintiffs filed a First Amended Complaint, to which the Defendants stipulated; Plaintiff in return stipulated that Defendants' Answer filed on August 8, 2007 would continue to apply.

The First Amended Complaint, now the operative Complaint in this action, alleges the following causes of action, all of them under California state law: (1) Failure to pay overtime in violation of California Labor Code § 1194; (2) Failure to furnish accurate wage statements in violation of California Labor Code § 226(e); (3) "Waiting time penalties" in violation of California Labor Code § 203; (4) Violation of Business & Professions Code § 17200 for failure to pay overtime pursuant to the California Labor Code; (5) Violation of Business & Professions Code § 17200 for failure to provide meal breaks pursuant to the California Labor Code; (6) Violation of Business & Professions Code § 17200 for failure to provide rest breaks pursuant to the California Labor Code; and (7) Statutory Penalties for Labor Code violations under the Private Attorneys General Act ("PAGA"), California Labor Code § 2699 et seq.

Plaintiff seeks to certify a class (Rule 23) of all Senior TBMs, Pharmaceutical Sales Representatives and/or similar positions who were employed by Defendants in California within the four-year period prior to the filing date of the Complaint and thereafter.

Defendants deny that Plaintiff or any other employees were improperly classified as exempt from overtime, deny the violations of any state laws in the payment of wages or the issuance of wage statements, and deny any failure to provide meal and rest break periods.

JOINT CASE MANAGEMENT STATEMENT

Defendants assert that their Senior TBMs and similar positions are exempt from overtime and attendant wage-hour requirements under state law pursuant to a variety of exemptions, including the outside sales exemption[1], the administrative exemption, and the Motor Carrier Act exemption.   Defendants further deny that this case is appropriately brought as a class action, as discussed in more detail below.

### 3.     Disputed Factual and Legal Issues

According to the parties, the principal factual and legal issues that the parties dispute are:

- Whether Defendants were required to pay overtime to the named Plaintiff and putative class members.
- Whether the class members are properly classified as exempt from overtime under California law pursuant to the California "administrative" exemption.
- Whether the class members are properly classified as exempt from overtime under California law pursuant to the California "outside salesperson" exemption.
- Whether the class members are properly classified as exempt from overtime under California law pursuant to the California Motor Carrier Act exemption.
- Whether named Plaintiff and putative class members worked in excess of 8 hours in a day and/or 40 hours per week.
- Whether the work of the class members is work that consists of carrying out the particular day-to-day operations of Defendants.
- Whether named Plaintiff and putative class members are primarily engaged in office or non-manual work directly related to management policies or general business operations of Defendants or Defendants' customers, within the meaning of the California "administrative" exemption.
- Whether the class members are engaged in selling within the meaning of the California

---

[1] In two separate decisions within the past month involving identical claims to the case at hand, California federal courts have granted summary judgment for the defendants and held that pharmaceutical sales representatives are exempt outside salespersons under the California Labor Code. *See Gina D'Este, et al v. Bayer Corporation, et al*, No. 07 Civ. 3206 (C.D. Cal. Oct. 9, 2007); *William Barnick v. Wyeth, et al*, No. 07 Civ. 3859 (C.D. Cal. Oct. 24, 2007).

"outside salesperson" exemption.

- Whether the class members were engaged in interstate commerce within the meaning of the California Motor Carrier Act exemption.
- Whether Defendants were required to provide meal and rest periods to the class members.
- Whether Defendants provided meal and rest periods to the class members.
- Whether Plaintiff and putative class members were provided properly itemized wage statements.
- Whether the Plaintiff and putative class members were properly paid all wages due and owing upon termination.
- Whether it is appropriate for the class to maintain a claim for premiums or penalties or other amounts recoverable under California Business and Professions Code 17200.
- Whether the amounts recoverable under California Labor Code 203 are penalties or wages or other amounts recoverable under California Business and Professions Code 17200.
- Whether the amounts recoverable under California Labor Code 226(e) are penalties or wages or other amounts recoverable under California Business and Professions Code 17200.
- Whether this action can be maintained as a class action.
- Whether common issues predominate over any individual issues.
- Whether Plaintiff is an adequate class representative.
- Whether the class members are entitled to damages.
- Whether the class members are entitled to other monetary recovery.
- The type of proof by which the class members are entitled to prove damages and the amounts of other monetary recoveries.

