HAROLD M. BRODY State Bar No. 84927
hbrody@proskauer.com
JEREMY M. MITTMAN State Bar No. 248854
jmittman@proskauer.com
PROSKAUER ROSE LLP
2049 Century Park East, 32nd Floor
Los Angeles, CA 90067-3206
Telephone: (310) 557-2900
Facsimile: (310) 557-2193

PROSKAUER ROSE LLP
BETTINA B. PLEVAN *(Pro Hac Vice)*
bplevan@proskauer.com
JOSHUA F. ALLOY *(Pro Hac Vice)*
jalloy@proskauer.com
1585 Broadway
New York, NY 10036-8299
(212) 969-3000
(212) 969-2900 (fax)

Attorneys for Defendants,
BRISTOL-MYERS SQUIBB COMPANY;
E.R. SQUIBB & SONS, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIN FUNG, on behalf of himself and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BRISTOL-MYERS SQUIBB COMPANY; E.R. SQUIBB & SONS, LLC; and DOES 1 to 50, Inclusive,<br><br>Defendants. | Case No. 3:07-cv-04109-WHA<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO PLAINTIFF'S WITHDRAWAL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF HAROLD M. BRODY IN SUPPORT THEREOF (FILED CONCURRENTLY HEREWITH)**<br><br>Date: Jan. 3, 2008<br>Time: 8:00 a.m. |

TO PLAINTIFF KIN FUNG AND HIS ATTORNEYS OF RECORD HEREIN:

PLEASE TAKE NOTICE that on January 3, 2008, at 8:00 a.m., or as soon thereafter as the motion may be heard, in Courtroom 9 of the Northern District of California, 450 Golden Gate Ave., San Francisco, CA 94102, Bristol-Myers Squibb Company and E.R. Squibb & Sons, LLC (collectively "Defendants") will and hereby do move the Court for an order dismissing Plaintiff Kin Fung's entire complaint as against Defendants.

This Motion is brought on the ground that Plaintiff Fung's request that his claims be dismissed should be honored and that, as a consequence, the entire Complaint should be dismissed. This Motion is based on this Notice of Motion and Motion; the accompanying Memorandum of Points and Authorities, and declaration of Harold M. Brody attached hereto; all pleadings and papers on file in this action, and any oral argument that may be presented to the Court at the time of the hearing on this motion.

DATED: November 29, 2007

BETTINA B. PLEVAN
HAROLD M. BRODY
JOSHUA F. ALLOY
JEREMY M. MITTMAN

PROSKAUER ROSE LLP

/s/ Harold M. Brody
Harold M. Brody

Attorneys for Defendants,
BRISTOL-MYERS SQUIBB COMPANY and
E.R. SQUIBB & SONS, LLC

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This action lacks a plaintiff and must be dismissed.  On November 13, 2007, Plaintiff Fung asked to withdraw from this suit and that all his individual claims against defendants Bristol-Myers Squibb Company and E.R. Squibb & Sons, LLC (collectively "Defendants") be dismissed.  Without a plaintiff, this action cannot proceed.

Moreover, in a deposition in a separate action given months after this suit was filed, Fung swore that he had *no* knowledge that this action had *ever* been filed.  Fung's testimony raises serious questions whether he *ever* consented to the filing of this action.  If Fung never consented to the filing of a class-action complaint in which he is listed as the sole named plaintiff, this action was improper from its inception, and Plaintiff's counsel should not be afforded any opportunities to locate a named plaintiff.  In either case, the Complaint should now be dismissed in its entirety.

## II. FACTUAL BACKGROUND

This class-action lawsuit was filed on or about June 28, 2007, in the Alameda County Superior Court.  The complaint was served on July 20.  On August 8, Defendants answered, generally denying all of Fung's allegations, and removed the action to this Court on August 9.  On September 20 Plaintiff filed a First Amended Complaint, to which Defendants stipulated; Plaintiff in return stipulated that Defendants' Answer of August 8 would continue to apply.

On November 8, the parties filed a Joint Case Management Statement and Rule 26(f) Report in anticipation of the November 15 case management conference.  However, on November 13, just two days before the scheduled conference, Fung's attorneys filed a "Supplemental Statement for Case Management Conference" (the "Supplemental Statement") stating that Fung wished to withdraw from this suit and that all his individual claims against Defendants be dismissed.  (Brody Decl. ¶ 2, Ex. A ( Supplemental Statement).)  At the November 15 conference, the Court invited Defendants to file the instant motion.  (Brody Decl. ¶ 3, Ex. B (Transcript of Case Management Conference at 18-20).)

**III.   ARGUMENT**

    **A.   Fung's Withdrawal Necessitates A Dismissal Of This Action.**

An action cannot exist without a plaintiff. *See, e.g.,* Fed. R. Civ. P. 17(a) ("Every action shall be prosecuted in the name of the real party in interest."). In a similar vein, a class action cannot proceed without a class representative. Fed. R. Civ. P. 23(a). Here, in their Supplemental Statement, Plaintiff's counsel stated that Fung "does not wish to proceed as a plaintiff and wishes his personal claim to be dismissed." (Brody Decl., Ex. A (Supplemental Statement at 1:4-5).) The Court should honor Fung's requests, and, as a consequence, dismiss this entire action. *See, e.g.*, *Bantolina v. Aloha Motors, Inc.*, 75 F.R.D. 26, 31 (D. Haw. 1977) (Where class representatives decided to withdraw "there is a major defect in the class action; there is no representative of the class. This action is therefore not maintainable as a class action.").

