PAGES 1 - 22

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BEFORE THE HONORABLE WILLIAM H. ALSUP

KIN FUNG, ON BEHALF OF HIMSELF      )
AND OTHERS SIMILARLY SITUATED,      )
                                    )
          PLAINTIFFS,               )
                                    )
   VS.                              ) NO. C 07-4109 WHA
                                    )
BRISTOL-MYERS, SQUIBB COMPANY;      )
E.R. SQUIBB & SONS, LLC; AND DOES   )
1 TO 50, INCLUSIVE,                 )
                                    )  SAN FRANCISCO, CALIFORNIA
          DEFENDANTS.               )  THURSDAY
                                    )  NOVEMBER 15, 2007
_____   )

**TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES:**

**FOR PLAINTIFF**           SPIRO, MOSS, BARNESS, LLP
                            11377 WEST OLYMPIC BOULEVARD
                            FIFTH FLOOR
                            LOS ANGELES, CALIFORNIA  90064
                      **BY:  IRA SPIRO, ESQUIRE**


**FOR DEFENDANTS**          PROSKAUER ROSE, LLP
                            2049 CENTURY PARK EAST
                            SUITE 3200
                            LOS ANGELES, CALIFORNIA  90067
                      **BY:  HAROLD M. BRODY, ESQUIRE**


*REPORTED BY:*  JOAN MARIE COLUMBINI, CSR 5435, RPR
                OFFICIAL COURT REPORTER, U.S. DISTRICT COURT

1              **PROCEEDINGS; THURSDAY, NOVEMBER 15, 2007**

2

3          **THE CLERK:**  CASE NUMBER IS C-07-4109, KIN FUNG

4    VERSUS BRISTOL-MYERS SQUIBB.

5          **MR. SPIRO:**  GOOD MORNING, YOUR HONOR.  IRA SPIRO

6    S-P-I-R-O, FOR PLAINTIFF.

7          **THE COURT:**  MR. SPIRO.

8          **MR. BRODY:**  HAROLD BRODY, B-R-O-D-Y, ON BEHALF OF

9    THE DEFENDANTS.

10          **THE COURT:**  WELL, I READ YOUR STATEMENT, AND WE --

11    APPARENTLY, MR. FUNG, THE PLAINTIFF, WANTS TO DROP THE CASE?

12          **MR. SPIRO:**  WANTS HIMSELF AT LEAST TO BE DROPPED OUT

13    OF THE CASE, YES; DOES NOT WANT TO BE A -- NOT ONLY DOESN'T

14    WANT TO BE A CLASS REPRESENTATIVE, DOESN'T WANT TO BE A

15    PLAINTIFF.

16          **THE COURT:**  HOW CAN WE -- SHOULDN'T THE CASE BE

17    DISMISSED?

18          **MR. SPIRO:**  I THINK NOT.  I HAVE DONE SOME

19    ADDITIONAL STUDYING ABOUT THIS.  I THINK THAT I, AT LEAST, AM

20    IN A DIFFICULT SITUATION WITH REGARD TO THE DUTIES TO THE

21    PLAINTIFF AND THE DUTIES TO THE PUTATIVE CLASS, AND EVEN

22    *NEWBERG* SAYS I HAVE DUTIES TO THE PUTATIVE CLASS THE MOMENT I

23    FILE A CLASS ACTION.

24          SO IF PLAINTIFF -- AND PLAINTIFF HAS DUTIES, TOO.

25    NOW, I THINK THAT, AS I SAID IN THE PAPERS, THAT I HAVE TO DO

1  MY BEST TO HONOR PLAINTIFF'S DESIRE TO BE OUT OF THE CASE, AND,

2  YET, I'VE GOT TO TRY TO PROTECT THE CLASS.  AND WHAT I PROPOSE

3  IS TO MAKE A MOTION SIMILAR TO -- THE COURT PROBABLY KNOWS THE

4  *BEST BUY* CASE AND A MOTION TO GET NAMES AND ADDRESSES OF CLASS

5  MEMBERS SENT TO A NEUTRAL THIRD PARTY, HAVE A MAILING DONE, AND

6  ASK THEM IF THEY ARE INTERESTED IN BEING A PLAINTIFF IN THE

7  CASE.

8        **THE COURT:**  WHAT KIND OF PUBLICITY HAS OCCURRED ON

9  THIS?

10       **MR. SPIRO:**  IT'S BEEN PUBLICIZED -- WELL, PARTLY IN

11  THE -- ACTUALLY, I DO NOT KNOW ABOUT THIS PARTICULAR CASE IN

12  THE PRESS.  BUT THERE IS A WEBSITE CALLED -- WHAT IS IT CALLED

13  ANYWAY?  THERE'S A WEBSITE.  I CAN'T REMEMBER THE EXACT NAME.

14  THERE'S A WEBSITE THAT COUNSEL FOR PLAINTIFF IN THIS AND MANY

15  OTHER CASES HAS SET UP IN WHICH THIS CASE AND A NUMBER OF OTHER

16  SIMILAR CASES FOR PHARMACEUTICAL REPRESENTATIVES HAS BEEN SET

17  UP, AND THERE HAVE BEEN A LOT OF HITS, IF YOU WILL, ON THAT

18  WEBSITE.

19       **THE COURT:**  WHO WOULD PAY FOR THIS MAILING IF YOU

20  DID THAT?

21       **MR. SPIRO:**  WELL, I THINK THAT'S GOING TO HAVE TO BE

22  COUNSEL FOR PLAINTIFF.  IT'S THE PLAINTIFF WHO WANTED OUT, AND

23  IT'S OUR PLAINTIFF.

24       **THE COURT:**  ALL RIGHT.  WHAT DOES THE DEFENSE SAY?

