David W. Sanford (pro hac vice pending)
dsanford@nydclaw.com
SANFORD, WITTELS & HEISLER, LLP
1666 Connecticut Ave., NW, Suite 310
Washington, D.C. 20009
Telephone:   202-742-7777
Fax:         202-742-7776

Ira Spiro, State Bar No. 67641, ira@spiromoss.com
Gregory Karasik, State Bar No. 115839, greg@spiromoss.com
SPIRO MOSS BARNESS LLP
11377 W. Olympic Blvd., 5th Floor
Los Angeles, CA 90064
Telephone: 310-235-2468, Fax: 310-235-2456

George R. Kingsley, State Bar No. 38022
Eric. B. Kingsley, State Bar No. 185123, eric@kingsleykingsley.com
Gregory E. Givens, State Bar No. 212348
KINGSLEY & KINGSLEY
16133 Ventura Blvd., Suite 1200
Encino, CA 91436
Telephone: 818-990-8300, Fax: 818-990-2903

Attorneys for Plaintiff and the Putative Class

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIN FUNG, on behalf of himself and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BRISTOL-MYERS SQUIBB COMPANY; E.R. SQUIBB & SONS, LLC; and DOES 1 to 50, Inclusive,<br>Defendants. | CASE NO. 3:07-cv-04109-WHA<br><br>Assigned to the **Hon. William H. Alsup**<br><br>**STATEMENT BY COUNSEL FOR PLAINTIFF AND THE PUTATIVE CLASS RE MOTION TO DISMISS**<br><br>Date: January 3, 2008<br>Time: 11:00 a.m.<br>Judge: Hon. William H. Alsup |

1 | Plaintiff and counsel for the putative class do not write here to oppose dismissal.

2 | Given the testimony of plaintiff Fung, counsel agree with the Court that the Court should inquire into, as the Court put it in the Court's November 30 order, "the allegations that [1] Mr. Fung had no knowledge of the existence of this action and [2] that he never authorized any filing." These allegations are made in defendant's motion to dismiss. These allegations are incorrect, false. The filing and prosecution of this action by counsel for plaintiff and the putative were entirely proper.

We note first that Mr. Fung's testimony on these matters, taken as a whole, is equivocal and uncertain, best explained by confusion and the stress a deposition in a situation in which anyone might be concerned about jeopardy to his career from filing lawsuits against his employers.

But perhaps more importantly, we can establish that there was no wrongdoing by counsel for plaintiff and the putative class from communications between us and Mr. Fung. However the attorney-client privilege and attorney-client confidentiality potentially hamper us from doing so, except by way of a hearing or review by the Court in camera.

For instance, unless waiver or some exception applies, oral and written communications between attorney and client authorizing the filing of a complaint or discussing its contents are normally within the attorney client privilege.

As another example, under a provision of the California State Bar Act, Business and Professions Code section 6149, unless waiver or some exception applies, a written fee contract between attorney and client is normally confidential, under the main confidentially provisions of the Act, section 6068(e), and under the statutory attorney client privilege.

However, it is well established that matters protected, or potentially protected, by the attorney-client privileged and principles of confidential may be examined by the Court in camera without damaging the protection. Starsight Telecast, Inc. v. Gemstar Development Corp., 158 F.R.D. 650, 651, 654 - 655 (N.D.Cal.,1994; Aclara Biosciences, Inc. v. Caliper Technologies Corp., 2001 WL 777083, *5, *14 (N.D.Cal. 2000, attached as Exh. 1); General Dynamics Corp. v. Superior Court (Rose), 7 Cal.4th 1164, 1194 (1994).

Thus, the Court can satisfy itself regarding the allegations referred to in its November 30

order by holding an in camera hearing on January 3, 2008. This in camera hearing would not concern dismissal of the case or any notice to the class or any other matter, only the allegations against counsel for plaintiff and the putative class, and matters that might be subject to the attorney-client privilege or attorney-client confidentiality between counsel and Mr. Fung. Therefore, we ask that counsel for defendant not be present at the in camera hearing, so as not to divulge potentially confidential attorney-client matters to defense counsel.

In addition, I, Mr. Spiro, having been addressed by the Court by name in the November 30 order, wish the Court to know more about me as a lawyer and my demonstrated commitment to legal ethics. I do so in my declaration below. First I state a foremost principle for the conduct of all lawyers, a principle specifically embodied in the California State Bar Act and the California Rules of Professional Conduct: a lawyer's ethical obligations are superior all his or her other obligations in handling a legal matter. That is, a lawyer can advance his client's interests (or his own) only within the bounds of the rules and laws of legal ethics and the truth. I have followed those principles in this case. I am confident my co-counsel also have done so.

