David W. Sanford (pro hac vice pending)
dsanford@nydclaw.com
SANFORD, WITTELS & HEISLER, LLP
1666 Connecticut Ave., NW, Suite 310
Washington, D.C. 20009
Telephone:  202-742-7777
Fax:        202-742-7776

Ira Spiro, State Bar No. 67641, ira@spiromoss.com
Gregory Karasik, State Bar No. 115839, greg@spiromoss.com
SPIRO MOSS BARNESS LLP
11377 W. Olympic Blvd., 5th Floor
Los Angeles, CA 90064
Telephone: 310-235-2468, Fax: 310-235-2456

George R. Kingsley, State Bar No. 38022
Eric. B. Kingsley, State Bar No. 185123, eric@kingsleykingsley.com
Gregory E. Givens, State Bar No. 212348
KINGSLEY & KINGSLEY
16133 Ventura Blvd., Suite 1200
Encino, CA 91436
Telephone: 818-990-8300, Fax: 818-990-2903

Attorneys for Plaintiff and the Putative Class

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIN FUNG, on behalf of himself and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BRISTOL-MYERS SQUIBB COMPANY; E.R. SQUIBB & SONS, LLC; and DOES 1 to 50, Inclusive,<br>  Defendants. | CASE NO. 3:07-cv-04109-WHA<br><br>Assigned to the **Hon. William H. Alsup**<br><br>**DECLARATION OF DIANE KARPMAN RE MOTION TO DISMISS**<br><br>Date: January 3, 2008<br>Time: 11:00 a.m.<br>Judge: Hon. William H. Alsup |

**DECLARATION OF DIANE KARPMAN RE MOTION TO DISMISS**
- Case No. 3:07-cv-04109-WHA

# DECLARATION OF DIANE L. KARPMAN

I, Diane L. Karpman, declare that I am competent to testify that I have personal knowledge of the matters set forth below, and that if called upon to testify, I could and would competently testify as follows:

## I. SUMMARY OF QUALIFICATIONS

1. I am an attorney at law, duly licensed to practice before all the courts of the State of California. I am admitted to all the Federal Districts in California, the Ninth Circuit, and the United States Supreme Court. My business address is 9200 Sunset Boulevard, Penthouse 7, Los Angeles, California 90069.

2. I have been licensed to practice law in the State of California since 1975. I attended Western State University School of Law in Orange County, California.

3. APPOINTMENTS: I am currently a member of the A.B.A. Standing Committee of Professionalism. I am Past Chair of the A.B.A.'s Bureau of National Affairs Editorial Board for the Lawyers' Manual on Professional Conduct; Past President of the Association of Professional Responsibility Lawyers (formerly an affiliate of the A.B.A.); former member of the Commission on Judicial Nominees Evaluation (JNE); former Trustee, Los Angeles County Bar Association; Past-Chair of the L.A.C.B.A.'s Professional Responsibility and Ethics Committee; Chair of Beverly Hills Bar Association Ethics Committee; member of the Members' Consultant Group for the Restatement of the Law of Lawyering; member of the Member's Consultant Group for the American Law Institutes, Principles of Aggregate Litigation; member of the Members' Consultant Group of the A.B.A. Ethics 2000; and a member of the American Law Institute (ALI). I am a State Bar of California Delegate to the A.B.A.'s House of Delegates.

4. ARTICLES: I publish approximately twenty articles annually in the areas of professional responsibility, ethics, and state bar practice. I write a monthly column for the California Bar Journal, Ethics Byte, for the last nine years. Periodicals that have published my articles include the California Lawyer, the L.A. Lawyer, the Daily Journal, the Consumer

1

Attorneys Advocate and Forum, and the A.B.A.'s Professional Lawyer. The Georgetown Journal of Legal Ethics (Winter 2004) includes a book review I authored on the five-volume treatise, Legal Malpractice by Mallen & Smith.

5. PUBLICATIONS AND BOOKS: I am a contributing editor to Matthew Bender's Attorney Ethics (competency and trust accounts); and was an editor of the 1997 update. I am coauthor of Shepard's McGraw/Hill annotated California Lawyer's Guide to Professional Responsibility (1994, 1995, 1996). This book has been incorporated into the Cornell Ethics Project with Professor Roger Cramton. It is online at <www.law.cornell.edu/ethics.>

6. STATE BAR EXPERIENCE: I have been retained on approximately four hundred cases before the State Bar of California in which the issues of lawyer competency and/or misconduct were involved. As a former adjudicative officer of the State Bar Court (Principal Compensated Referee), I have rendered detailed written decisions on more than thirty matters involving lawyer misconduct. I have represented clients from most Southern California counties in State Bar cases. I have appeared before the State Bar Court in both Los Angeles and San Francisco, and have taken cases on appeal to the Supreme Court of California (as second chair), and as lead attorney to the Review Department of the State Bar Court. I am currently representing clients at the Ninth Circuit Court of Appeals.

7. EXPERT WITNESS EXPERIENCE: I have served as an expert witness in matters involving legal malpractice on approximately two hundred occasions.

