Ira Spiro, State Bar No. 67641, ira@spiromoss.com
Gregory Karasik, State Bar No. 115839, greg@spiromoss.com
SPIRO MOSS BARNESS LLP
11377 W. Olympic Blvd., 5th Floor
Los Angeles, CA 90064
Telephone: 310-235-2468, Fax: 310-235-2456

David W. Sanford (pro hac vice pending)
dsanford@nydclaw.com
SANFORD, WITTELS & HEISLER, LLP
1666 Connecticut Ave., NW, Suite 310
Washington, D.C. 20009
Telephone:    202-742-7777
Fax:          202-742-7776

George R. Kingsley, State Bar No. 38022
Eric. B. Kingsley, State Bar No. 185123, eric@kingsleykingsley.com
Gregory E. Givens, State Bar No. 212348
KINGSLEY & KINGSLEY
16133 Ventura Blvd., Suite 1200
Encino, CA 91436
Telephone: 818-990-8300, Fax: 818-990-2903

Attorneys for Plaintiff and the Putative Class

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| KIN FUNG, on behalf of himself and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BRISTOL-MYERS SQUIBB COMPANY; E.R. SQUIBB & SONS, LLC; and DOES 1 to 50, Inclusive,<br>　　　　　　　　Defendants. | CASE NO. 3:07-cv-04109-WHA<br><br>Assigned to the **Hon. William H. Alsup**<br><br>**COUNSEL FOR (FORMER) PLAINTIFF'S PROPOSED NOTICE TO CLASS AND MODE OF NOTICE**<br><br>Date: December 31, 2007<br>NO HEARING |

1

**A.    ORDER OF DECEMBER 17, 2007**

The Court's order of December 17, 2007 states:

"Defendants' motion to dismiss is granted.  The hearing on this motion is vacated. Plaintiff's counsel must propose a mode of notice calculated to advise putative class members of their rights.  Plaintiff's counsel must pay all costs associated with giving such notice.  Both counsel shall submit a plan of publication and content by December 31, 2007. Plaintiff's counsel is also ordered to make an in camera submission under seal and oath by December 31, 2007, concerning the allegations that Mr. Fung had no knowledge of the existence of this action and that he never authorized any filing."

**B.    IN CAMERA SUBMISSION BY COUNSEL FOR (FORMER) PLAINTIFF SUBMITTED ON DECEMBER 27, 2007**

On December 27, 2007, counsel for (former) plaintiff made the in camera submission.  At least one copy of it should by now have reached the Court's chambers.

**C.    COMMUNICATIONS BETWEEN COUNSEL RE NOTICE TO PUTATIVE CLASS**

On December 26, 2007, the undersigned counsel for (former) plaintiff sent an email to counsel for defendants that reads as follows:

"Harold and Josh . . .

"As you know, the Court has ordered that we submit a joint plan of publication and content of a notice to the putative class members.

"This email states my proposal.  Please email me back with your comments by 9 am on Friday, December 28.

"If you wish to call to discuss, please first try me on my cell phone, 310-413-9177. If you cannot reach me that way, please try my home, 310-287-2007.  If not that way, then try my office, 310-235-2468.  (I have not had a workday off all year, my family is here

visiting from Chicago, so I plan to be out of the office this afternoon and probably Thursday and Friday.  But you should be able to reach me at my cell and home numbers.)

"I propose the notice be done by mailing to each putative class member.

"Your client can provide the mailing list to a third party mailing house, and counsel for plaintiffs need not be shown or given the list.  We have found Kesmail, Inc., 310-970-8041, to be a realiable mailing house.  As you know, the Court has ordered that the cost of mailing be borne by counsel for plaintiff.

"For the content of the notice, my proposal is set out below.

_____

"The following notice has been authorized by the United States District Court for the Northern District of California.

"On June 28, 2007, a lawsuit, alleged as a class action, was filed in the United States District Court for the Northern District of California.

"It alleged that pharmaceutical representatives employed in California by Bristol-Myers Squibb Company or E.R. Squibb & Sons on or after June 28, 2003 were entitled to overtime pay (time and a half) for hours worked in excess of eight per day or 40 per week.  The name of the case was Fung v. Bristol-Myers Squibb Company or E.R. Squibb & Sons etc., case number C 07-04109 WHA.

"The case was dismissed on December 17, 2007.  The Court did not rule on the merits of the case.  That is, the Court made no determination whether or not the pharmaceutical representatives actually are or are not entitled to overtime pay.

