Ira Spiro, State Bar No. 67641, ira@spiromoss.com
Gregory Karasik, State Bar No. 115839, greg@spiromoss.com
SPIRO MOSS BARNESS LLP
11377 W. Olympic Blvd., 5th Floor
Los Angeles, CA 90064
Telephone: 310-235-2468, Fax: 310-235-2456

David W. Sanford (pro hac vice pending)
dsanford@nydclaw.com
SANFORD, WITTELS & HEISLER, LLP
1666 Connecticut Ave., NW, Suite 310
Washington, D.C. 20009
Telephone:   202-742-7777
Fax:         202-742-7776

George R. Kingsley, State Bar No. 38022
Eric. B. Kingsley, State Bar No. 185123, eric@kingsleykingsley.com
Gregory E. Givens, State Bar No. 212348
KINGSLEY & KINGSLEY
16133 Ventura Blvd., Suite 1200
Encino, CA 91436
Telephone: 818-990-8300, Fax: 818-990-2903

Attorneys for Plaintiff and the Putative Class

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIN FUNG, on behalf of himself and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BRISTOL-MYERS SQUIBB COMPANY; E.R. SQUIBB & SONS, LLC; and DOES 1 to 50, Inclusive,<br>            Defendants. | CASE NO. 3:07-cv-04109-WHA<br>Assigned to the **Hon. William H. Alsup**<br><br>**COUNSEL FOR (FORMER) PLAINTIFF'S SUPPLEMENTAL STATEMENT NOTICE TO CLASS AND RE FURTHER IN CAMERA SUBMISSION**<br><br>Date: January 2, 2008<br>NO HEARING |

1

Counsel for Plaintiff's Supp. Statement re Proposed Notice to Class –Case No. 3:07-cv-04109-WHA

1.  Counsel for former plaintiff Fung has read the "Notice" by defendant filed December 31, 2008, regarding notice to the class.

2.  With regard to the questioning in defendant's notice as to whether plaintiff authorized this class action, counsel for former plaintiff will file a second in camera declaration that clarifies their earlier one. The declaration completely satisfies defendant's inquiry. The declaration is complete and signed. I, attorney Spiro, received it today by email from my co-counsel, Mr. Sanford, but because it must be filed under seal and my office is in Los Angeles, it will not reach the Court until approximately Thursday or Friday, January 3 or 4.

3.  Defendant makes a fair point about media publication as opposed to mailing. However, defendant is incorrect about what defendant represents as a lack of publicity about this case. Defendant's statement about Google is incorrect. For example, this morning, January 2, I did a simple Google search, for items with both the words "Bristol" and "Fung" in them, and on the very first page of results I found the following:

> Fung v. Bristol-Myers Squibb Company et al Document 4 - :: Justia Docs
>
> Fung v. **Bristol**-Myers Squibb Company et al Document 4 - Justia - Docs - Free Legal Information - Laws, Blogs, Legal Services, News and More.
>
> docs.justia.com/cases/federal/district-courts/california/candce/3:2007cv04109/194807/4/ -
>
> 11k - Cached - Similar pages

I was not able to open the website in the above Google result, but it gives enough information so that anyone familiar with the websites of federal courts could view the complaint and other papers filed in the case.

4.  The text of the ad proposed by defendant is insufficient and, worse, misleading and incorrect.

5.  Defendant's ad is insufficient because it should at least state something about the nature of the case. That is, in the first paragraph it should state that "the case was for overtime pay." It is unlikely anyone would know that defendants' ad refers to an overtime class action.

2

Counsel for Plaintiff's Supp. Statement re Proposed Notice to Class –Case No. 3:07-cv-04109-WHA

6. Defendant's proposed ad is misleading because, by simply stating that the case was dismissed, it implies to a non-lawyer that the case was dismissed on the merits. It should state that "the Court did not rule whether or not pharmaceutical representatives are or are not entitled to overtime pay."

7. Defendant's proposed ad states incorrect law when it states that the statute of limitations "continues to run as if the case had never been filed." It is elementary that the statute of limitations was suspended while the case was pending. Defendant is, in effect, seeking to have the Court make an order contrary to law. The ad should state, as counsel for former plaintiff proposed, that the statute of limitations began to run anew as of the date of dismissal.

January 2, 2008

                                             Ira Spiro
                                             of Spiro Moss Barness LLP