JOINT CASE MANAGEMENT STATEMENT

### 4. Motions

To date, no motions have been filed. Plaintiff intends to file a motion for discovery of the class members' contact information, in part for purposes of locating another class member potentially to serve as class representative. Plaintiff also intends to file a motion to substitute a new class member as potential class representative. Plaintiff proposes to file these motions, together or seriatim, beginning approximately November 15, 2007. Defendants intend to oppose the motion for discovery of putative class members' contact information, and may oppose the motion to substitute a new class member as class representative. Moreover, based upon discussions with Plaintiff's counsel, Defendants understand and believe that Fung does not want to proceed as the class representative and therefore there is presently no plaintiff or class in the case. Accordingly, it is Defendants' position that at least the class claims should be dismissed without prejudice. It is Plaintiff's position that there cannot be dismissal of the claims of Plaintiff or the class.

Defendants join in this paragraph in the event that the case is not dismissed. The date Plaintiff proposes filing their motion for Rule 23 class certification is set out in Section 8 below. Defendants intend to oppose Plaintiff's motion for class certification. The parties both anticipate filing a Motion for Summary Judgment or in the alternative, a Motion for Summary Adjudication under Rule 56 of the Federal Rules of Civil Procedure, as set out in Section 8 below.

### 5. Amendment of Pleadings

Plaintiff filed a First Amended Complaint on September 20, 2007, adding an additional claim to recover civil penalties under the Private Attorney General Act ("PAGA"), to which Defendants stipulated. Plaintiff anticipates amending the pleadings pursuant to the motions referred to in the preceding paragraph, Section 4; the parties propose that any amendments to the pleading will occur on or before December 31, 2007.

### 6. Evidence Preservation

The parties have made efforts to preserve both electronic and other evidence, and Defendants have issued a litigation hold notice for potentially relevant electronic and other

information and documents.

**7.    Disclosures**

The parties have agreed to exchange Initial Disclosures on or before November 13, 2007.

**8.    Discovery**

The parties have not yet begun to conduct discovery; however, both parties anticipate serving appropriate requests for admission, requests for production of documents, and interrogatories, as well as taking a number of depositions. The parties expect to submit a Protective Order to the Court governing discovery.

The parties jointly propose the following discovery schedule:

- Responses to discovery to be completed before motion for class certification: January 31, 2007
- Document production to be completed before motion for class certification: February 29, 2008
- Depositions to be completed before motion for class certification: March 1, 2008 – April 30, 2008
- Plaintiff's motion for class certification: June 1, 2008
- Defendants' opposition brief: July 1, 2008
- Plaintiff's reply brief: August 1, 2008

If a Rule 23 class is certified, Plaintiffs preliminarily propose the following deadlines for discovery and dispositive motions:

- Discovery (excluding experts): nine months after certification
- Disclosure of experts: The parties currently disagree on the timing and order of disclosure of expert witnesses and reports, but plan to discuss the issue further and therefore request that the court defer fixing dates for expert reports unless and until a class is certified or the parties jointly propose a schedule.
- Expert witness discovery deadline: ten months after certification.
- Summary Judgment motions: no later than 4 weeks after conclusion of expert

discovery

- Summary Judgment opposition brief(s): 4 weeks after summary judgment motion is served
- Summary Judgment reply brief(s): 4 weeks after opposition to summary judgment motion is served.

**9.    Class Actions:**

Plaintiff contends that this action is maintainable as a class action. Following are only some of the reasons.

Defendants classified all class members as exempt from overtime, without individualized analysis of each class member, but now Defendants claim that individualized inquiry is necessary to determine if the class members are exempt.