    **B.   Fung Never Consented To The Filing Of This Action.**

It also appears that Fung never consented to the filing of this action. On September 25, 2007, in a deposition he gave in a separate action (*Menes v. Roche Laboratories, Inc.*, No. CV07-01444-R (FFMx) (C.D. Cal.)), Fung testified that he had no knowledge of the current action. Fung testified:

    Q    Have you ever been involved in any other litigation other than with Roche?

    A    Not that I'm aware of. No.

    Q    Have you ever brought a lawsuit against any employer other than Roche?

    A    No. Not that I'm aware of, no. No.

    Q    Did you sue Bristol-Myers Squibb?

    A    No.

    Q    Are you currently suing Bristol-Myers Squibb?

    A    *I've talked to a lawyer, but I don't think so. I don't think so. I haven't talked to anybody recently.*

    . . .

    Q    To the best of your knowledge and understanding, no lawsuit has been filed against Bristol-Myers Squibb?

1     A     I think there hasn't been a lawsuit.

2 (Brody Decl. ¶ 4, Ex. C (Deposition of Kin Yang Fung given in *Menes v. Roche Laboratories,*

3 *Inc.*, *supra*, on Sept. 25, 2007, at 25:24-26:24 (emphasis added).)

4     Later in the deposition, Fung was presented with a copy of the complaint from this action,

5 as to which he said he had no knowledge that it had been filed:

6     Q     *Have you ever seen [the Complaint in the current action] before?*

7     *A*     *No.*

8     Q     Do you know what it is?

9     A     Yeah.

10     Q     *What is it?*

11     A     *I wasn't aware that it was filed.*

12     Q     What is it?

13     A     This is the – what is it called?

14     Q     Is it a Complaint?

15     A     I don't know what the terminology is. *Is this called a Complaint?*

16     40 hours per week without receiving proper overtime compensation. *I wasn't*

17     *aware that it was actually filed.*

18     Q     Okay. *So this is the first time you've ever seen this document?*

19     A     *Yeah. This is – yeah, I haven't received a phone call back from these people.*

20     Q     Do you believe that the Kin Fung that is in the caption on the first page of this

21     document is you?

22     A     Yes.

23     Q     All right. And this is a lawsuit that was filed against Bristol-Myers Squibb,

24     correct?

25     A     That's correct.

26     Q     And based upon the stamp in the upper right-hand corner, it appears to have been

27     filed on June 28, 2007, correct?

28     A     Yes.

4

| | | |
|---|---|---|
| 1 | Q | *And you had no knowledge that this lawsuit was filed, correct?* |
| 2 | A | *I wasn't aware that it was actually filed. I thought it was still under debate.* |
| 3 | Q | *Debate by whom?* |
| 4 | A | *Debate by me and –* |
| 5 | Q | *As to whether or not you were going to do it or not?* |
| 6 | A | *Yeah.* |

(*Id*. at 198.4-199.15 (emphasis added).)[1]

Fung gave this testimony nearly three months *after* the filing of the original complaint in this action on June 28, 2007 and just five days *after* the filing of the amended complaint on September 20, 2007. The only reasonable inference that can be drawn from Fung's testimony is that as of September 25 he had not consented to having a complaint filed in which he was named as the sole named plaintiff and that he was unaware that his attorneys had filed such a suit, supposedly on his behalf. Accordingly, it would be improper to allow Plaintiff's counsel to proceed with a "class" action that was never properly filed in the first place. Indeed, the notion that there is a putative class that needs to be protected even after Fung's dismissal is entirely a fiction created by Plaintiff's counsel, and the Court should not afford them additional opportunities to proceed with this case in any manner, including by allowing them to try and locate named plaintiffs, through subsequent notice or any other means. For this additional reason, the current action should be dismissed in its entirety.

//
//
//
//
//
//
//

---

[1] We understand that *Menes* purports to be a class action alleging various wage-hour violations. Fung was deposed as a class member. (Brody Decl. ¶ 4.)

5
**MOTION TO DISMISS PURSUANT TO PLAINTIFF'S WITHDRAWAL**

8260/14011-056
Current/10380600v

## IV. CONCLUSION

For all the foregoing reasons, Defendants' motion should be granted.

DATED: November 29, 2007

BETTINA B. PLEVAN
HAROLD M. BRODY
JOSHUA F. ALLOY
JEREMY M. MITTMAN

PROSKAUER ROSE LLP

/s/ Harold M. Brody
―――――――――――――――――
Harold M. Brody

Attorneys for Defendants,
BRISTOL-MYERS SQUIBB COMPANY and
E.R. SQUIBB & SONS, LLC