25       **MR. BRODY:**  WELL, YOUR HONOR, OUR VIEW IS WHAT THE

1  COURT JUST SAID, THAT WITH MR. FUNG INDICATING THAT HE WANTS TO

2  BE DISMISSED, THE CASE SHOULD BE DISMISSED.  THERE IS NOW NO

3  PLAINTIFF.  THERE IS NO CLASS REPRESENTATIVE.

4        **THE COURT:**  WELL, HE HASN'T BEEN DISMISSED YET.  HE

5  SHOULD BE SOON.  BUT FOR THE TIME BEING, HE IS STILL THE

6  NOMINAL PLAINTIFF.

7        **MR. BRODY:**  WELL, YOUR HONOR, THEN THE NEXT ISSUE

8  IS -- IT SEEMS TO US THE NEXT ISSUE, IS ASSUMING THE COURT WILL

9  GIVE EFFECT TO HIS WISHES IS, WHAT WILL BE THE DISPOSITION OF

10  THE CASE.

11        IF PLAINTIFF WISHES TO BRING ON A MOTION, WE

12  DISAGREE WITH THAT MOTION.  WE THINK IT'S NOT WELL FOUNDED.

13  WE'LL DEMONSTRATE THAT.  I WOULD JUST SUGGEST THAT THIS MORNING

14  IS NOT THE TIME AND THE PLACE TO SORT OUT THE ISSUES THAT ARE

15  RAISED BY WHAT TO DO WHEN YOU'VE GOT A HEADLESS HORSEMAN CLASS,

16  AND THE PLAINTIFF'S LAWYER COMES IN AND BASICALLY SAYS, WE

17  WOULD LIKE A PROCEDURE WITH THE IMPRIMATUR OF THE DISTRICT

18  COURT WHERE WE REACH OUT TO SOME OTHER FOLKS AND SEE IF WE

19  CAN'T FIND SOMEBODY.

20        **THE COURT:**  WELL, LET ME INTERRUPT FOR A MINUTE.

21        USUALLY, WHAT I -- MR. SPIRO SAYS IS CORRECT TO A

22  POINT, THAT IS, YES, PLAINTIFF HAS A FIDUCIARY DUTY TO THE

23  CLASS.  IT'S A PUTATIVE CLASS.  IT'S NOT A REAL CLASS YET.  AND

24  SO DOES COUNSEL.  BUT THAT DOESN'T MEAN HE GETS TO GO INTO A

25  FISHING EXPEDITION INTO YOUR FILES TO FIND OUT WHO ALL THE

1  CLASS MEMBERS ARE.

2         MAYBE WE ORDER MR. SPIRO TO TAKE A FULL-PAGE AD IN

3  THE L.A. TIMES, AND YOU PAY FOR IT, MR. SPIRO, BUT I DON'T SEE

4  WHY YOU GET TO IMPOSE A BURDEN ON THE DEFENSE JUST BECAUSE YOU

5  PICKED A PLAINTIFF.  THERE'S NO WAY I'M GOING TO ORDER WHAT

6  YOU'VE JUST ASKED FOR.

7         BUT I WOULD CONSIDER THIS:  I WOULD CONSIDER AN

8  ORDER THAT REQUIRES YOU TO TAKE OUT A FULL-PAGE AD IN THE L.A.

9  TIMES, OR SOME OTHER MEANS THAT WOULD BE EQUIVALENT NOTICE AND

10 THAT WOULD BE ETHICAL, MEANING THAT IT WOULD NOT BE

11 SOLICITATION, AND IT WOULD BE IN THE FORM OF SOMETHING LIKE,

12 "THIS CASE WAS BROUGHT; YOU MIGHT HAVE HEARD ABOUT IT.

13 MR. FUNG NOW HAS DECIDED NOT TO GO FORWARD.  THE CASE WILL BE

14 DISMISSED WITHOUT PREJUDICE UNLESS WITHIN A CERTAIN PERIOD OF

15 TIME," LET'S SAY, "21 DAYS ANOTHER PLAINTIFF COMES FORWARD TO

16 REPRESENT THE CLASS.  IF YOU FIT INTO THIS CATEGORY AND WOULD

17 LIKE TO CONSIDER BECOMING A CLASS REPRESENTATIVE AND PLAINTIFF

18 INCLUDING THE RESPONSIBILITIES AND POTENTIAL OBLIGATIONS

19 THEREOF, CONTACT MR. IRA SPIRO AND GIVE YOUR PHONE NUMBER."

20 MAYBE THAT COULD BE DONE ON THE INTERNET, WOULDN'T HAVE TO BE

21 DONE OVER THE L.A. TIMES.

22         BUT WHAT WE'RE NOT GOING TO DO IS LET YOU AND THE --

23 JUST TOPSY-TURVY TO LET YOU GO THROUGH BRISTOL-MYERS' FILES TO

24 SEND OUT A MAILING USING THEIR -- NO, WE'RE NOT GOING TO DO

25 THAT.  RIGHT NOW YOU ARE ON THE VERGE OF NOT EVEN HAVING A

1  CASE.

2          **MR. SPIRO:**  I UNDERSTAND THAT.  AND I AGREE WITH THE

3  COURT THAT JUST BECAUSE THAT PLAINTIFF, AND PLAINTIFF'S COUNSEL

4  ARE IN THIS POSITION, THAT SHOULDN'T PUT A BURDEN, ESPECIALLY

5  FINANCIAL BURDEN, ON BRISTOL-MYERS SQUIBB.

6          I DO WANT TO ADDRESS THE COURT'S STATEMENT ABOUT A

7  MAILING.

8          A VERY SIMILAR THING HAPPENED IN THE *BEST BUY* CASE,

9  WHERE -- PERHAPS IT WAS A LITTLE MORE THE FAULT OF THE ATTORNEY

10  THERE, BECAUSE THE ATTORNEY FILED A CASE IN PRO PER, THAT IS,

11  FILED A CLASS ACTION IN PRO PER, AND THEN THE COURT -- THEN THE

12  COURT SAID, WAIT A MINUTE, YOU CAN'T DO THAT, YOU CAN'T BE THE

13  CLASS COUNSEL AND PLAINTIFF AT THE SAME TIME.  SO WHAT THE

14  COURT ORDERED WAS THAT THE DEFENDANT, BEST BUY -- AND THERE

15  WERE A LOT MORE CLASS MEMBERS THERE BECAUSE IT WAS A CONSUMER

16  CLASS ACTION -- SEND TO A THIRD-PARTY MAILING HOUSE -- IT WAS

17  BLIND TO THE PLAINTIFF -- THE NAMES AND ADDRESSES.  AND THEN

18  ALSO BLIND TO THE PLAINTIFF THE THIRD-PARTY MAILING HOUSE SENT

19  OUT A NOTICE TO THE CLASS MEMBERS SEEKING A NEW PLAINTIFF.

20          THAT'S -- THAT WAS THE CALIFORNIA SUPREME COURT, I

21  BELIEVE, AND THAT IS WHAT I PROPOSE HERE, NOT THAT WE, THE

22  PLAINTIFFS AND THE PLAINTIFF'S COUNSEL, GET THE BENEFIT OF THE

23  NAMES AND ADDRESS LIST.

24          **THE COURT:**  YOU'RE SHIFTING SOME WORK TO THEM.