Finally, counsel do believe the class should be protected against reliance, for statute of limitations purposes, on the pendency of this action. That is something the Court brought up on the record at the most recent hearing. (Transcript of Nov. 15, 2007 hearing, filed by defendant Nov. 29, 2007 as exh. to Decl. of Brody, p. 15:17 - 22, p. 16:21 - 24). However, at this point we do not ask that the class members be notified that they can become plaintiff in this action, or that they can contact us, or even that they be given contact information for us, even our names. We ask only that they be notified that their statutes of limitations will commence to run again.

December 12, 2007

Ira Spiro
of Spiro Moss Barness LLP

---

Statement by Counsel for Plaintiff and Putative Cass re Motion to Dismiss
- Case No. 3:07-cv-04109-WHA
2

## DECLARATION OF IRA SPIRO

1. I am an active member of the State Bar of California, authorized to practice in all the state courts of California, and I have been since January 13, 1976. I a member of the Bar of this Court. I am one of the attorneys of record for plaintiff and the putative class. This declaration is based on my personal knowledge. I could and would testify competently to the facts below.

2. Defendant stated in its motion to dismiss (p.5:10 - 120 referring to Mr. Fung's testimony: "The only reasonable inference that can be drawn from Fung's testimony is that as of September 25 he had not consented to having a complaint filed in which he was named as the sole named plaintiff and that he was unaware that his attorneys had filed such a suit". Plainly there are other reasonable explanations, for instance, an explanation that Mr. Fung's testimony was innocently mistaken. I am very, very offended by these allegations by defendant. I take my ethical responsibilities extremely seriously and put a great deal of work into them. For many years I have devoted hundreds and hundreds of volunteer hours to the bar and the courts in matters of legal ethics. Specifics are set out below.

    a. By appointment of the Board of Governors of the State Bar of California, I served a three year term, ending September 2001, on the State Bar's ethics committee, the Standing Committee on Professional Responsibility and Conduct (COPRAC). This is the committee that writes the official ethics opinions of the State Bar, which are often cited by state and federal courts. I was the chair of COPRAC's subcommittee on Alternative Dispute Resolution. I was told I am one of very few applicants to this very sought-after committee to have been appointed to it on my first application.

    b. For approximately eleven years I have been a member of the Professional Responsibility and Ethics Committee of the Los Angeles County Bar Association. This is the committee that writes the official ethics opinions of the Los Angeles County Bar Association, which are often cited by state and federal courts. I have been less active in the committee during the past two years because of increased demands of my practice and my law firm. I hope soon to be active in the committee again.

c.  During approximately 1999 to 2001 I was a member of the committee of 11 lawyers, judges and mediation administrators who, on behalf of the California Judicial Council/Administrative Office of the Courts, met frequently at the Judicial Council offices in San Francisco, and by phone, and wrote the California rules of court governing the professional conduct of mediators in court-connected mediation, Cal. Rules of Court 3.850 et seq.

d.  Approximately in 1998, I began attending meetings of the Alternative Dispute Resolution Committee of the State Bar because of the ethics issues with which it deals. This was at the invitation of one of the committee members, before I was a member of the committee. Later, by appointment of the Board of Governors of the State Bar of California, I served a term as chair of that committee, and served on it for five years, ending approximately in 2002.

e.  I have not engaged in this volunteer work to advance any practice of law in the field of legal ethics – representing or advising others on subjects of legal ethics is not part of my fee-paying practice, although many of my colleagues do call on me often for my thoughts on issues of legal ethics. I believe I have charged approximately $2000 in legal fees on such matters during my 32 years of practicing law, and none for several years. Also, I do not serve as a mediator, arbitrator, or other neutral, except for one mediation in which I was asked by two class action law firms to mediate a fee dispute between them.

3.  I am a 1975 graduate of the law school at the University of California, Berkeley, Boalt Hall. I believe the school did not have a course in legal ethics at the time. I studied legal ethics on my own during my first year of practice and ever since. I remember being intrigued by a continuing education legal ethics seminar I took in my second year of practice. Such seminars and

///

///

///

Statement by Counsel for Plaintiff and Putative Cass re Motion to Dismiss
- Case No. 3:07-cv-04109-WHA

4

my independent and study eventually led to my membership in the above committees.

4.  I received my undergraduate degree at Stanford University, Phi Beta Kappa, where I was a member of the Student Conduct Legislative Committee, a committee that dealt with rules for student ethics and discipline.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on December 12, 2007, at Los Angeles, California.

/s/ Ira Spiro
Ira Spiro

---

Statement by Counsel for Plaintiff and Putative Cass re Motion to Dismiss
- Case No. 3:07-cv-04109-WHA

5