8. During the funding crisis at the State Bar, my firm operated a pro bono Ethics Faxline for members of the profession. We received ethics inquiries from virtually all parts of the State of California, and referrals from the State Bar, the Los Angeles County Bar, the Riverside County Bar, Alameda County Bar, etc. Eventually, the program received generous grants from the American Bar Association and the Foundation of the State Bar of California.

9. In addition to qualifying as an expert in professional responsibility, I qualify as an expert in contract law (since 1990), and class actions (I represent several firms in representative

2

litigation, and as Los Angeles Superior Court Appointed Legal Ethics consultant in a case).

10. I am a member of the American Law Institutes, Principles of Aggregate Litigation Project, which is engaged in restating the law of representative or class litigation.

11. I am counsel to the firm of Spiro Moss Barness LLP ("Spiro Moss"), and have been outside general counsel for the firm for the last six years.

12. Because ethics issues are intrinsically in representative litigation, I am counsel to several law firms that specialize in this litigation.[1]

13. I consult with the Spiro Moss firm at a minimum of once a week on many different issues and in many different cases, because in class actions, the area in which Spiro Moss practices, ethics issues are rapidly evolving and often unique or undecided in the cases and other and other precedent.[2]

14. Mr. Spiro has consulted me regarding the BMS case and Mr. Fung on at least a dozen occasions. We have exchanged at least twenty-five emails about the issues in the case. We have jointly conducted research regarding privilege issues in California; a lawyer's right to self defense; duties to former clients, and the need to request an in camera review of issues regarding privilege in order to maintain confidentially.

15. The Court stated in its order of November 30, 2007, that Mr. Spiro should be prepared to respond on the "merits to the allegations that Mr. Fung had no knowledge of the existence of this action and that he never authorized any filing."[3]

---

[1] Although my primary focus is ethics, I qualify as an expert in ethics issues in class actions. I am working with the American Law Institutes on a project titled "Principles of Aggregate Litigation." This is a restatement of the law of aggregate or representative litigation. I was appointed by the Los Angeles Superior Court as legal ethics consultant in the Di Flores litigation.

[2] This declaration is not intended it be interpreted to waive attorney-client work product or any other applicable privilege, including claims of privacy which may be asserted by Spiro Moss' clients in this or any other litigation.

[3] Order Denying Counsel's Request Seeking New Plaintiff, 11/30/2007.

16. Mr. Spiro's ability to respond to this Court's reasonable inquiry may be hampered by his duties to Mr. Fung under the attorney-client privilege and attorney-client confidentiality.

17. One of the most important obligation of the lawyer involves the duty to maintain client confidences and secrets pursuant to Business and Professions Code § 6068 (e).

18. All California lawyers are bound by oaths and duties which they swear to uphold on their admission to practice. Some of these oaths and duties are articulated in Business and Professions Code § 6068. Included in this litany are the following duties: to be honest to the court; to maintain just actions; and to not commence or continue actions for corrupt motives.

19. The scope of an attorney's fiduciary duty may be determined as a matter of law based on the Rules of Professional Conduct, which together with statutes and general principles relating to other fiduciary relationships, all help define the duty component of the fiduciary duty that an attorney owes to his or her client.[4]

20. The Local Rules of the Northern District of California have adopted the California Rules of Professional Conduct and the State Bar Act. Civil Local Rule 11-4.

21. The Court is empowered to address the issues it referred to in its November 30 order by an in camera proceeding.

22. In camera proceedings are typically employed by the Courts to protect privilege,[5] and could therefore be useful in the protection of client confidential information.

23. The California Supreme Court has authorized in camera proceedings as a method of protecting client confidences.[6]

---

[4] *Stanley v. Richmond* (1995) 35 Cal. App. 4th 1070.

[5] *Starsight Telecast, Inc. v. Gemstar Development* 158 F.R.D. 650 (N.D. Cal 1994), provides an example of in camera proceeding employed to analyze a privilege log.

[6] *General Dynamics Corp. v. Superior Court* (1994) 7 Cal. 4th 1164.

4

24. In my opinion, based on the documents and emails I have reviewed between Mr. Fung and the attorneys of record for plaintiff and the putative class,[3] the attorneys conducted a good faith investigation of defendant's allegations.

25. On behalf of the firm who first engaged Mr. Fung, attorney Grant Morris, who frequently works with the firm, flew from Washington, D.C. to meet with Mr. Fung in Los Angeles on March 26, 2007, as opposed to cases where a firm might send a paralegal.

26. Several emails were exchanged between the client and lawyers regarding the complaint, before it was filed.

27. None of the "warning flags" that alert lawyers that the client was unsophisticated existed. Mr. Fung has been employed in a relatively sophisticated position, pharmaceutical representative, by more than one pharmaceutical manufacturer, and has been involved in other litigation for overtime for pharmaceutical representatives.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 12th day of December 2007, at Los Angeles, California.

_____
Diane L. Karpman

---

[3] *Fox Searchlight v. Paladino* (2001) 89 Cal. App. 4th 294, in which in-house counsel was permitted to disclose information to her counsel in a pregnancy discrimination case. The case stands for the concept that a lawyer may consult with ethics counsel and that consultation does not impair or endanger client confidentiality.

5