"A lawsuit for overtime pay, like the great majority of lawsuits, is subject to a statute of limitations.  That means that if the lawsuit is not filed with the Court within a certain period of time, the claims asserted in the lawsuit will be partially or entirely lost.

"The filing of the Fung case suspended the statute of limitations for pharmaceutical representatives employed in California by Bristol-Myers Squibb Company or E.R. Squibb & Sons on or after June 28, 2003.

"However, beginning with the December 17, 2007 dismissal of the lawsuit, the statute of limitations for those pharmaceutical representatives began to run again.

"This means that any claims for overtime by those pharmaceutical representatives are again subject to being entirely or partially lost because of the statute of limitations.  Therefore, if you are considering filing your own lawsuit for overtime, you should promptly consult an attorney or take other appropriate action.

"Do not contact any judge of the Court in connection with this matter."

In reply, On December 27, 2007, counsel for defendants sent to counsel for (former) plaintiff an email that reads as follows:

"Ira:

"We do not interpet the Court's order as requiring a joint plan of publication/content, but rather that each party should submit their own proposed plan, which we plan to do by December 31.  In any event, we disagree with your proposed method of sending notice, as well as the content of your proposed notice.  Indeed, it continues to be our position that notice is neither required nor necessary.

"Hope you have a nice holiday/new year.

"Josh

"Joshua F. Alloy | PROSKAUER ROSE LLP

"1585 Broadway | New York, NY 10036-8299

"T: 212.969.3351 | F: 212.969.2900

"jalloy@proskauer.com | www.proskauer.com

4

**D.    PROPOSED NOTICE TO PUTATIVE CLASS MEMBERS AND MODE OF NOTICE**

Thus, counsel for (former) plaintiff propose a notice to the putative class members and a mode of notice as stated in the December 26, 2007 email above.  Specifically, counsel for (former) plaintiff propose the following:

**1.    Mode of Notice**

Defendants shall provide a mailing list to the third party mailing house, Kesmail, Inc. Counsel for (former) plaintiff will not be shown or given the list.  The cost of mailing shall be borne by each law firm that is counsel for (former) plaintiff.[1]

**2.    Contents of Notice**

Counsel for (former) plaintiff propose the following as the contents of the notice:

"The following notice has been authorized by the United States District Court for the Northern District of California.

"On June 28, 2007, a lawsuit, alleged as a class action, was filed in the United States District Court for the Northern District of California.

"It alleged that pharmaceutical representatives employed in California by Bristol-Myers Squibb Company or E.R. Squibb & Sons on or after June 28, 2003 were entitled to overtime pay (time and a half) for hours worked in excess of eight per day or 40 per week.  The name of the case was Fung v. Bristol-Myers Squibb Company or E.R. Squibb & Sons etc., case number C 07-04109 WHA.

"The case was dismissed on December 17, 2007.  The Court did not rule on the merits of the case.  That is, the Court made no determination whether or not the pharmaceutical representatives actually are or are not entitled to overtime pay.

---

[1] Counsel for (former) plaintiff have no financial or other interest  in or connection with Kesmail, Inc.  Spiro Moss Barness LLP has used Kesmail, Inc. approximately two or three times in the past, with good results.

Counsel for Plaintiff's Proposed Notice to Class, Mode of Notice –  Case No. 3:07-cv-04109-WHA

1    "A lawsuit for overtime pay, like the great majority of lawsuits, is subject to a statute of

2    limitations.  That means that if the lawsuit is not filed with the Court within a certain period of time,

3    the claims asserted in the lawsuit will be partially or entirely lost.

4    "The filing of the Fung case suspended the statute of limitations for pharmaceutical

5    representatives employed in California by Bristol-Myers Squibb Company or E.R. Squibb & Sons

6    on or after June 28, 2003.

7    "However, beginning with the December 17, 2007 dismissal of the lawsuit, the statute of

8    limitations for those pharmaceutical representatives began to run again.

9    "This means that any claims for overtime by those pharmaceutical representatives are again

10   subject to being entirely or partially lost because of the statute of limitations.  Therefore, if you are

11   considering filing your own lawsuit for overtime, you should promptly consult an attorney or take

12   other appropriate action.

13   "Do not contact any judge of the Court in connection with this matter.

14

15   December 28, 2007                         _____/s/_____

16                                             Ira Spiro
                                              of Spiro Moss Barness LLP

17

18

19

20

21

22

23

24

25

26

27
                                            6