The duties and work of the class members are subject to policies and practices and control by Defendants statewide, indeed company-wide. Defendant has extensive policy and procedure manuals that regularize the work of the class members.

This is a highly regulated industry. The Food and Drug Administration strictly regulates what the class members can and cannot do and say, and Defendants must adhere to those regulations or face severe sanctions from the FDA. The FDA regulations are to attempt to assure that pharmaceutical companies such as Defendants do not improperly represent the facts about their drugs, and it is the job of the class members to represent facts about Defendants' drugs.

Whether the class members do any selling at all, a requirement of what Plaintiff believes is the prime overtime exemption upon which defendants rely is very largely a matter of law, i.e. of what constitutes selling for purposes of the exemption. The outside sales exemption is perhaps the only exemption seriously contended by Defendants, in view of the very recent case on the California administrative exemption, *Harris v. Superior Court (Liberty Mutual )* 2007 WL 2325580 (Cal. Ct. of App., August 16, 2007), and in view of the fact that the class members drove personal vehicles, not vehicles over 10,000 pounds as required by the Motor Carrier Act exemption. *Harris* makes the administrative exemption most appropriate for class certification,

1  because under it the administrative exemption turns on essentially on a single inquiry, whether
2  the class members perform day-to-day work of the employer.

3      The aspects of the work of the class members that Defendants contend are individualized
4  (see Defendants' statement below on this subject) are almost entirely immaterial to the merits and
5  therefore immaterial to class certification. They are nearly a repetition of the types of immaterial
6  differences the California Supreme Court found not to preclude class certification in the leading
7  case of *Sav-On Drug Stores, Inc. v. Superior Court*, 34 Cal.4th 319 (2004).

8      Proof of damages almost invariably is no impediment to class certification. That is
9  particularly true in a wage class action, where the manner of proof of damages is streamlined and
10 the burden essentially shifted to the employer *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S.
11 680, 688 (1946).

12     Defendants dispute that this case is properly maintainable as a class action as there are
13 many individualized questions relating to a determination of liability. *See, e.g. Jiminez v.*
14 *Domino's Pizza*, 238 F.R.D. 241 (C.D. Cal. 2006); *Blackwell v. Skywest Airlines*, 2007 U.S. Dist.
15 LEXIS 67949 (S.D. Cal. 2007). Such individualized issues include, but are not limited to: issues
16 relating to the number of hours each putative class member works; issues related to the amount
17 of control each putative class member has over his or her own hours worked and his or her own
18 meal and rest breaks; issues relating to what each individual sales representative actually does on
19 a day-to-day basis, the differences and variations, and why these differences and variations
20 occur; issues relating to the differences in work responsibilities and policies between and among
21 geographic territories, districts and regions, therapeutic/business divisions, and job levels of each
22 putative class member; and other individualized inquiries that relate to liability issues.

23     In addition, the calculation of damages can only be conducted on an individual basis—a
24 consideration that a court must also weigh when deciding whether or not to certify a class.
25 *Sepulveda v. Wal-Mart*, 237 F.R.D. 229, 248 (C.D. Cal. 2006). Finally, Defendants believe that
26 there may be significant issues of the adequacy of representation on the part of the named
27 Plaintiff which will be developed as discovery progresses.
28

- 9 -
JOINT CASE MANAGEMENT STATEMENT

### 10. Related Cases

A purported nationwide collective action under the Fair Labor Standards Act is currently pending against Defendant BMS in the Southern District of New York (*Amendola v. Bristol-Myers Squibb Co., 07 CV 6088 (DLC)*), alleging failure to pay overtime on behalf of all Territory Business Managers and similarly situated employees.