25          **MR. SPIRO:**  SOME WORK, TO SEND THE NAMES AND

1  ADDRESSES.

2        **THE COURT:**  THEY HAVE TO COME UP WITH A COMPLETE

3  LIST OF PEOPLE THAT WOULD FIT INTO YOUR PROPOSED CLASS.

4  THAT'S -- I DON'T KNOW -- LET'S SAY IT TAKES $5- OR $6,000

5  WORTH OF ATTORNEY TIME.  WHY SHOULD THEY HAVE TO BEAR THAT

6  BURDEN?  I DON'T THINK SO.

7        **MR. SPIRO:**  IF THERE IS EXPENSE TO DO THAT, THEN I

8  THINK THAT I CAN SEE THAT BEING SHIFTED TO THE PLAINTIFFS AND

9  PLAINTIFF'S COUNSEL, I SHOULD SAY.

10       BUT I THINK FOR THE PROTECTION OF THE CLASS, THAT A

11 MAILING -- UNDERSTAND, THIS IS NOT A GIGANTIC CLASS, AND THESE

12 ARE EMPLOYEES AND FORMER EMPLOYEES.  SO THE GATHERING OF THE

13 INFORMATION WOULD NOT SEEM, TO ME, TO BE A VERY DIFFICULT OR

14 EXPENSIVE THING TO DO.  IN FACT, THE GATHERING OF THE CURRENT

15 EMPLOYEES WOULD BE PRETTY EASY THING TO DO.  THE FORMERS, NOT

16 VERY MUCH MORE DIFFICULT.  THEY MAY BE OLD ADDRESSES, BUT WE

17 LIVE WITH WHAT WE'VE GOT.

18       SO IT SEEMS LIKE A FAIRLY SIMPLE THING TO DO, MUCH

19 SIMPLER THAN IN THE *BEST BUY* CASE WHERE THEY HAD TO FIND

20 CONSUMERS.

21       **THE COURT:**  I WON'T SAY NEVER.  I'LL JUST SAY UNDER

22 RULE 23 -- THAT MUST HAVE BEEN A STATE LAW CASE.

23       **MR. SPIRO:**  IT WAS.

24       **THE COURT:**  UNDER RULE 23, THE NORMAL THING TO DO

25 HERE WOULD BE JUST TO DISMISS THIS CASE AND REQUIRE YOU TO GIVE

1  NOTICE IN THE SAME MANNER IN WHICH PUBLICITY HAS BEEN GIVEN

2  THAT THE CASE IS GOING TO BE DISMISSED, AND THAT IF ANYONE ELSE

3  WANTS TO -- ANYONE OUT THERE WHO'S BEEN RELYING ON THE PENDENCY

4  OF THIS CASE, THEY SHOULD NOW BE ON NOTICE THE CASE IS GOING

5  AWAY, AND THEY SHOULD FILE THEIR OWN CASE, AND NOT REALLY SAY,

6  BY THE WAY, YOU CAN CONTACT MR. SPIRO IF YOU WANT TO JOIN THIS

7  CASE.  BUT I WOULD CONSIDER A PROPOSAL THAT STAYED THIS CASE

8  FOR A FEW WEEKS TO LET YOU DO SOME FORM OF NOTICE CALCULATED TO

9  ADVISE POTENTIAL CLASS MEMBERS THAT THIS CASE IS ABOUT TO BE

10  DISMISSED UNLESS SOMEBODY ELSE COMES FORWARD.  AND IF THEY WANT

11  TO COME FORWARD AND TALK TO YOU, FINE.  IF YOU GET A NEW

12  PLAINTIFF, THEN I GUESS WE WILL BE BACK TO SQUARE.  ONE IF YOU

13  DON'T GET A NEW PLAINTIFF, THEN WE'LL DISMISS THE CASE.  I'D

14  CONSIDER THAT.  I THINK THAT'S A REASONABLE PROPOSAL THING.

15          I DON'T THINK IT IS REASONABLE -- THIS *BEST BUY*

16  THING STRIKES ME AS AN INVASION OF BRISTOL-MYERS' PRIVACY TO

17  REQUIRE THEM TO GIVE TO A THIRD PARTY THE NAMES AND ADDRESSES

18  OF THEIR OWN EMPLOYEES ON YOUR SAY-SO THAT THERE'S BEEN SOME

19  VIOLATION.

20          THEY DON'T AGREE THERE'S BEEN ANY VIOLATION, AND SO

21  IF YOU CAN'T COME UP WITH A VIABLE PLAINTIFF, THAT'S YOUR

22  PROBLEM; IT'S NOT THEIR PROBLEM.

23          **MR. SPIRO:**  I UNDERSTAND.