### 11. Relief

Plaintiff seeks the following relief:

- Damages for unpaid overtime.
- Amounts under Labor Code § 226(a) for failure to provide accurate itemized wage statements.
- Continuation wages under Labor Code § 203
- Amounts for failure to provide meal and rest periods under Labor Code § 226.7.
- All amounts above as restitution under Business & Professions Code § 17200 et seq.
- Penalties under the Labor Code Private Attorney General Act (PAGA).
- Pre-judgment and post-judgment interest.
- Orders enjoining Defendants from failing to pay overtime to the class members, failing to provide required meal and rest periods, and failing to provide accurate itemized wage statements
- Attorneys' fees and costs.

Defendants seek dismissal of the action, its costs, and attorneys' fees. If liability is established in this matter, Defendants currently contend that any damage calculations must be performed on an individualized basis, as the named Plaintiff and each putative class member will have worked different lengths of time, different amounts of time, and individualized facts will affect any damages suffered by them.

### 12. Settlement and ADR

The parties have met and conferred regarding Alternative Dispute Resolution ("ADR") considerations, and believe it is too early in the case to meaningfully explore the issue of

- 10 -
JOINT CASE MANAGEMENT STATEMENT

settlement. However, the parties remain willing to consider, in good faith, settlement discussions as the case progresses. Accordingly, the parties have filed a Notice of Need for ADR Phone Conference.

**13.   Consent to Magistrate Judge for All Purposes**

The parties respectfully do not consent to the selection of a magistrate judge for all purposes.

**14.   Other References**

The parties do not agree to binding arbitration, nor do they believe this mater is suitable for reference to a special master, or the Judicial Panel on Multidistrict Litigation.

**15.   Narrowing of Issues**

It is too early in the litigation to determine whether issues can be narrowed for trial to expedite the presentation of evidence. However, the parties agree to work in good faith to determine if any issues may be narrowed, as the case progresses. Should the matter proceed to trial, the parties may request that any damages phase be bifurcated from the liability phase.

**16.   Expedited Schedule**

The parties do not believe that this matter can be resolved on an expedited schedule.

**17.   Scheduling**

Plaintiff and Defendants believe that deadlines should be set according to their respective proposals in Section 8 above:

- Proposed dates for Expert Discovery – see § 8 above.
- Dispositive Motion Deadline – see § 8 above.
- Proposed Trial Date: set after the Court rules on any class certification motion.
- Final Pretrial Conference Deadline: 30 days prior to trial

**18.   Trial**

The parties believe that a trial of this action will take approximately 3-5 weeks. Plaintiff has requested a jury trial.

JOINT CASE MANAGEMENT STATEMENT

**19.    Disclosure of Non-party Interested Entities or Persons**

Both Parties have filed the "Certification of Interested Entities or Persons" as required by Local Rule 3-16; neither party disclosed any relevant interested entities or persons and each party reiterates that they are unaware of any such interested entities or persons as of the filing of this Joint Case Management Statement.

DATED: November 8, 2007

BETTINA B. PLEVAN
HAROLD M. BRODY
JOSHUA F. ALLOY

PROSKAUER ROSE LLP

/s/ Bettina B. Plevan
Bettina B. Plevan

Attorneys for Defendants,
BRISTOL-MYERS SQUIBB COMPANY and
E.R. SQUIBB & SONS, LLC

DATED: November 8, 2007

Ira Spiro

Spiro Moss Barness LLP

/s/ Ira Spiro
Ira Spiro

Attorney for Plaintiff

David W. Sanford (pro hac vice pending)
dsanford@nydclaw.com
Meenoo Chahbazi, State Bar No. 233985
mchahbazi@nydclaw.com
SANFORD, WITTELS & HEISLER, LLP
1666 Connecticut Ave., NW, Suite 310
Washington, D.C. 20009
Telephone:    202-742-7777
Fax:    202-742-7776

Grant Morris (pro hac vice pending)
grantemorris@gmail.com

- 12 -
JOINT CASE MANAGEMENT STATEMENT

LAW OFFICES OF GRANT MORRIS
1666 Connecticut Ave., NW, Suite 310
Washington, D.C. 20009
Telephone:   202-742-7783
Fax:         202-742-7776

Additional Attorneys for Plaintiff