24          YOUR HONOR, IT'S INTERESTING BECAUSE *BEST BUY* ALSO

25  ADDRESSED THE PRIVACY ISSUE, AND SO DID A NUMBER OF OTHER

1   CASES, A COUPLE OF THE OTHER CASES.

2         **THE COURT:**  IF THIS CASE WAS A LOT FARTHER ALONG,

3   AND DISCOVERY HAD BEEN TAKEN, AND MAYBE IT WAS CLEAR TO ME THAT

4   THERE WAS A VIABLE CLAIM, AND, YES, AND PEOPLE WERE RELYING ON

5   IT, I'D PROBABLY ORDER SOMETHING LIKE WHAT YOU'VE SAID, BUT WE

6   ARE AT THE VERY OUTSET, AND RIGHT OFF THE BAT YOUR PLAINTIFF

7   HAS CAVED IN.  I DON'T KNOW.  IT DOESN'T STRIKE ME AS THE RIGHT

8   BALANCE OF THINGS TO GET STARTED WITH, SHIFTING THAT BURDEN.

9         IT'S MORE THAN JUST -- IT IS A FINANCIAL BURDEN, BUT

10  IT'S ALSO THE PRIVACY BURDEN, AND I THINK YOU HAVE AN

11  ALTERNATIVE, MAYBE NOT QUITE AS GOOD, BUT THE ALTERNATIVE IS

12  YOU DO SOME KIND OF INTERNET NOTICE, OR NEWSPAPER NOTICE, OR

13  SOMETHING CALCULATED TO GO THROUGH THE SAME CHANNELS AS THE

14  PUBLICITY THAT -- YOU'RE SAYING IT'S JUST BEEN ON THE INTERNET

15  ANYWAY.

16        **MR. SPIRO:**  YES.

17        **THE COURT:**  YOU CAN GIVE NOTICE ON THE INTERNET IN

18  THE SAME FASHION.

19        MY CONCERN IS NOT SO MUCH THAT YOU AS THE LAWYER GET

20  A NEW PLAINTIFF.  MY ONLY LEGITIMATE CONCERN IS THAT ANYONE OUT

21  THERE WHO'S A PUTATIVE CLASS MEMBER WHO, IN FACT, HAS RELIED ON

22  THIS CASE, THAT THEY NOW KNOW IT'S ABOUT TO BE DISMISSED UNLESS

23  SOMEBODY COMES FORWARD.  SO THAT GIVES THEM THE CHOICE OF

24  COMING TO SEE YOU OR GOING TO SEE A DIFFERENT LAWYER, AND IF

25  THEY ARE SERIOUS ABOUT ENFORCING THEIR RIGHTS AGAINST THE

1  DEFENDANTS, THEN THEY ARE ON NOTICE THEY BETTER DO IT, BECAUSE

2  THAT'S A LEGITIMATE CONCERN UNDER RULE 23.

3          SO -- BUT THE KIND -- YOU DO THAT IN THE SAME

4  PROPORTION TO THE AMOUNT OF PUBLICITY THE CASE HAS GOT.

5          WHAT I'VE DONE IN ALL THE OTHER CASES IS SAY, GIVE

6  NOTICE IN THE SAME CHANNELS OF PUBLICITY THAT WERE USED WHEN

7  THE CASE WAS FILED IN THE FIRST PLACE.  IF THAT WAS JUST ON THE

8  INTERNET, THEN IT'S THE INTERNET.  IF IT WAS A STORY ABOUT IT

9  IN THE L.A. TIMES, MAYBE YOU HAVE TO TAKE OUT -- MAYBE NOT A

10 FULL-PAGE AD, BUT A SMALL PAGE AD IN THE L.A. TIMES TO TRACK --

11 TO BRING IT TO THE ATTENTION OF THE SAME GROUP OF PEOPLE WHO

12 MIGHT HAVE OTHERWISE KNOWN ABOUT IT.

13          **MR. SPIRO:**  I APPRECIATE YOUR HONOR'S THINKING ON

14 THAT.  I HAVE A PROPOSAL AND A REQUEST.

15          **THE COURT:**  ALL RIGHT.

16          **MR. SPIRO:**  MY REQUEST IS TO BE ABLE TO BRIEF THAT

17 ISSUE ABOUT WHETHER THERE OUGHT TO BE A MAILING OR IT OUGHT TO

18 BE --

19          **THE COURT:**  BRING A MOTION.  I WILL STAY -- RIGHT

20 NOW YOUR PLAINTIFF IS IN THE CASE.  I'M NOT GOING TO DISMISS IT

21 JUST OUT OF HAND.  THE OTHER SIDE HASN'T MOVED TO DISMISS, BUT

22 IF THEY DID -- THEY COULDN'T RIGHT NOW BRING A MOTION BASED ON

23 THIS THING.  IN THE ABSENCE OF A GOOD REASON, I WOULD DISMISS

24 IT.

25          WHEN CAN YOU FILE YOUR MOTION?

1          **MR. SPIRO:**  WHAT'S TODAY?  THURSDAY.

2          **THE COURT:**  ABOUT -- A WEEK FROM TODAY IS

3  THANKSGIVING.  HOW ABOUT A WEEK FROM YESTERDAY?

4          **MR. SPIRO:**  SURE.

5          **THE COURT:**  I WILL GIVE YOU MORE TIME IF YOU WANT.

6          **MR. SPIRO:**  WELL, I WOULD APPRECIATE THE FOLLOWING

7  MONDAY.

8          **THE COURT:**  ALL RIGHT.  HOW ABOUT THE THURSDAY AFTER

9  THANKSGIVING?

10          **MR. SPIRO:**  THAT WOULD BE WONDERFUL.  THANK YOU.

11          **THE COURT:**  WHAT DAY IS THAT?

12          **MR. SPIRO:**  I DON'T KNOW.

13          **THE COURT:**  DAWN, WHAT IS THAT?

14          **THE CLERK:**  THE 29TH.

15          **THE COURT:**  ALL RIGHT.  NOVEMBER 29 FILE -- DO THAT

16  ON A NORMAL 35-DAY TRACK.

17          AND IF YOU WANT TO FILE A CORRESPONDING MOTION TO

18  DISMISS THE CASE ON ACCOUNT OF PLAINTIFF CAVING IN, THEN WE'LL

19  HEAR BOTH AT THE SAME TIME.  IT WILL BE TWO CROSS MOTIONS.  YOU

20  GOT TO FILE YOURS ON THE 29TH, TOO.  SO WE'LL HAVE TWO MOTIONS

21  BUILDING UP TO A CRESCENDO, WHICH WILL OCCUR -- DAWN, WHAT DAY

22  IS 35 DAYS LATER?  JANUARY SOMETHING.

23          **THE CLERK:**  JANUARY 3RD.

24          **THE COURT:**  JANUARY 3RD.  ALL RIGHT.  WE'LL GET THE

25  NEW YEAR OFF TO A BANG.

```
 1                MR. SPIRO:  IS THAT THE FIRST WORKING DAY OF
 2   JANUARY?
 3                THE COURT:  NO.  THE 2ND.
 4                MR. BRODY:  THE 2ND.
 5                MR. SPIRO:  BEAUTIFUL.
 6                THE COURT:  YOU TWO PROBABLY HIGHLY PAID LAWYERS
 7   YOU'LL BE OFF AT SOME SPA OR RESORT, UNLIKE GOVERNMENT
 8   EMPLOYEES LIKE ME WHO WILL BE HERE ON THE JOB.  SO I'LL BE
 9   WAITING TO SEE YOU ON JANUARY 3RD.
10                MR. BRODY:  I'LL BE HERE WITHOUT A SUNTAN.
11                MR. SPIRO:  I DON'T GO ANYWHERE.  I STAY IN MY
12   HOUSE.  IT'S PRETTY MUCH TRUE.
13                I HAVE ONE OTHER REQUEST, AND THIS IS ON BEHALF OF
14   THE PLAINTIFF.  IT'S AN UNUSUAL REQUEST.  I AM INFERRING -- I
15   DON'T KNOW THIS FOR SURE, BUT I'M INFERRING THAT THE REASON
16   THAT THE PLAINTIFF DOES NOT WANT TO BE INVOLVED IN THE CASE IS
17   THAT HE IS -- I KNOW THAT HE IS STILL EMPLOYED IN THE INDUSTRY,
18   AND HE DOES NOT WANT HIS NAME ASSOCIATED WITH SUCH A CASE FOR
19   REASONS THAT ARE PROBABLY OBVIOUS, AND -- WELL, MAYBE NOT,
20   BECAUSE WORD GETS AROUND, OH, YOU SUED ANOTHER ONE OF OUR
21   COMPANIES, WELL, YOU'RE A TROUBLEMAKER.
22                MY REQUEST IS THE FOLLOWING:  THAT THE -- THAT WE BE
23   ABLE TO AMEND THE CASE SO THAT THE NAME OF THE CASE IS DOE 1
24   VERSUS BRISTOL-MYERS SQUIBB.
25                THE COURT:  NO.
```

1    WHY DIDN'T HE THINK OF THAT WHEN HE SIGNED ON?  DID

2  HE ACTUALLY AGREE TO THIS CASE?

3    **MR. SPIRO:**  YES.  I HAVE TO BE CAREFUL OF MY DUTIES

4  UNDER THE RULES OF PROFESSIONAL CONDUCT AND THE STATE BAR ACT,

5  BUT I CAN SAY YES TO THAT.

6    **THE COURT:**  WELL, THEN HE SHOULD HAVE THOUGHT OF

7  THAT BEFORE HE AGREED TO PUT HIS NAME ON A PUBLIC FILING.

8  THAT'S JUST TOO MUCH TROUBLE.

9    YOU KNOW, THERE'S A PUBLIC RIGHT OF ACCESS.  THE

10  NINTH CIRCUIT COMES DOWN PRETTY HARD -- THERE'S A CASE CALLED

11  *KAMAKANA*, ABOUT TWO YEARS AGO IN THE NINTH CIRCUIT, THAT LAYS

12  IT ALL OUT.  THERE ARE TWO LEVELS OF THIS.  AS A GENERAL RULE,

13  WE GOT TO THROW EVERYTHING OPEN TO PUBLIC VIEW; YOU CAN'T HAVE

14  ANYTHING UNDER SEAL WITH SOME EXCEPTIONS.  THE EXCEPTIONS ARE

15  SOME OF THE DISCOVERY MATERIAL.  THE PRETRIAL STUFF, WHEN YOU

16  GET TO SUMMARY JUDGMENT AND TRIAL, UNLESS IT'S THE RECIPE FOR

17  COCA-COLA, I PROMISE YOU IT'S ALL GOING TO BE ON PUBLIC VIEW.

18    **MR. SPIRO:**  WHAT'S THE NAME OF THAT?  *KAMAKANA*?

19    **THE COURT:**  *KAMAKANA*.  YOU OUGHT TO READ THAT.

20    I JUST HAD MY EX-LAW FIRM, WHICH I'M NOW TAKING

21  THEIR CASES.  THEY JUST HAD A BIG SUMMARY JUDGMENT MOTION.

22  THEY WERE BEGGING ME TO LET ALL THEIR SECRETS GO UNDER SEAL.  I

23  SAID NO, NONE OF IT WILL; IT IS SUMMARY JUDGMENT, ALL IS

24  HANGING OUT THERE FOR EVERY OTHER COMPETITOR TO SEE.  IT'S --

25  READ THAT CASE, AND YOU'LL SEE.  GOOD CAUSE IS NOT ENOUGH.  IT

1  HAS TO BE A, QUOTE, COMPELLING REASON, AND IF YOU WOULDN'T SEAL

2  THE COURTROOM DURING THE TRIAL, YOU CAN'T SEAL IT ON SUMMARY

3  JUDGMENT.

4       **MR. SPIRO:**  IF I CAN EXPRESS AN OPINION, I THINK

5  THAT'S GOOD POLICY.

6       **THE COURT:**  WELL, WHETHER IT IS OR NOT, YOU CAN

7  ARGUE IT BOTH WAYS, BUT IT'S THE LAW.  I JUST FOLLOW WHAT THE

8  NINTH CIRCUIT TELLS ME.

9       I'M TELLING YOU THIS BECAUSE MR. FUNG HAS COME TO

10 THE COURT.  IT'S A PUBLIC INSTITUTION.  PUBLIC IS ENTITLED TO

11 KNOW.  AND HE SHOULD HAVE THOUGHT OF THAT BEFORE, SO YOU GO

12 BACK AND TELL HIM THE ANSWER IS NO, AND ALL THE EMPLOYERS OF

13 THE WORLD, IF THEY WANT TO COME LOOK AND SEE HE IS SUING

14 BRISTOL-MYERS, THEN THAT'S THEIR RIGHT.  SO I'M NOT GOING TO

15 GRANT THAT REQUEST.

16      **MR. BRODY:**  YOUR HONOR, IF I MAY?  I JUST WANT TO

17 MAKE SURE I UNDERSTAND THE PARALLEL TRACK PROCEDURE IS THAT WE

18 WILL CRESCENDO ON THE 3RD.  COUNSEL, APPARENTLY, IS GOING TO

19 NOT TAKE UP THE COURT'S SUGGESTED PROPOSAL AND PUT ANYTHING OUT

20 ONLINE.  SO HE'S GOING TO MOVE FOR US TO BE COMPELLED TO

21 PROVIDE HIM SOME INFORMATION?

22      **THE COURT:**  LET ME STOP AND SAY THIS, THAT IF YOU

23 DON'T DO THAT AND YOU COME IN HERE AND YOU MAKE THEM DO THE

24 MAILING THING AND I DENY THAT, I'M NOT GOING TO GO BACK TO,

25 OKAY, NOW, YOU CAN DO THAT ON THE INTERNET, BECAUSE THAT'S

1  GOING TO TAKE UP TOO MUCH TIME.  I THINK -- I'M GLAD YOU

2  BROUGHT THAT UP.  ALL RIGHT.  GO AHEAD.

3        **MR. BRODY:**  THAT'S WHAT I WANTED TO ASCERTAIN, YOUR

4  HONOR, THAT IS THAT ON THE 3RD, THE ALTERNATIVES REALLY ARE

5  GOING TO BE -- I WANTED TO AVOID THE ALTERNATIVE THAT THE COURT

6  WOULD THEN SAY, OKAY, I'M NOT GOING TO ORDER THAT, NO, I'M NOT

7  GOING TO DISMISS, GO AHEAD AND PUT IT OUT ONLINE.

8        **THE COURT:**  I WON'T SAY NEVER.  THAT WOULDN'T BE

9  FAIR WITHOUT READING ALL THE PAPERS, BUT THERE'S PLENTY OF TIME

10 TO DO THE OTHER THING.

11       YOU CAN SUBMIT AN ORDER TO ME THAT -- RUN IT BY

12 COUNSEL, AND I WOULD APPROVE THIS.  I CAN TELL YOU NOW BECAUSE

13 I HAVE DONE THIS IN LOTS OF CASES.  IT WOULD BE SOMETHING LIKE

14 THIS:  THAT THE PLAINTIFF, MR. FUNG -- YOU DON'T EVEN HAVE TO

15 USE HIS NAME IN THE NOTICE, ALTHOUGH YOU WOULD HAVE TO IDENTIFY

16 IT BY THIS NAME BECAUSE PEOPLE WHO ARE RELYING ON IT MIGHT BE

17 COUNTING ON THAT NAME.  SO YOU WOULD SAY, "MR. FUNG VERSUS

18 BRISTOL-MYERS, PLAINTIFF IN THAT CASE HAS DECIDED TO WITHDRAW;

19 IF YOU HAVE BEEN RELYING ON THE PENDENCY OF THIS CASE, BE AWARE

20 YOU WON'T BE ABLE TO DO THIS ANYMORE; THE CASE WILL BE

21 DISMISSED UNLESS SOME OTHER POTENTIAL CLASS MEMBER COMES

22 FORWARD TO REPLACE HIM OR BRINGS AN ALTERNATIVE SUIT; IF YOU

23 ARE INTERESTED IN SUBSTITUTING IN FOR MR. FUNG, PLEASE CONTACT

24 IRA SPIRO," GIVE YOUR NAME AND NUMBER.  I WOULD GO ALONG WITH

25 THAT.

1        YOU COME UP WITH A PLAN.  IT WOULD HAVE TO BE A PLAN

2   FOR DISSEMINATION OF THE NOTICE ON THE INTERNET.  ANYTHING

3   REASONABLE I AM GOING TO GO ALONG WITH.  BUT IF YOU DON'T DO

4   THAT, AND INSTEAD YOU WANT TO GO WITH THIS MOTION, THIS MOTION

5   TO COMPEL THE MAILING --

6        **MR. SPIRO:**  RIGHT.

7        **THE COURT:**  AND IF THAT'S DENIED, I AM UNLIKELY TO

8   GO BACK AND SAY, OKAY, NOW YOU CAN GO DO THE INTERNET THING.

9        **MR. SPIRO:**  SO AFTER TODAY -- I THINK I SHOULD TAKE

10  THIS UP WITH MY CO-COUNSEL.  I HAVE TWO OR THREE OF THEM.

11       **THE COURT:**  YEAH.

12       **MR. SPIRO:**  IF WE DECIDE WE WANT TO GO ALONG WITH

13  THIS INTERNET NOTICE, WE CAN CALL COUNSEL UP, IF THEY'RE STILL

14  WILLING, WE CAN DO THAT, RIGHT?

15       **THE COURT:**  YOU DON'T HAVE A PROBLEM WITH THAT, DO

16  YOU?

17       **MR. BRODY:**  YOUR HONOR, I DON'T THINK SO, BUT I ALSO

18  CAN'T --

19       **THE COURT:**  GRANTED OVER YOUR OBJECTION IF YOU DID.

20       **MR. BRODY:**  THANK YOU, YOUR HONOR.

21       **THE COURT:**  I HAVE A DUTY UNDER RULE 23 TO MAKE SURE

22  ANYBODY WHO IS THEORETICALLY RELYING ON THIS CASE GETS NOTICE

23  THAT IT'S ABOUT TO GO AWAY, AND SO I WORRY THAT THERE COULD BE

24  SOMEBODY OUT THERE WHO'S RELYING ON IT.  AND SO AS LONG AS THE

25  NOTICE IS REASONABLE, I WOULD DO THAT, BUT IF YOU DON'T WANT TO

1  GO DOWN THAT PATH AND YOU WANT TO PUT EVERYTHING ON THE *BEST*

2  *BUY* SCENARIO, I'LL HEAR YOU OUT ON THAT, BUT THEN YOU WOULD

3  HAVE LET THIS OTHER FORM OF NOTICE GO DOWN THE TOILET AND ALL

4  THAT TIME BE WASTED, AND I LIKE TO MOVE CASES ALONG.

5            **MR. SPIRO:**  I NOTICE THAT, YOUR HONOR.

6            **THE COURT:**  I WOULD NOT BE HAPPY TO HAVE TO GO BACK

7  AND SAY, OKAY, IN JANUARY, NOW GO BACK TO THE INTERNET THING.

8  YOU DECIDE WHAT YOU WANT TO DO.  I WILL WAIT AND SEE.  LET'S

9  SET JANUARY 3RD AT A MINIMUM AS A CASE MANAGEMENT CONFERENCE.

10           DAWN, CAN WE SET IT DOWN FOR CASE MANAGEMENT

11 CONFERENCE?

12           **THE CLERK:**  SURE.

13           **THE COURT:**  WE'LL HAVE A CASE MANAGEMENT, AS WELL AS

14 HEAR YOUR MOTIONS.  IF YOU DON'T HAVE ANY MOTIONS, IT WILL JUST

15 BE A CASE MANAGEMENT CONFERENCE.

16           **MR. BRODY:**  SO I TAKE IT THEN, IF WE WISH TO PRESS A

17 DISMISSAL, WHICH I EXPECT WE WILL, WE WILL FILE ON THE SCHEDULE

18 THE COURT PREVIOUSLY --

19           **THE COURT:**  I THINK YOUR MOTION WILL BE PRETTY

20 SIMPLE.  PLAINTIFF HAS INDICATED HE DOESN'T WANT TO GO FORWARD,

21 BASED ON THIS SUBMISSION YOU BOTH MADE, THIS JOINT STATEMENT,

22 YOU MOVE TO DISMISS THE ENTIRE CASE, AND THAT IS GOING TO BE

23 GRANTED VERY LIKELY UNLESS BY -- UNLESS WE DO THIS MAILING

24 THING, IN WHICH CASE I HAVE TO STAY THAT PENDING -- SEEING IF

25 MR. SPIRO COULD GET A NEW CLIENT.

```
 1              I WANT TO TELL YOU -- THIS IS A WAGE AND HOUR CASE,
 2   RIGHT?
 3              MR. SPIRO:  IT IS.
 4              THE COURT:  HAVE YOU READ ANY OF THE ORDERS ON WAGE
 5   AND HOUR CLASS ACTION?
 6              MR. SPIRO:  NO.
 7              THE COURT:  I DON'T LIKE COLLUSIVE SETTLEMENTS.  I
 8   WANT APPROVAL.  I DON'T LIKE NATIONWIDE CLASSES, EXCEPT UNDER
 9   FSLA.  ANYTHING THAT SMACKS OF COLLUSION, I'M GOING TO JUST
10   SAY, NO.  AND YOU OUGHT TO READ MY ORDER IN THE ORACLE CASE.
11              MR. SPIRO:  I HAVE READ THAT ORDER, YES.
12              THE COURT:  THAT WAS -- I TAKE MY DUTIES UNDER
13   RULE 23 SERIOUSLY, AND YOU WILL NOT BE ABLE TO EFFECTIVELY GIVE
14   COUPONS TO THE CLASS, OR SOME PORTION OF THE CLASS -- LIKE IN
15   THAT CASE, THEY WANTED THE CALIFORNIA PEOPLE TO GET A PRETTY
16   GOOD DEAL AND EVERYBODY ELSE IN THE COUNTRY TO GET A CRUMMY
17   DEAL, AND THE LAWYERS TO GET PAID AT THIS PREMIUM RATE.  WELL,
18   IT WAS TOTAL COLLUSION.
19              NOW, THE DEFENDANTS -- I'M NOT SAYING YOU WOULD DO
20   THIS.  THE DEFENDANTS LOVE COLLUSIVE SETTLEMENTS.  THEY LOVE
21   THEM.  WHY?  BECAUSE IT WIPES THE WHOLE LIABILITY OFF THEIR
22   BOOKS.  BUT I CAN SEE RIGHT THROUGH THEM.
23              LISTEN, I KNOW RULE 23 BETTER THAN MOST JUDGES, AND
24   YOU WILL NOT GET A COLLUSIVE SETTLEMENT BY ME.  IT WON'T EVEN
25   GO OUT FOR NOTICE.  BE AWARE THAT'S THE WAY I AM.
```

1    A LOT OF DEFENDANTS DON'T LIKE TO HAVE ME BECAUSE I

2  MAKE THEM, IF THEY'RE GOING TO SETTLE, THEY ARE GOING TO SETTLE

3  FAIR AND SQUARE.  SOME OF THE PLAINTIFFS DON'T LIKE ME BECAUSE

4  I NIX THESE COLLUSIVE SETTLEMENTS.  BUT IF YOU WANT TO TRY YOUR

5  CASE YOU ARE GOING TO GET IT TO TRIAL IN A HURRY, OR AT LEAST

6  REASONABLE TIME, SPEEDY, JUST AND EFFICIENT.

7    **MR. SPIRO:**  I THINK WE ARE BOTH HAPPY TO HEAR WHAT

8  THE COURT HAS TO SAY ON THAT.

9    **MR. BRODY:**  YES.

10    **THE COURT:**  THERE ARE A LOT OF LAWYERS OUT THERE WHO

11  AGREE WITH ME ON THAT, BY THE WAY, BUT THERE'S A COTTAGE

12  INDUSTRY IN THIS STATE RIGHT NOW WHO DO THESE NATIONWIDE

13  COLLUSIVE SETTLEMENTS, AND AS FAR AS I'M CONCERNED, IT'S A BAD

14  TREND.

15    **MR. SPIRO:**  IT'S BAD FOR CLASS ACTIONS.

16    **THE COURT:**  BAD FOR CLASS ACTIONS, TOO.  CLASS

17  ACTIONS ARE A GOOD THING ON THE WHOLE WHEN IT FITS, BUT IT

18  SHOULDN'T BE USED AS A DEVICE FOR WIPING OFF LIABILITIES OF BIG

19  COMPANIES.

20    **MR. SPIRO:**  ONE MORE THING, I WANT TO THANK THE

21  COURT FOR BRINGING US TOGETHER, BECAUSE IT TURNS OUT WE GREW UP

22  ABOUT A MILE OR TWO APART AND WENT TO THE SAME HIGH SCHOOL.

23    **THE COURT:**  NO KIDDING?

24    **MR. BRODY:**  HE LIVED IN THE NICER PART OF TOWN, AS

25  IT TURNS OUT.

1          **THE COURT:**  NO KIDDING?  WHAT TOWN WAS THAT?

2          **MR. BRODY:**  SKOKIE.

3          **THE COURT:**  YOU ARE MAKING THIS UP.

4          **MR. SPIRO:**  SKOKIE, ILLINOIS.

5          **THE COURT:**  WHAT YEARS DID YOU GROW UP THERE?

6          **MR. SPIRO:**  I GRADUATED HIGH SCHOOL -- LET'S SEE.  I

7  LIVED THERE FROM '53 TO '64.

8          **THE COURT:**  SO WHEN WAS THAT?  WHEN WAS THAT NAZI

9  MARCH?

10          **MR. SPIRO:**  THAT WAS LATER.

11          **MR. BRODY:**  THAT WAS LATER, YOUR HONOR.

12          **THE COURT:**  '68, '69.

13          **MR. BRODY:**  NO, IT WAS LATER THAN THAT.  IT WAS --

14  BECAUSE I RECALL IT WAS -- I WAS IN LAW SCHOOL, AND SO IT WAS

15  SOMETIME IN THE '70'S.

16          **THE COURT:**  WELL, ISN'T THAT AMAZING.  AND YOU TWO

17  KNEW EACH OTHER THEN?

18          **MR. BRODY:**  NO, WE DIDN'T.

19          **MR. SPIRO:**  NO.

20          **MR. BRODY:**  WE HAVE -- A FORMER PARTNER OF MINE HAS

21  A FRIEND IN COMMON, AS IT TURNS OUT.

22          **THE COURT:**  THAT'S GREAT.  GOOD STORY.

23          **MR. BRODY:**  SO, YOUR HONOR, ONE OF THE

24  POSSIBILITIES, JUST TO COME BACK -- IT HAS BEEN NICE TO CATCH

25  UP.  I WENT TO A HIGH SCHOOL THAT'S NOW CLOSED.  NILES EAST.

1          **MR. SPIRO:**  I WENT THERE, TOO.

2           **THE COURT:**  AFTER YOU LEFT, IT WAS ALL DOWNHILL.

3          **MR. BRODY:**  I GUESS SO.  THEY BROKE THE MOLD AND ALL

4   THAT STUFF.

5           SO WE HAVE A COUPLE OF ALTERNATIVES.  OUR COURSE

6   SEEMS PRETTY STRAIGHTFORWARD.  WE WILL BRING THAT MOTION ON,

7   I'M ALMOST CERTAIN.  THEY CAN EITHER OR BOTH HAVE AN ORDER THE

8   COURT WILL APPROVE, I UNDERSTAND THAT, THAT WILL ALLOW THEM TO

9   PUT A NOTICE OUT ON THE INTERNET, AND, I TAKE IT, THEY CAN

10  SIMULTANEOUSLY MOVE FOR THE *BEST BUY*?

11          **THE COURT:**  THEY CAN DO THAT, TOO.  IF THE *BEST BUY*

12  IS DENIED, I WON'T SAY NEVER, BUT IT'S UNLIKELY WE'LL GO BACK

13  TO PLAN B.  BUT THE COST OF DOING PLAN B IN THE MEANTIME IS SO

14  SMALL, I DON'T SEE WHY YOU WOULDN'T DO THAT ANYWAY.

15          BUT I DON'T LIKE -- I'M JUST TELLING YOU, I DON'T

16  LIKE THE IDEA OF YOU BEING ABLE, BECAUSE YOUR PLAINTIFF CAVES

17  IN, TO FORCE THEM TO LOOK INTO THEIR FILES AND FORCE THEM TO

18  LAY THE FOUNDATION FOR A MAILING TO SUPPORT YOUR LAWSUIT.

19  THAT'S -- YOU KNOW, TO ME IT'S JUST UNFAIR.

20          **MR. SPIRO:**  I HAVEN'T THOUGHT OF THAT, BUT I

21  UNDERSTAND.  THANK YOU.

22          **THE COURT:**  ALL RIGHT.

23          **MR. BRODY:**  YOUR HONOR, THANK YOU VERY MUCH.

24          **THE COURT:**  ALL RIGHT.  SEE YOU SOON.

25          (PROCEEDINGS ADJOURNED.)

### CERTIFICATE OF REPORTER

I, JOAN MARIE COLUMBINI, OFFICIAL REPORTER FOR THE UNITED STATES COURT, NORTHERN DISTRICT OF CALIFORNIA, HEREBY CERTIFY THAT THE FOREGOING PROCEEDINGS IN C 07-4109 WHA, KIN FUNG V. BRISTOL-MYERS SQUIBB COMPANY, ET AL., WERE REPORTED BY ME, A CERTIFIED SHORTHAND REPORTER, AND WERE THEREAFTER TRANSCRIBED UNDER MY DIRECTION INTO TYPEWRITING; THAT THE FOREGOING IS A FULL, COMPLETE AND TRUE RECORD OF SAID PROCEEDINGS AS BOUND BY ME AT THE TIME OF FILING.

THE VALIDITY OF THE REPORTER'S CERTIFICATION OF SAID TRANSCRIPT MAY BE VOID UPON DISASSEMBLY AND/OR REMOVAL FROM THE COURT FILE.

_____

JOAN MARIE COLUMBINI, CSR 5435, RPR

MONDAY, NOVEMBER 19, 2007